# UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII
OFFICE OF THE CLERK
300 ALA MOANA BLVD., RM C-338
HONOLULU, HAWAII 96850

**SUE BEITIA**
CLERK

TEL (808) 541-1300
FAX (808) 541-1303

December 28, 2007

## **ELECTRONIC TRANSMITTAL**

Ms. Jeanne G. Quinata
Clerk
Guam District Court
447 United States Courthouse
520 West Soledad Avenue
Hagatna, GU 96910-4950

Re: <u>Electronic Transfer of CV 07-00370 JMS LEK; Paoa v. Marati, et al.,</u>

Madam Clerk,

Attached to this electronic transmission please find enclosed, a PDF copy of the Order Adopting Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation to Grant Defendant Jacqueline A. Marati's Motion To Transfer of Venue, by the Honorable J. Michael Seabright, U.S. District Judge, and filed on December 28, 2007, the Findings and Recommendation to Grant Defendant's Motion to Transfer of Venue, by the Honorable Leslie E. Kobayashi, U.S. Magistrate Judge, and filed on, November 27, 2007, and the Docket.

Please be advised that this case is completely imaged and available through PACER. A copy of the underlying Notice of Removal with attachments may be obtained thru PACER for your convenience.

If you have any questions, please do not hesitate to contact this office. Thank you and Aloha!

Very Truly Yours,

Sue Beitia, Clerk

by ___/s/Gary Santos_____

Gary Santos, Sr. Case Mgr.

cc: All counsel of record

encls.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. 07-00370 JMS/LEK |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING MAGISTRATE |
| | ) | JUDGE LESLIE E. KOBAYASHI'S |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| JACQUELINE A. MARATI, | ) | DEFENDANT JACQUELINE A. |
| LINA'LA SIN CASINO, and DOES | ) | MARATI'S MOTION FOR |
| 1-10, | ) | TRANSFER OF VENUE FILED ON |
| | ) | NOVEMBER 27, 2007 |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S
FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
JACQUELINE A. MARATI'S MOTION FOR TRANSFER OF VENUE
FILED ON NOVEMBER 27, 2007**

On December 11, 2007, Plaintiff Hoolae Paoa ("Plaintiff") filed

Written Objections to Magistrate Judge Kobayashi's November 27, 2007 Findings

and Recommendation to Grant Defendant's Motion for Transfer of Venue

("Written Objections"). After considering the Written Objections and Defendant

Jacqueline Marati's ("Defendant")[1] Response, reviewing the entire record, and

applying a clearly erroneous standard of review, the court ADOPTS Magistrate

Judge Kobayashi's November 27, 2007 Findings and Recommendation to Grant

---

[1] Default judgment was entered against Defendant Lina'la Sin Casino on July 3, 2007.

Defendant's Motion for Transfer of Venue ("November 27, 2007 F&R").

## I. <u>BACKGROUND</u>

Plaintiff asserts claims of defamation, invasion of privacy, and intentional infliction of emotional distress stemming from a press release drafted by Defendant. *See* Def.'s Ex. A.[2]

In July 2006, a petition drive was held in Guam to certify an initiative for the November 2006 election to legalize the operation of slot machines in a facility known as the Guam Greyhound. Marati Decl. ¶ 6. Defendant drafted an article regarding the proponents of this initiative titled "Greyhound Backers Part of Group Fined $622,820 in DC Signature Buying Scheme for Slot Legalization[;] Group Denied or Failed to Obtain Gambling Licenses in <u>5 States</u> Due to Financial Irregularities." Def.'s Ex. 1, attached to Marati Decl. In the article, Defendant identified Plaintiff as one of the initiative's proponents, and described him as "a convicted felon with a history of convictions since 1978. Offenses include thefts, domestic violence and assault, criminal contempt of court." *Id.*

Plaintiff filed this action in Hawaii state court on August 4, 2006, and was subsequently removed to this court on July 11, 2007. On October 17, 2007, Defendant filed a Motion for Transfer of Venue. On November 9, 2007, Plaintiff

_____

[2] All exhibits and declarations cited herein were submitted by the parties in support of or opposition to Defendant's Motion for Transfer of Venue.

2

filed an Opposition, and on November 16, 2007, Defendant filed a Reply. In her November 27, 2007 F&R, Magistrate Judge Kobayashi found that transfer to Guam is appropriate. Plaintiff filed his Written Objections on December 11, 2007, and Defendant responded on December 14, 2007.

## II. <u>STANDARD OF REVIEW</u>

Neither party addresses the proper standard of review for the November 27, 2007 F&R. The court determines that it must review of November 27, 2007 F&R for clear error.

Generally, 28 U.S.C. § 636(b)(1)(A) allows the court to designate a magistrate judge to determine any pretrial matter except for certain dispositive motions. A party may appeal a magistrate judge's determination of a pretrial nondispositive matter to the district court, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); Local Rule ("L.R.") 74.1, and the district court "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." L.R. 74.1. A district court may also designate a magistrate judge to hear those dispositive motions excluded from 28 U.S.C. § 636(b)(1)(A) and submit proposed findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B); *see also* L.R. 74.2. A magistrate judge's findings pursuant to 28 U.S.C. § 636(b)(1)(B) are subject to de novo review by the court. L.R. 74.2.

3

Transfers of venue are not one of the named exceptions in 28 U.S.C. § 636(b)(1)(A).  Further, an order transferring venue does not address the merits of the parties' claims.  *See* Fed. R. Civ. P. 41(b) (stating that an involuntary dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits").  Granting a motion to transfer venue does not terminate a case within the federal court system.  Instead, it simply results in a transfer to another district court.  Accordingly, the court can reject the November 27, 2007 F&R only if it is clearly erroneous or contrary to law.  Several courts agree.  *See Williams Advanced Materials, Inc. v. Target Tech. Co.*, 2007 WL 2245886, at *3 (W.D.N.Y. Aug. 1, 2007) ("An order to change venue is a non-dispositive order that is reviewed under a 'clearly erroneous or contrary to law' standard."); *Goel v. Patni Computer Sys., Inc.*, 2007 WL 1725287, at *2 (C.D. Ill. June 13, 2007) ("Like discovery motions, a motion to transfer venue is a non-dispositive pre-trial matter which is reviewed under the 'clearly erroneous' standard."); *Leath v. Florida*, 2007 WL 656542, at *1 (N.D. Fla. Feb. 28, 2007) ("Transfers of venue in a case are not one of the named exceptions in the statute or the local rule.  Thus, because a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority." (citation

4

omitted)); *Silong v. United States*, 2006 WL 948048, at *1 n.1 (M.D. Fla. Apr. 12, 2006) ("A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Shenker v. Murasky*, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV-3, Inc.*, 141 F.R.D. 697, 697 (W.D. La. 1991) ("Since [a Motion to Transfer Venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.").

   The threshold of the "clearly erroneous" test is high. *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (citation and quotation signals omitted)); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed" (citation and quotation signals omitted)); *accord*

5

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

## III.  DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).[3]  In determining whether the convenience of parties and the interest of justice requires transfer of venue, the Ninth Circuit has articulated several factors that the district court may consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums,

---

[3]  Even though Plaintiff largely devoted his Opposition to Defendant's Motion for Transfer of Venue to arguing that venue is proper in Hawaii, that is not the relevant issue. Rather, the question presented in Defendant's Motion and on appeal here is whether the convenience of the parties and the interest of justice requires transfer of venue to the District of Guam.

6

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Further, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing."  *Id.* at 499.

"Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge."  *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Jones*, 211 F.3d at 498 ("[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." (quotations omitted)).  A motion to transfer venue should be granted where the defendant "make[s] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Based on the evidence presented to her, Magistrate Judge Kobayashi weighed the relevant factors to determine that Defendant's Motion for Transfer of Venue should be granted.  Specifically, Magistrate Judge Kobayashi found that:

> [Defendant's] arguments that the witnesses are predominately from Guam or Saipan, the events giving rise to the claims in the instant action took place in Guam, and that the substantive law of Guam may have to be applied support finding in

7

> [Defendant's] favor on four of the eight factors; namely, that
> Guam is the district that is most familiar with the governing
> law, the respective parties' contacts with the District of Guam
> are substantively more than any contacts with the District of
> Hawai'i, the lack of available compulsory process to compel
> many (if not most) of the witnesses' attendance if the trial was
> held in the District of Hawai'i, and the differences in the cost of
> litigation in the two forums.

Nov. 27, 2007 F&R 11. Magistrate Judge Kobayashi found only two factors --

Plaintiff's choice of forum, and the ease of access for Plaintiff to sources of proof

-- weighed in favor of Plaintiff; the remaining factors were, at best, neutral. *Id.*

Plaintiff argues that the November 27, 2007 F&R was in error

because: (1) none of the factors support a "strong showing" in favor of transfer; (2)

the court should apply *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060 (D.

Haw. 2000) to deny transfer of venue; and (3) Hawaii has a strong interest in this

case. The court addresses each of these arguments to find that the November 27,

2007 F&R was not clearly erroneous or contrary to law.

First, the November 27, 2007 F&R was not clearly erroneous in

finding that Defendant made a strong showing in favor of transfer. In determining

that Guam is the district that is most familiar with the governing law, the

November 27, 2007 F&R found that the law of Guam may have to be applied.

While the November 27, 2007 F&R did not perform a choice of law analysis,

Defendant presented evidence that two related cases are pending in Guam, and may

8

require applying Guam law here.  *See* Def.'s Mot. to Transfer Venue 10.  Based on the arguments and evidence presented,[4] the court cannot find that the November 27, 2007 F&R was clearly erroneous in considering this factor in favor of transfer, and more importantly, finding that *overall* the factors warrant transfer.

The respective parties' contacts with the District of Guam versus the District of Hawaii weigh in favor of transfer.  Defendant resides in Guam, and the evidence (while disputed) indicates that Plaintiff has contacts in Guam, and resides in Saipan.[5]  Plaintiff's reliance on the fact that Defendant has sufficient contacts to warrant personal jurisdiction in Hawaii unavailing.  Rather, the relevant inquiry is whether *both* parties' contacts *favor* one venue over another.

Further, the comparative costs of litigating in Hawaii versus Guam favor Guam because most of the witnesses are located in Guam and/or Saipan. Plaintiff does not dispute this fact, and instead argues that pursuant to *Miracle*,

---

[4]  Because both parties only briefly addressed the choice of law analysis, the court leaves this issue unresolved.  *See DeRoburt v. Gannett Co.*, 558 F. Supp. 1223, 1226 (D. Haw. 1983) ("The dominant contacts test [adopted in Hawaii] favors the state which has the 'most significant relationship to the occurrence and the parties.'" (*quoting* Restatement (Second) of Conflict of Laws § 145(1)); *Hanley v. Tribune Publ. Co.*, 527 F.2d 68, 70 (9th Cir. 1975) (noting that in a defamation action, the factors under Restatement (Second) of Conflict of Laws § 145 generally call for application of the law of plaintiff's domicile).

[5]  Plaintiff argues that he "has 'no contacts with Guam[,'] has only traveled to Guam for 'layovers,' and has no involvement in 'Guam politics or any plan to legalize casino type slot machines.'"  Written Obj. 6.  In contrast, Defendant states that Plaintiff participated in a meeting in Guam that recruited Guam residents to promote the legalization of slot machines, and resides in Saipan.  *See* Def.'s Response 7-8.  Given this conflicting evidence, the court cannot say that the November 27, 2007 F&R was clearly erroneous.

9

Defendant must prove that the cost of litigating in Plaintiff's forum would be "prohibitively expensive." Written Obj. 7. *Miracle* does not support Plaintiff's narrow reading. Rather, *Miracle* found that Defendants "failed to demonstrate that it would be prohibitively expensive *or difficult* for Defendants to travel to Hawaii" where one Defendant is a large corporation that "could more easily travel to Hawaii to litigate than could Plaintiff travel to New York."[6] *Miracle*, 87 F. Supp. 2d at 1073 (emphasis added).

Finally, the lack of available compulsory process to compel many of the witnesses' attendance if the trial is in Hawaii also weighs in favor of transfer. The court disagrees with Plaintiff's argument that "it would be more of an undue burden for compulsory process for this case to be removed to Guam than [Hawaii]" as unsubstantiated by any evidence. *See* Written Obj. 8. Plaintiff submitted no affidavits or declarations to support this statement in his Opposition to Plaintiff's Motion for Transfer of Venue, *see* Nov. 27, 2007 F&R 10, and none with his Written Objections. Given the factors weighing in favor of transfer, Plaintiff has failed to prove that the November 27, 2007 F&R's balancing of them to determine that Defendant made a strong showing for transfer to Guam was clearly erroneous

_____

[6] Even if the court accepted Plaintiff's argument, the November 27, 2007 F&R at 12 found that Defendant "has demonstrated that litigating in Hawaii would be expensive and difficult, which for an individual or small business would make it prohibitive."

10

or contrary to law.

Second, the court rejects Plaintiff's argument that *Miracle* requires that this action stay in Hawaii. The November 27, 2007 F&R properly considered and distinguished *Miracle* on its facts. In *Miracle*, plaintiff brought an action in Hawaii for defamation against the New York Post and columnist Cindy Adams regarding an article which allegedly accused plaintiff of social security fraud. *Miracle*, 87 F. Supp. 2d at 1063. Defendants moved to transfer the action to New York because most of the witnesses were located in that district, the Post is primarily distributed in New York, and it would be expensive for Defendants to travel to Hawaii. The court denied transfer because "assertions regarding monetary expense and difficulty alone" were unpersuasive. *Id.* at 1073-74. The November 27, 2007 F&R properly distinguished *Miracle* on the basis that Defendant is an individual as opposed to a large company such that litigating in Hawaii would be prohibitively expensive. Nov. 27, 2007 F&R 12. Further, unlike *Miracle*, expense and difficulty are not the only factors weighing in favor of transfer here. Rather, the November 27, 2007 F&R found that transfer is appropriate for the additional reasons that Guam law may apply, and lack of available compulsory process in Hawaii. Because each transfer of venue analysis requires an "individualized, case-by-case consideration of convenience and fairness," the court finds no clear

11

error.  *See Jones*, 211 F.3d at 498.

Third, the court rejects Plaintiff's argument that Hawaii has a strong interest in this action such that a transfer the action to Guam is inappropriate.  The November 27, 2007 F&R considered this argument, but nonetheless found that the factors discussed above each weigh strongly in favor of transfer.  *See* Nov. 27, 2007 F&R 9 (reciting Plaintiff's arguments).  Even if Hawaii does have an interest in this action,[7] the November 27, 2007 F&R did not err in finding that transfer is appropriate based on its findings that Guam law may apply, the parties have substantively more contacts with Guam than Hawaii, Hawaii may be unable to compel witnesses' attendance, and litigating in Hawaii would be prohibitive.

///

///

///

///

///

///

---

[7] Hawaii has "a strong interest in providing a means of redress for its residents who are tortiously injured."  *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1070 (D. Haw. 2000).  Plaintiff's residency remains unclear, such that Hawaii may not have a strong interest in this action.  In his Complaint, Plaintiff stated that he resided in Hawaii, but in response to interrogatories, stated that he "is currently a resident of Saipan."  Def.'s Ex. B.

12

# IV.  CONCLUSION

The court therefore ADOPTS Magistrate Judge Leslie E. Kobayashi's November 27, 2007 F&R.  As a result, this action is ORDERED transferred to the District of Guam.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 28, 2007.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Paoa v. Marati, et al.*, Civ. No. 07-00370 JMS/LEK, Order Adopting Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation to Grant Defendant Jacqueline A. Marati's Motion for Transfer of Venue Filed on November 27, 2007

13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

HOOLAE PAOA,                    )       CIVIL NO. 07-00370 JMS-LEK
                               )
        Plaintiff,             )
                               )
    vs.                        )
                               )
JACQUELINE A. MARATI, ET AL.,  )
                               )
        Defendants.            )
_____)

**FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

Before this Court, pursuant to a designation by United

States District Judge J. Michael Seabright, is Defendant

Jacqueline A. Marati's ("Marati") Motion For Transfer of Venue

("Motion"), filed October 17, 2007. Plaintiff Hoolae Paoa

("Plaintiff") filed his memorandum in opposition to the Motion on

November 9, 2007, and Marati filed her reply memorandum on

November 16, 2007. The Court finds this matter suitable for

disposition without a hearing pursuant to Rule LR7.2(d) of the

Local Rules of Practice of the United States District Court for

the District of Hawai`i ("Local Rules"). After careful

consideration of the Motion, supporting and opposing memoranda,

and the relevant legal authority, the Court HEREBY FINDS AND

RECOMMENDS that Marati's Motion be GRANTED for the reasons set

forth below.

**BACKGROUND**

In July 2006, there was a petition drive in Guam to

certify an initiative for the November 2006 election.  The
proposed initiative would legalize the operation of slot machines
in a facility known as the Guam Greyhound.  Defendant Lina'la Sin
Casino[1] ("Lina'la") conducted an investigation into the
backgrounds of the initiative and its organizers.  Defendant
Jacqueline A. Marati ("Marati"), a member of Lina'la, wrote a
press release discussing the background and history of the owners
of the Guam Greyhound and the proponents of the initiative.  The
title of the press release states:

GREYHOUND BACKERS PART OF GROUP FINED
$622,820 IN DC SIGNATURE BUYING SCHEME FOR
SLOT LEGALIZATION

GROUP DENIED OR FAILED TO OBTAIN GAMBLING
LICENSES IN 5 STATES DUE TO FINANCIAL
IRREGULARITIES

[Motion, Exh. 1 to Decl. of Jacqueline A. Marati, at 1 (emphasis
in original).]  The press release states that the individuals
behind the Guam petition drive "have a history of coming in to a
distressed race track facility, financing a rushed signature
buying drive, getting the slots legalized and then selling the
property."  [Id.]  The press release identifies Plaintiff as one
of these individuals and states that he was in Guam to organize
the petition drive and that he "is a convicted felon with a

---

[1] Lina'la Sin Casino, which means Life Without Casinos, is a
Guam non-profit organization whose purpose is to lobby, campaign,
and oppose attempts to legalize gambling in Guam.

2

history of convictions since 1978.  Offenses include thefts, domestic violence and assault, criminal contempt of court." [<u>Id.</u> at 2.]

On August 4, 2006, Plaintiff commenced the instant action against Marati and Lina'la (collectively "Defendants") in the First Circuit Court for the State of Hawai`i.  The Complaint alleges that Defendants circulated the press release in Guam and Hawai`i and that it:

> falsely alleged that Plaintiff committed acts of moral turpitude and violated the law.  The press release also included numerous false and defamatory allegations that other individuals associated with Plaintiff had participated in fraudulent schemes to legalize gambling, with the intention that these false and defamatory statements be imputed to Plaintiff's actions and character, and to falsely imply that Plaintiff was participating in a fraudulent or unlawful scheme to legalize gambling in Guam.

[Complaint at ¶ 6.]  The Complaint alleges claims for defamation, false light - invasion of privacy, and intentional infliction of emotional distress.  Plaintiff seeks general, special, and punitive damages, prejudgment interest, attorney's fees and costs, and any other appropriate relief.

On September 5, 2006, Marati filed a motion to dismiss for lack of personal jurisdiction and improper venue, which the state court denied on January 26, 2007.  On July 11, 2007, Marati removed the case to federal court on the basis of diversity jurisdiction.

3

Marati filed the instant Motion on October 17, 2007, requesting a transfer of venue to the District of Guam.

**STANDARD**

Section 1404(a) of Title 28 of the United States Code governs venue. It provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[2] The purpose of the section is to "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)). Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc.

---

[2] 28 U.S.C. § 1391(a) states:
> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

4

<u>v. Ricoh Corp.</u>, 487 U.S. 22, 27 (1988) (citation and internal quotation marks omitted).

The Ninth Circuit has stated that courts must weigh multiple factors in considering a motion for change of venue. See <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th Cir. 2000). These factors include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

<u>Id.</u> at 498-99 (internal footnotes omitted).

## DISCUSSION

Marati argues that venue is properly in the District of Guam because Plaintiff could have brought the instant action in Guam since Defendants both reside in Guam and the events giving rise to Plaintiff's claims occurred in Guam. Marati contends that a transfer of venue is proper because Hawai`i is an inconvenient forum for all parties and witnesses involved. Litigating the case in Hawai`i will place a heavy burden on Marati because she lives and works in Guam, which is 3,815 miles from Hawai`i. Further, Plaintiff currently lives is Saipan, which is only 138 miles from Guam. He is also the manager of

5

Tumon Partners, LLC, which has its principal place of business in Saipan and is involved in transactions concerning Guam. The cost of travel between Guam and Saipan is significantly less than that between Hawai`i and Saipan.[3] Marati therefore argues that Guam would be a more convenient forum for her and for Plaintiff.

Marati also argues that the convenience of the non-party witnesses is paramount and strongly favors transfer to Guam. Plaintiff identified thirty-two non-expert witnesses in his pretrial statement, one of whom is a representative(s) of Lina'la. [Exh. C to Motion at 5-9.] Marati states that all of Lina'la's members reside in Guam. Plaintiff did not provide addresses for the witnesses that he listed however, based on a comparison with the witnesses Marati identified in her pretrial statement, [Exh. D to Motion at 5-12,] the majority of Plaintiff's witnesses are from Guam and two are from Saipan. Marati contends that Plaintiff did not name any witnesses from Hawai`i. Marati identified forty non-expert witnesses, thirty-six of whom reside in Guam and two of whom reside in Saipan. The other two are custodians of records in Honolulu. Marati also notes that the district court's subpoena power only extends 100 miles. Thus, if this case goes to trial, many witnesses may be

---

[3] According to Marati, a round-trip flight between Guam and Saipan takes one hour and costs $229.40. A round-trip between Guam and Hawai`i takes fifteen hours and thirty minutes and costs $1,450.00. [Mem. in Supp. of Motion at 6 n.2.]

6

unavailable and the parties will have to incur significant expense to preserve those witnesses' testimony.

Marati further argues that the interests of justice favor transfer. The public interest factors weigh in favor of transfer because the instant case arose from the press release which related to an initiative for the November 2006 election in Guam. Thus, none of the events which gave rise to Plaintiff's claims occurred in Hawai`i, nor did the issues concern Hawai`i residents. Marati argues that the citizens of Hawai`i have no connection to this case and that it would be unfair to impose jury duty upon the people of Hawai`i. She also notes that there are two related cases pending in the Superior Court of Guam, <u>Greyhound, et al. v. Marati</u>, Civil No. 0959-06, and <u>Greyhound, et al. v. Brizill</u>, Civil No. 0960-06.[4] In addition, even if the district court retains the case, it may have to apply Guam substantive law. Transfer is therefore appropriate to avoid

_____

[4] In Civil No. 0959-06, Guam Greyhound and John Baldwin sued Marati alleging virtually identical claims as those raised in the instant case. Marati filed a motion to dismiss their complaint for failure to state a claim upon which relief may be granted based on Guam's anti-SLAPP statute, which she alleges immunizes her from liability because she was engaged in speech that is protected under the statute. The motion was still pending when Marati filed the Motion.

In Civil No. 0959-06, Guam Greyhound and Baldwin sued Dorothy Brizill, the head of a community watch group, for defamation and libel based on Marati's press release and Brizill's comments regarding the slot machine initiative. The trial court granted Brizill's motion to dismiss based on the anti-SLAPP statute.

7

inconsistent rulings.

Marati additionally argues that the private interest factors favor transfer. She argues that the party and non-party witnesses would face considerable burdens of time and expense traveling to Hawai`i. There is a sixteen-hour time difference between Hawai`i and Guam and Marati argues that coordinating all of the schedules of the out-of-state witnesses will interfere with the expedient litigation of this case. Thus, it would be more efficient and expeditious to litigate the case in Guam.

Finally, Marati notes that the relative access to sources of proof and the possibility of viewing the subject premises are inapplicable.

Plaintiff filed his memorandum in opposition on November 9, 2007. He emphasizes that the state court denied Marati's motion to dismiss for lack of personal jurisdiction and improper venue and he argues that the instant Motion is an attempt "to circumvent the [state court's] prior ruling and to re-litigate the issue of whether venue is proper in Hawai`i." [Mem. in Opp. at 2.] Plaintiff devotes the majority of his memorandum to arguments regarding the propriety of venue in Hawai`i. The instant Motion, however, does not argue that venue is improper in Hawai`i, but merely that venue is more appropriate in Guam. See, e.g., Mem. in Supp. of Motion at 3 ("a Court may transfer a properly laid action to another federal forum if (1)

8

the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice and (2) if the action could have been brought in the transferee court." (emphasis added) (citation and quotation marks omitted)).

Although Marati alleges that the press release was only sent to Guam persons and entities, Plaintiff argues that at least one of the Guam businesses is headquartered in Hawai`i and that Defendants sent the press release to residents of, or persons in, Hawai`i. Further, Defendants intended that the media accounts be republished or rebroadcasted in Hawai`i and that accounts posted in the internet be read by persons in Hawai`i. He also notes that several, if not all, of the news media entities that received and reported on the press release have a large number of subscribers or readers in Hawai`i. Thus, Plaintiff argues that he was damaged in Hawai`i because he is from Hawai`i and was living there during the relevant time period. He contends that the State of Hawai`i has a compelling interest in providing redress when its residents are tortiously injured.

Plaintiff states that most, if not all, of the potential witnesses regarding damages either are Hawai`i residents or travel to Hawai`i regularly. Jim Baldwin, Vicki Scott, Howard Kihune, and Sidney Fuke are Hawai`i residents. John Baldwin is a Saipan resident who travels to Hawai`i regularly, as does Shawn Scott, who is apparently not a

9

resident of either Hawai`i, Guam, or Saipan. [Mem. in Opp. at 10 n.3.] Thus, Plaintiff argues that it would not be prohibitively expensive or difficult to litigate the case in Hawai`i and that Marati has not demonstrated that the inconvenience of litigating in Hawai`i warrants upsetting Plaintiff's choice of forum.

Marati filed her reply on November 16, 2007. She states that Plaintiff's arguments are misplaced because the Motion does not seek dismissal based on improper venue. For purposes of the Motion, Marati does not contest that venue is proper in Hawai`i (although she reserves the right to appeal the denial of the motion to dismiss). Marati seeks a discretionary transfer of venue based on the convenience of the parties and witnesses and the interests of justice. Marati reiterates that the weight of the relevant factors favors transfer to Guam. The fact that Plaintiff resided in Hawai`i at the time of the claim is not a factor in this determination. Marati points out that Plaintiff did not address the argument that his residence in Saipan makes litigation in Guam more convenient. Although Plaintiff asserts that some of his potential witnesses reside in Hawai`i, he provides no affidavits or declarations to this effect. In particular, John Baldwin is already a plaintiff in two actions in Guam. Further, Plaintiff did not address the other factors relevant to a transfer of venue.

10

Marati puts forth several reasons favoring many of the factors that this Court must consider in order to determine whether or not to transfer venue.  Marati's arguments that the witnesses are predominately from Guam or Saipan, the events giving rise to the claims in the instant action took place in Guam, and that the substantive law of Guam may have to be applied support findings in her favor on four out of the eight factors; namely, that Guam is the district that is most familiar with the governing law, the respective parties' contacts with the District of Guam are substantially more than any contacts with the District of Hawai`i, the lack of available compulsory process to compel many (if not most) of the witnesses' attendance if the trial was held in the District of Hawai`i, and the differences in the cost of litigation in the two forums.

There are two factors which favor Plaintiff's position, and these are the plaintiff's choice of forum, and the ease of access for Plaintiff to sources of proof.

The two remaining factors, the location where the relevant agreements were negotiated and executed, and the contacts relating to the plaintiff's cause of action in the chosen forum, are neutral at best.  There does not appear to be any issue involving relevant agreements being negotiated and, since Plaintiff's cause of action stems from a press release which can be disseminated world-wide through the internet, an

11

argument can be made for either forum.

It is clear that Marati "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" <u>Resnick v. Rowe</u>, 283 F. Supp. 2d 1128, 1144 (D. Hawai'i 2003) (quoting <u>Miracle v. N.Y.P. Holdings, Inc.</u>, 87 F. Supp. 2d 1060, 1073 (D. Hawai'i 2000)).  The Court finds that she has done so.  Unlike the defendant in <u>Miracle</u>, Marati is not a large corporation that is better able to bear the burden of litigating in a distant forum.  This Court concludes that Marati has demonstrated that litigating in Hawai'i would be expensive and difficult, which for an individual or small business would make it prohibitive.

<u>**CONCLUSION**</u>

In accordance with the foregoing, this Court HEREBY FINDS AND RECOMMENDS that the district judge GRANT Marati's Motion For Transfer of Venue, filed October 17, 2007.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, November 26, 2007.



        /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**HOOLAE PASO V. JACQUELINE A. MARATI; CIVIL NO. 07-00370 JMS-LEK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR TRANSFER OF VENUE**

12

CLOSED

# U.S. District Court
## District of Hawaii - CM/ECF V3.04 (3/07) (Hawaii)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00370-JMS-LEK
## Internal Use Only

Paoa v. Marati et al
Assigned to: JUDGE J. MICHAEL SEABRIGHT
Referred to: JUDGE LESLIE E KOBAYASHI
Case in other court: Circuit Court, First Circuit, Hawaii, CV
      06-00001-58-00008 KSSA
Cause: 28:1441 Petition for Removal- Tort/Non-Motor Vehicle

Date Filed: 07/11/2007
Date Terminated: 12/28/2007
Jury Demand: Plaintiff
Nature of Suit: 320 Assault Libel &
Slander
Jurisdiction: Diversity

**Plaintiff**

**Hoolae Paoa**                    represented by **Bruce D. Voss**
Bays Deaver Lung Rose & Holma
Alii Place
1099 Alakea St 16th Flr
Honolulu, HI 96813
523-9000
Email: bvoss@legalhawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael C. Carroll**
Bays Deaver Lung Rose & Holma
Alii Place
1099 Alakea St 16th Flr
Honolulu, HI 96813
523-9000
Email: mcarroll@legalhawaii.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jacqueline A. Marati**              represented by **Laura A. Kuioka**
Fukunaga Matayoshi Hershey & Ching
Davies Pacific Center
841 Bishop St Ste 1200
Honolulu, Hi 96813
792-4818
Fax: 531-7585

Email: lak@fmhc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leslie R. Kop**
Fukunaga Matayoshi Hershey & Ching
Davies Pacific Center
841 Bishop St Ste 1200
Honolulu, Hi 96813
533-4300
Email: lrk@fmhc-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lina'La Sin Casino**

**Defendant**

**Does 1-10**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2007 | 1 | NOTICE OF REMOVAL by Jacqueline A. Marati from First Circuit, HI, case number CV 06-1-1358-08 KSSA. ( Filing fee $ 350), filed by Jacqueline A. Marati. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service# 4 Civil cover sheet)(gls, ) (Entered: 07/12/2007) |
| 07/11/2007 | 2 | Order Setting Rule 16 Scheduling Conference for 09:00AM on 10/15/2007 before JUDGE LESLIE E KOBAYASHI.. Signed by Judge HELEN GILLMOR on 7/11/07. (gls, ) (Entered: 07/12/2007) |
| 07/11/2007 | 3 | Filing fee: $ 350.00, receipt number 240141 (gls, ) (Entered: 07/12/2007) |
| 07/19/2007 | 4 | EO: Status Conference set for 8/6/2007 11:00 AM before JUDGE J. MICHAEL SEABRIGHT. (Judge J. MICHAEL SEABRIGHT )(edm, ) (Entered: 07/19/2007) |
| 08/03/2007 | 5 | MOTION to Remand to State Court by Hoolae Paoa. (Attachments: # 1 Memorandum in Support of Motion# 2 Certificate of Word Count# 3 Declaration of Michael C. Carroll# 4 Exhibit A # 5 Certificate of Service)(Carroll, Michael) Modified on 8/6/2007 to correct the descriptions of the attachments (gls, ). (Entered: 08/03/2007) |
| 08/06/2007 |  | (Court only) Judge's Courtesy Copies re 5 MOTION to Remand to State Court filed by Hoolae Paoa submitted to Judge LESLIE E KOBAYASHI. (afc) (Entered: 08/06/2007) |
| 08/06/2007 | 6 | EO: COURT'S ORDER Re: Deadlines re 5 MOTION to Remand to State Court. Motions Taken Under Advisement: 5 MOTION to Remand to State Court. (Judge LESLIE E KOBAYASHI )(wnn, ) (Entered: 08/06/2007) |

| 08/06/2007 | ⊙7 | EP: Status Conference held on 8/6/2007. (Court Reporter Gloria Bediamol.) (Judge J. MICHAEL SEABRIGHT )(edm, ) (Entered: 08/07/2007) |
|---|---|---|
| 08/20/2007 | ⊙8 | MEMORANDUM in Opposition re 5 MOTION to Remand to State Court filed by Jacqueline A. Marati. (Attachments: # 1 Declaration of Laura A. Kuioka# 2 Exhibit A# 3 Exhibit B# 4 Certificate of Service)(Kuioka, Laura) (Entered: 08/20/2007) |
| 08/20/2007 | ⊙ | (Court only) Judge's Courtesy Copies re 8 Memorandum in Opposition to Motion filed by Jacqueline A. Marati submitted to Judge LESLIE E KOBAYASHI. (lmg, ) (Entered: 08/20/2007) |
| 08/21/2007 | ⊙ | (Court only) ***Staff notes - Counsel Laura Kuioka called to inquire why she was not getting NEFs. Advised counsel to go to "User Accounts" and update email information. Although the counsel's address in this case docket is correct but lacked an email address, the "User Account database" still has her firm as Corporation Counsel. Counsel advised to file an "Attorney Change of Address/Firm". Automation/Lionel advised. (ecs, ) (Entered: 08/21/2007) |
| 09/04/2007 | ⊙9 | REPLY to Response to Motion re 5 MOTION to Remand to State Court filed by Hoolae Paoa. (Carroll, Michael) (Entered: 09/04/2007) |
| 09/04/2007 | ⊙ | (Court only) Judge's Courtesy Copies re 9 Reply to Response to Motion filed by Hoolae Paoa submitted to Judge LESLIE E KOBAYASHI. (bbb, ) (Entered: 09/04/2007) |
| 09/11/2007 | ⊙10 | FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE 5 PLAINTIFF'S MOTION TO REMAND. Objections to R&R due by 9/25/2007. Signed by Judge LESLIE E KOBAYASHI on 9/11/07. (afc) [Court RECOMMENDS that the district court permit Marati to amend her Notice of Removal to properly state the citizenship of the parties by no later than October 12, 2007. This Court further RECOMMENDS that if Marati fails to timely amend her Notice, that Plaintiff be permitted to file a renewed motion for remand consistent with the foregoing findings] (Entered: 09/11/2007) |
| 09/11/2007 | ⊙ | COURT'S CERTIFICATE of Service - a copy of 10 the FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND, has been served upon all counsel of record who, as Registered Participants of CM/ECF, received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). Proposed Order and F&R served upon the Chambers of Judge J. Michael Seabright via e-mail address: seabright_orders@hid.uscourts.gov. (afc) (Entered: 09/11/2007) |
| 09/25/2007 | ⊙11 | REPORT of Planning Meeting *of the Parties; Certificate of Service* by Hoolae Paoa. (Carroll, Michael) (Entered: 09/25/2007) |
| 09/25/2007 | ⊙ | (Court only) Judge's Courtesy Copies re 11 Report of Planning Meeting filed by Hoolae Paoa submitted to Judge LESLIE E KOBAYASHI. (lmg, ) (Entered: 09/25/2007) |
| 09/26/2007 | ⊙12 | AMENDED DOCUMENT by Jacqueline A. Marati. *Amended Notice of Removal*. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Certificate of Service)(Kuioka, Laura) (Entered: 09/26/2007) |

| 10/02/2007 | 13 | ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATION for 10 , 5 . Signed by Judge J. MICHAEL SEABRIGHT on 10/2/07. (gls, ) (Entered: 10/02/2007) |
|---|---|---|
| 10/02/2007 |  | COURT'S CERTIFICATE of Service - a copy of 13 Order Adopting Magistrate's Findings and Recommendations has been served on: 10/2/07. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (gls, ) (Entered: 10/02/2007) |
| 10/03/2007 | 14 | Scheduling Conference Statement ; *Certificate of Service* by Hoolae Paoa. (Carroll, Michael) (Entered: 10/03/2007) |
| 10/04/2007 |  | (Court only) Judge's Courtesy Copies re 14 Scheduling Conference Statement filed by Hoolae Paoa submitted to Judge LESLIE E KOBAYASHI. (lmg, ) (Entered: 10/04/2007) |
| 10/08/2007 | 15 | Scheduling Conference Statement by Jacqueline A. Marati. (Attachments: # 1 Certificate of Service)(Kuioka, Laura) (Entered: 10/08/2007) |
| 10/15/2007 | 16 | EP: Rule 16 Scheduling Conference held on 10/15/2007. Jury Selection/Trial set for 09:00 AM on 8/19/2008 before JUDGE J. MICHAEL SEABRIGHT. Final Pretrial Conference set for 7/8/2008 09:00 AM before JUDGE LESLIE E KOBAYASHI. Settlement Conference set for 3/17/2008 02:30 PM before JUDGE LESLIE E KOBAYASHI. Motions due by 3/19/2008. Discovery due by 6/20/2008. (Court Reporter Courtroom 7-No Record) (Judge LESLIE E KOBAYASHI )(wnn, ) (Entered: 10/16/2007) |
| 10/17/2007 | 17 | MOTION to Change Venue by Jacqueline A. Marati. (Attachments: # 1 Memorandum in Support of Motion# 2 Declaration of Leslie R. Kop# 3 Exhibit "A"# 4 Exhibit "B"# 5 Exhibit "C"# 6 Exhibit "D"# 7 Declaration of Jacqueline A. Marati# 8 Exhibit "1"# 9 Exhibit "2"# 10 Certificate of Service)(Kop, Leslie) (Entered: 10/17/2007) |
| 10/17/2007 | 18 | Rule 16 SCHEDULING ORDER. Signed by Judge LESLIE E KOBAYASHI on 10/17/07. (gls, ) (Entered: 10/17/2007) |
| 10/17/2007 |  | COURT'S CERTIFICATE of Service - a copy of 18 Rule 16 Scheduling Order has been served on: 10/17/07. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (gls, ) (Entered: 10/17/2007) |
| 10/17/2007 |  | (Court only) Judge's Courtesy Copies re 17 MOTION to Change Venue filed by Jacqueline A. Marati submitted to Magistrate Judge Leslie E. Kobayashi. (apg, ) Modified on 10/17/2007 (apg, ). (Entered: 10/17/2007) |
| 10/17/2007 | 19 | NOTICE of Hearing on Motion 17 MOTION to Change Venue : Motion Hearing set for 11/28/2007 at 09:00 AM before JUDGE LESLIE E KOBAYASHI. (wnn, ) (Entered: 10/17/2007) |
| 11/09/2007 | 20 | EO: 17 MOTION to Change Venue. Motion Hearing set for 11/28/2007 at 09:00 AM is moved to 03:30 PM before JUDGE LESLIE E KOBAYASHI. (Judge LESLIE E KOBAYASHI )(wnn, ) (Entered: 11/09/2007) |

| | | |
|---|---|---|
| 11/09/2007 | | COURT'S CERTIFICATE of Service - a copy of 20 Set Motion Deadlines/Hearings (inc F&R) has been served to Registered Participants of CM/ECF who received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF) on 11/9/2007. (wnn, ) (Entered: 11/09/2007) |
| 11/09/2007 | 21 | MEMORANDUM in Opposition re 17 MOTION to Change Venue filed by Hoolae Paoa. (Attachments: # 1 Declaration of Michael C. Carroll# 2 Exhibit 1 part 1 of 2# 3 Exhibit 1 part 2 of 2# 4 Exhibit 2# 5 Certificate of Service)(Carroll, Michael) (Entered: 11/09/2007) |
| 11/09/2007 | | (Court only) Judge's Courtesy Copies re 21 Memorandum in Opposition to Motion filed by Hoolae Paoa submitted to Judge LESLIE E KOBAYASHI. (lmg, ) (Entered: 11/09/2007) |
| 11/16/2007 | 22 | REPLY re 21 Memorandum in Opposition to Motion *for Transfer of Venue* filed by Jacqueline A. Marati. (Attachments: # 1 Declaration of Leslie R. Kop# 2 Exhibit "E"# 3 Certificate of Service)(Kop, Leslie) (Entered: 11/16/2007) |
| 11/16/2007 | | (Court only) Judge's Courtesy Copies re 22 Reply To Plaintiff's Memorandum in Opposition To Defendant's Motion to Transfer Venue filed by Jacqueline A. Marati submitted to Judge LESLIE E KOBAYASHI. (eps ) (Entered: 11/16/2007) |
| 11/26/2007 | 23 | EO: Defendant Jacqueline A. Maratis Motion for Transfer of Venue currently set for 11/28/2007 at 3:30 p.m. before Magistrate Judge Leslie E. Kobayashi is Vacated.Magistrate Judge Leslie E. Kobayashi will be considering Defendant Jacqueline A. Maratis Motion for Transfer of Venue as a Non Hearing Motion. Motions Taken Under Advisement: 17 MOTION to Change Venue. (Judge LESLIE E KOBAYASHI )(wnn, ) (Entered: 11/26/2007) |
| 11/26/2007 | | COURT'S CERTIFICATE of Service - a copy of 23 Terminate Motion Deadlines/Hearings (inc F&R), Motions Taken Under Advisement,, Terminate Motion Deadlines/Hearings (inc F&R) has been served to Registered Participants of CM/ECF who received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF) on 11/26/2007. (wnn, ) (Entered: 11/26/2007) |
| 11/27/2007 | 24 | FINDINGS AND RECOMMENDATION To Grant Defendant's Motion to Transfer of Venue re 17 Objections to F&R due by 12/11/2007. Signed by Judge LESLIE E KOBAYASHI on 11/26/07. (gls, ) (Entered: 11/27/2007) |
| 11/27/2007 | | COURT'S CERTIFICATE of Service - a copy of 24 Findings and Recommendations has been served on: 11/27/07. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (gls, ) (Entered: 11/27/2007) |
| 12/11/2007 | 25 | OBJECTION re 24 FINDINGS AND RECOMMENDATIONS re 17 MOTION to Change Venue filed by Jacqueline A. Marati filed by Hoolae Paoa. (Carroll, Michael) (Entered: 12/11/2007) |
| 12/12/2007 | | (Court only) Judge's Courtesy Copies re 25 Objection filed by Hoolae Paoa submitted to Judge ~~LESLIE E KOBAYASHI~~ J. MICHAEL SEABRIGHT. (dat, ) Modified on 12/12/2007 to reflect correct Judge(gls, ). (Entered: 12/12/2007) |

| 12/14/2007 | ●26 | RESPONSE re 25 Objection filed by Jacqueline A. Marati. (Kop, Leslie) (Entered: 12/14/2007) |
| 12/28/2007 | ●27 | ORDER ADOPTING Magistrate Judge Leslie E. Kobayashi's FINDINGS AND RECOMMENDATION to Grant Defendant Jacqueline A. Marati's Motion for Transfer of Venue Filed on November 27, 2007 24 , 17 . Signed by JUDGE J. MICHAEL SEABRIGHT on 12/28/07. (gls, ) (Entered: 12/28/2007) |
| 12/28/2007 | ● | COURT'S CERTIFICATE of Service - a copy of 27 Order Adopting Findings and Recommendations, has been served on: 12/28/07. Registered Participants of CM/ECF received the document electronically at the e-mail address listed on the Notice of Electronic Filing (NEF). (gls, ) (Entered: 12/28/2007) |
| 12/28/2007 | ●28 | TRANSMITTAL of documents to the District Guam. (gls, ) (Entered: 12/28/2007) |