Of Counsel:

BAYS DEAVER LUNG
ROSE & HOLMA

BRUCE D. VOSS            6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL      7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>            Plaintiff,<br><br>     vs.<br><br>JACQUELINE A. MARATI,<br>LINA'LA SIN CASINO, and DOES<br>1-10,<br><br>           Defendants. | )   CIVIL NO. CV07 00370<br>)   (Other Non-Vehicle Tort)<br>)<br>)   PLAINTIFF HOOLAE PAOA'S<br>)   MOTION TO REMAND;<br>)   MEMORANDUM IN SUPPORT<br>)   OF MOTION; CERTIFICATE<br>)   OF WORD COUNT;<br>)   DECLARATION OF MICHAEL<br>)   C. CARROLL; EXHIBIT A;<br>)   CERTIFICATE OF SERVICE<br>)<br>) |

<u>PLAINTIFF HOOLAE PAOA'S MOTION TO REMAND</u>

Plaintiff Hoolae Paoa, by and through his attorneys, Bays Deaver Lung Rose & Holma, hereby move this Honorable Court for an order remanding this matter to the Circuit Court of the First Circuit, State of Hawaii, Civil No. 06-1-1358-08 (KSSA).

This Motion is made pursuant to Federal Rules of Civil Procedure Rule 7(b), and 28 U.S.C. §§ 1441, 1446, and 1447, and is supported by the Memorandum in Support of Motion, the declaration and exhibit attached hereto, and the pleadings and files herein.

DATED:  Honolulu, Hawaii, August 3, 2007.

BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

38974-3

2

# **TABLE OF CONTENTS**

Table of Authorities ...........................................................................ii

I.    INTRODUCTION ......................................................................1

II.   FACTUAL BACKGROUND .....................................................2

A. Plaintiff Filed His Complaint for General, Special and
Punitive Damages (8/4/06).........................................................2

B. Defendant Files Four Motions In State Court, a Counter-
Claim, Responsive Pretrial Statement, and Actively
Litigated This Case Before Seeking Removal .........................4

C. After Participating And Availing Herself Of State Court
Jurisdiction, Plaintiff Seeks Discovery And Removal............6

III.  THE REMOVAL TO FEDERAL COURT IS UNTIMELY .......7

A. Standard of Review .................................................................7

B. Defendant's Notice of Removal is Untimely ..........................8

C. Defendant has Waived Her Right to Removal by Actively
Litigating In State Court and Submitting to Its Jurisdiction ...................13

IV.   CONCLUSION .......................................................................15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Acosta v. Direct Merchants Bank*, 207 F.Supp.2d 1129, 1132-33 (S.D.Cal. 2002) ...................................................................................14

*Air Starter Components, Inc. v. Molina*, 442 F. Supp. 2d 374, 379 (S.D. Tex. 2006) ...................................................................................13

*Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 247 (D.C. Fla. 1982) ...........................................................................................9

*Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) ...........................................13

*Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) ...................8

*Fate v. Buckeye State Mutual Insurance Co.*, 174 F. Supp. 2d 876, 880, 882 (N.D. Ind. 2001)...................................................................9, 13, 15

*Hawaii v. Abbott Laboratories, Inc.*, 469 F.Supp. 2d 842, 851 (D. Hawai'i 2006) ...............................................................................8

*Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)...................................11

*McCraw v. Lyons*, 863 F.Supp. 430, 435 (W.D. Ky. 1994) ...................................11, 12

*Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992) ...........................................................................................13

*Poliner v. Texas Health Systems*, 239 F.R.D. 468, 478 (N.D. Tex. 2006) ...................11

*Woburn Five Centrals Sav. Bank v. Robert M. Hicks, Inc.*, 930 F.2d 965, 971 (1st Cir. 1991) ...............................................................................9

*Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999) ...........................................................................10

## STATE CASES

*DiSalle v. P.G. Public Co.*, 544 A.2d 1345 (Pa. Super. 1988) .....................................11

*O'Hara v. Storer Communications, Inc.*, 231 Cal.App.3d 1101, 282
    Cal.Rptr. 712 (Cal.App. 4 Dist. 1991) ......................................................................11

*Bongiovi v. Sullivan*, 138 P.3d 433, 452-53 (Nev. 2006) .............................................11

## FEDERAL STATUTES

28 U.S.C. § 1441 ...........................................................................................................7

28 U.S.C. § 1446 ........................................................................................................7, 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. CV07 00370 |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) MEMORANDUM IN SUPPORT |
| vs. | ) OF MOTION |
| | ) |
| JACQUELINE A. MARATI, | ) |
| LINA'LA SIN CASINO, and DOES | ) |
| 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF MOTION

I.    INTRODUCTION

After litigating this case for eleven (11) months in the Circuit

Court of the First Circuit, State of Hawaii ("State Court"), and having

received an unfavorable ruling on her motion to dismiss, Defendant

Jacqueline A. Marati ("Defendant") has sought to remove this case to federal

court in hopes of obtaining a more favorable outcome.  Defendant's sole

basis in doing so is by claiming ignorance as to the amount of Plaintiff

Hoolae Paoa's ("Plaintiff's") claims and damages.  Defendant, however, has

known since the Complaint was filed the magnitude of Plaintiff's claims,

which are well in excess of $75,000, and has zealously litigated this case in State Court accordingly.

Before seeking removal, Defendant has filed dispositive and other motions, discovery documents, pleadings, including a responsive pretrial statement, and has participated in hearings and deposition. These activities indicate a clear understanding as to the amount of Plaintiff's claims, and an unequivocal intent to litigate this case in State Court.

As set forth below, this Court should grant Plaintiff's Motion to Remand because: (1) Defendant's Notice of Removal is untimely; and (2) Defendant has waived her right to seek removal by actively litigating this case in State Court.

## II. FACTUAL BACKGROUND

This case arises out of a press release that Defendant published on July 31, 2006, which was widely disseminated and contained numerous false statements directed to cause substantial damage and injury to Plaintiff in his home State of Hawaii.

### A. Plaintiff Filed His Complaint for General, Special and Punitive Damages (8/4/06)

On August 4, 2006, Plaintiff filed his Complaint against Defendants Jacqueline A. Marati ("Defendant"), Lina'La Sin Casino (the organization in which Defendant was affiliated) ("Defendant Lina'La"), and

Does 1-10 in the Circuit Court of the First Circuit, State of Hawaii ("State Court"), Civil No. 06-1-1358-08 (KSSA).[1]   Based on a fair reading of the Complaint, the Complaint plainly indicated that the amount in controversy was well in excess of $75,000.

The Complaint alleged Defendant's press release was widely published with the defamatory statements, was posted in periodicals and on the internet directed at the forum state, and was "published and distributed … with the intent to cause ***great injury* to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, and to expose Plaintiff to hatred, contempt, ridicule, and obloquy throughout the State of Hawaii, and City and County of Honolulu."** See Complaint ¶ 9 (emphasis added).  The Complaint asserted claims for Defamation, False Light – Invasion of Privacy, and Intentional Infliction of Emotional Distress.  The Complaint alleged that "Plaintiff has suffered, and continues to suffer general and special damages, damages to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial"; and sought "general, special, and punitive damages in an amount to be proven at trial."

---

[1] On August 29, 2006, the State Court entered a default judgment against Defendant Lina'La for failure to appear and defend this action.

B.    Defendant Files Four Motions In State Court, a Counter-Claim, Responsive Pretrial Statement, and Actively Litigated This Case Before Seeking Removal

On September 5, 2006, instead of seeking to remove this case (or seeking to discover the actual amount of damages), Defendant availed herself of State Court jurisdiction and filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. After this Motion was filed, on September 14, 2006, Plaintiff served on Defendant his First Request for Production of Documents, and noticed the deposition of Defendant on November 15, 2006. Although Defendant responded to discovery and participated in the deposition, Defendant conducted no discovery at that time, nor did she seek to inquire as to the amount of the claims.

After fully briefing the issues in Defendant's Motion, the Motion came on for hearing in State Court on January 16, 2007. Having fully reviewed and considered the memoranda, declarations, and exhibits submitted in support and in opposition of the Motion, and the argument of counsel at the hearing, the Court denied Defendant's Motion, ruling that Plaintiff established a prima facie case and that personal jurisdiction was proper in Hawaii State Court. The Court's decision was memorialized in an order filed on January 26, 2007.

39297-1

4

On February 5, 2007, Defendant filed a second motion, this time a Motion for Leave to File Interlocutory Appeal. After this motion was fully briefed, it came on for hearing in Hawaii State Court on February 21, 2007. As with Defendant's other motion discussed above, the Court denied this motion by order filed on February 23, 2007.

Defendant also filed two other motions in State Court, which the Court did grant. <u>See</u> Order Granting Defendant Jacqueline A. Marati's Motion for Order Permitting Appearance and Association of Co-Counsel Anita P. Arriola *Pro Hac Vice*, Filed October 26, 2006; Order Granting Defendant Jacqueline A. Marati's Motion to Set Aside Entry of Default, Filed October 26, 2006.

On March 19, 2007, Defendant filed her Answer to Complaint, and Counter-Claim against Plaintiff. The Counter-Claim alleged two counts for relief: (Count One – Violation of Guam's And/Or Any Applicable Anti-Slapp (Strategic Lawsuits Against Public Participation) or Similar Law; and Count Two – Abuse of Process. In this Counter-Claim, Defendant sought to recover unspecified damages from Plaintiff including "compensatory and punitive damages, reasonable attorneys' fees and costs, and additional sanctions sufficient to deter repetition of his conduct."

39297-1

5

On June 18, 2007, Defendant filed her Responsive Pretrial Statement. In this statement, Defendant set forth to the State Court, among other things, her summary of pertinent facts, the defenses she intended to affirmatively raise at trial, and identified 40 lay witnesses that she intended to call as witnesses. This filing is significant because under Hawaii Rules of Circuit Court, no case can be placed on the "Ready Calendar" until the filing of pretrial statements, and it is a clear indication by the parties that they have initiated litigation, are preparing for trial, and are ready to schedule a trial on the merits.

Thus, in the 11 months while this case was pending in State Court, Defendant zealously litigated this case, and purposefully availed herself of State Court jurisdiction. Not once did she ever indicate that she had any question that the amount in controversy was less than $75,000.

C.    After Participating And Availing Herself Of State Court Jurisdiction, Plaintiff Seeks Discovery And Removal

On May 10, 2007, approximately 9 months after the Complaint was filed, and after Defendant filed four motions and a counter-claim, Defendant served her First Request for Answers to Interrogatories on Plaintiff, and for the first time, requested the amount of damages that Plaintiff was claiming in this lawsuit. See Exhibit A, Interrogatory No. 9.

39297-1                               6

Plaintiff responded to this discovery on June 26, 2007, specifying the amount of damages that had been incurred by Defendant's wrongful conduct. Based on these responses, Defendant filed her Notice of Removal on July 11, 2007, over 11 months after the Complaint was filed in State Court.

## IV. THE REMOVAL TO FEDERAL COURT IS UNTIMELY

### A. Standard of Review

28 U.S.C. § 1446(b) governs the procedures for the removal of a state court action. This section provides:

> **(b)** The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

See also 28 U.S.C. § 1441 (the general removal statute).

The removal statute is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). "When a case is removed to federal court, there is a strong presumption against federal court jurisdiction." Hawaii v. Abbott Laboratories, Inc., 469 F. Supp. 2d 842, 851 (D. Hawai'i 2006) (citation omitted). "The Ninth Circuit narrowly construes the removal statute, 28 U.S.C. § 1441, against removal jurisdiction." Id. (Citation omitted.) The removing party, that is, Defendant, always bears the burden of establishing federal jurisdiction, and any doubt should be in favor of remand. Id. (Citation omitted.)

B.    Defendant's Notice of Removal is Untimely

As set forth above, a defendant must seek to remove a case within thirty (30) days after receiving a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. See 28 U.S.C. § 1446(b). Where Defendant had no reason to know a basis for federal jurisdiction, the thirty day period runs from Defendants receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]"

The policy underlying the rule requiring removal at the earliest possible time (within 30 days) is to promote "efficiency by placing a lawsuit in the court which will ultimately decide the case as soon as possible, … eliminating duplicitous proceedings[, and] prevent[ing] defendants, unhappy with adverse state court rulings, from taking a 'second bite at the apple' in federal court." Fate v. Buckeye State Mut. Ins. Co., 174 F. Supp. 2d 876, 880 (N.D. Ind. 2001); see also Woburn Five Cents Sav. Bank v. Robert M. Hicks, Inc., 930 F.2d 965, 971 (1st Cir. 1991) ("Tactical removals encourage delay and frustrate the public policy requirement that removals be timely made because the removing party … would never be truly subject to section 1446(b)'s thirty-day requirement.").

Thus, where the defendant should have known that the amount in controversy exceeded the jurisdictional minimum based on a fair reading of the complaint, the defendant is barred from claiming a lack of knowledge in order to frustrate the policy of section 1446. See Fate, 174 F.Supp.2d at 880.  In Fate, the court held that removal was not timely based on later received discovery responses where defendant should have known that the amount in controversy was in excess of the jurisdictional amount even though no amount was stated in the complaint.  Id. See also Baker v. Firestone Tire & Rubber Co.,  537 F. Supp. 244, 247 (D.C. Fla. 1982)

(holding that defendant should have known that the amount in controversy was in excess of the jurisdiction amount based on a "reasonable reading of the complaint").

In this case, based on a fair reading of the Complaint, Defendant should have been alerted that the amount in controversy exceeded $75,000. The Complaint unmistakably stated that Defendant was suffering "great injury" to his "personal and professional reputation" as a result of Defendant's actions, alleged that Plaintiff has suffered, and continues to suffer "general and special damages, damages to Plaintiff's personal and professional reputation, ... [and] mental anguish and humiliation[.]" The Complaint further sought punitive damages, which clearly indicates that the amount in controversy was in excess of $75,000. See Woodward v. Newcourt Commercial Finance Corp., 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that post-removal stipulation indicating that Plaintiff sought $15,000 in actual damages and attorneys' fees, and punitive damages was sufficient to satisfy the $75,000 amount in controversy for removal jurisdiction as it was the court's experience that Plaintiff's bar rarely sought less than ten times damages for punitive damages). Accordingly, based on a fair reading of the Complaint, the amount in controversy was plainly in

excess of $75,000.  Defendant failed to timely seek removal within thirty

days of receipt of the Complaint, and is barred from doing so now.[2]

In addition, if Defendant had any doubts that the amount in

controversy was less than $75,000, she could have attempted to ascertain the

amount in a timely manner. As the court stated in McCraw v. Lyons, 863

F.Supp. 430, 435 (W.D. Ky. 1994), "removal must occur as early as

possible".  If there is any doubt as to the amount in controversy, there are

several options available to the defendant to establish that the amount in

controversy exceeds the jurisdictional amount.  Id.

---

[2] The Court may also consider similar awards to determine whether the
amount in controversy was met for removal purposes.  Kroske v. U.S. Bank
Corp. 432 F.3d 976, 980 (9th Cir. 2005) (holding that in determining the
amount in controversy, the district court properly considered emotional
distress damage awards in similar age discrimination cases in Washington).
In similar cases, courts have routinely awarded plaintiffs damages well in
excess of $75,000.  Thus Defendant should have known that the amount in
controversy exceeded the jurisdictional amount.  See e.g., Poliner v. Texas
Health Systems, 239 F.R.D. 468, 478 (N.D. Tex. 2006) (concluding that that
the maximum possible recovery for plaintiff's injuries caused by defamatory
statements is $4,500,000 for plaintiff injury to career and reputation and
$4,500,000 for mental anguish); Bongiovi v. Sullivan, 138 P.3d 433, 452-
53 (Nev. 2006) (holding that punitive damages award of $250,000 to
plaintiff for defamation was not excessive, and was both reasonable and
proportionate to amount of harm to Plaintiff surgeon and to compensatory
damages award of $250,000); O'Hara v. Storer Communications, Inc., 231
Cal.App.3d 1101, 282 Cal.Rptr. 712 (Cal.App. 4 Dist. 1991) (in defamation
action against television station, holding that special damages award of
$300,000 was not excessive); DiSalle v. P.G. Pub. Co., 544 A.2d 1345 (Pa.
Super. 1988) (holding that punitive damage award of $2 million against
newspaper for defamation was not excessive).

> Interrogatories may be propounded at the same time that the petition for removal is filed. If Plaintiff seeks remand, Defendant may request that the Court delay a decision pending completion of limited discovery. Any one of these procedures could guarantee Defendant the documentation necessary for a fully informed removal within the thirty-day time period as required by statute.

Id. Additionally, Defendant could have simply requested clarification from Plaintiff as to the amount of the claim. None of these things were done in this case. Instead, Defendant actively litigated this case in State Court, filed dispositive and other motions, filed a Counter-Claim seeking affirmative relief in State Court, and filed other pleadings, including a Responsive Pretrial Statement. These actions indicate both an obvious understanding as to the magnitude of this case, and an unequivocal intent to litigate in State Court. Defendant did not seek discovery as to the amount of Plaintiff's claims until May 2007, roughly 9 months after the Complaint was filed, and well after the period lapsed for removal. Defendant cannot now claim ignorance of the fact that this case concerns more than $75,000 and seek removal to further some tactical advantage.

39297-1

C.     Defendant has Waived Her Right to Removal by Actively
Litigating In State Court and Submitting to Its Jurisdiction

Where a defendant, purposefully avails himself or herself of

state court jurisdiction, the defendant has waived his or her right to

subsequently seek removal of the case.   Brown v. Demco, Inc., 792 F.2d

478, 481 (5th Cir. 1986) and Fate, 174 F.Supp.2d at 880.  In Brown, the

defendants actively defended the action, filed answers, amended answers,

motions of various kinds, and other pleadings before removal.  The Court

held that defendants waived their rights to consent to removal by

purposefully availing themselves of state court jurisdiction. Brown, 792 F.2d

at 481.

In Fate, the court held that defendant's act of seeking dismissal

of the case in state court and litigating the case for nearly one year in state

court before seeking removal was affirmative action by the defendant that

evidenced an intent to litigate in state court; thereby waiving the right to

seek removal.  Fate, 174 F.Supp.2d at 882.  See also Air Starter

Components, Inc. v. Molina, 442 F. Supp. 2d 374, 379 (S.D. Tex. 2006)

(holding that defendants waived their right to remove by filing a motion for

summary judgment in state court thereby demonstrating "a clear intent to

have the state court proceed on the merits of the case"); Moore v.

Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992)

(affirming attorneys' fee award after case was remanded to district court because defendant had waived his right to removal by filing a motion to dismiss plaintiff's petition to vacate the arbitration award).

In this case, Defendant has engaged in significant litigation in this case in the 11 months before seeking removal. Defendant has filed four motions, one seeking to dispose of all claims in this case via motion to dismiss. Defendant has further filed numerous other pleadings, including a pretrial statement, discovery requests and responses, and has made appearances in various proceedings and in deposition. Defendant has further filed a Counter-Claim seeking affirmative relief from State Court. See Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1132-33 (S.D. Cal. 2002) (holding that defendant's cross-complaint "intentionally invoked the state court's jurisdiction thereby waiving its right to remove to federal court"). In all of Defendant's actions, she has never once claimed that this case should be removed to federal court, or alleged that she believed the amount in controversy was below $75,000.

The clear pretextual motivation in this case is the same motivation of the defendant in Fate. In Fate, as in this case, the defendant failed to investigate whether the case was removable, and instead chose to seek dismissal of the case in state court and to litigate in state court for

nearly a full year. <u>Fate</u>, 174 F.Supp.2d at 882. Only when the state court denied its motions did defendant seek to remove. There, the court held that "[b]ecause [defendant] sought affirmative action in state court before removing to federal court, it evidenced an intent to litigate in state court. Accordingly, [defendant] waived its right to remove [the] case to federal court." <u>Id.</u> Defendant in this case is attempting to perform the exact same thing that the defendant in <u>Fate</u> failed to accomplish. That is, after being defeated on her motion to dismiss, remove the case to federal court in order to take a "second bite at the apple." <u>Id.</u> at 880. By fully litigating this case in State Court, seeking affirmative relief, Defendant has waived her right to seek removal.

III.  <u>CONCLUSION</u>

As set forth above, Defendant was aware that Plaintiff was seeking well in excess of $75,000 based on a fair reading of the Complaint. If there was any doubt, instead of investigating, Defendant chose to purposefully avail herself of State Court jurisdiction, filed a dispositive motion to dismiss, other motions, a pretrial statement, other pleadings, and participated in deposition and in hearings in State Court. Defendant's actions illustrate an unequivocal intent to litigate this case in State Court and an understanding as to the magnitude of the claims. Accordingly, this case

should be remanded to State Court based on (1) Defendant's untimely notice

of removal; and (2) Defendant's waiver of her right to seek removal.

DATED:  Honolulu, Hawaii, August 3, 2007.

_____

BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. CV07 00370 |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) CERTIFICATE OF WORD |
| vs. | ) COUNT |
| | ) |
| JACQUELINE A. MARATI, | ) |
| LINA'LA SIN CASINO, and DOES | ) |
| 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

CERTIFICATE OF WORD COUNT

I hereby certify, pursuant to Local Rules 7.5(b) and (e), that the

Memorandum in Support of Motion, filed concurrently herein, contains

3,017 words and 305 lines.

DATED:  Honolulu, Hawaii, August 3, 2007.

BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | CIVIL NO. CV07 00370 |
| | (Other Non-Vehicle Tort) |
| Plaintiff, | |
| | DECLARATION OF MICHAEL |
| vs. | C. CARROLL |
| | |
| JACQUELINE A. MARATI, | |
| LINA'LA SIN CASINO, and DOES | |
| 1-10, | |
| | |
| Defendants. | |

DECLARATION OF MICHAEL C. CARROLL

     I, MICHAEL C. CARROLL, state that:

     1.    I am an associate with the law firm of Bays Deaver Lung Rose & Holma, attorneys for Plaintiff HOOLAE PAOA.

     2.    Attached hereto and incorporated herein as Exhibit A is a true and correct copy of the Defendant Jacqueline A. Marati's First Request For Answers To Interrogatories To Plaintiff Hoolae Paoa.

I, Michael C. Carroll, declare under penalty of perjury that the foregoing is true and correct.

DATED:    Honolulu, Hawaii, August 3, 2007.

MICHAEL C. CARROLL

39297-1

2

Of Counsel:
FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP          4794
LAURA A. KUIOKA        8054
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-4300
Facsimile: (808) 531-7585

Attorneys for Defendant
JACQUELINE A. MARATI

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. 06-1-1358-08 (KSSA) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT JACQUELINE A. |
| | ) | MARATI'S FIRST REQUEST FOR |
| JACQUELINE A. MARATI, LINA'LA SIN | ) | ANSWERS TO INTERROGATORIES TO |
| CASINO, and DOES 1-10, | ) | PLAINTIFF HOOLAE PAOA |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT JACQUELINE A. MARATI'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF HOOLAE PAOA

TO:     BRUCE D. VOSS, ESQ.
        MICHAEL C. CARROLL, ESQ.
        Bays, Deaver, Lung, Rose & Baba
        Alii Place, 16th Floor
        1099 Alakea Street
        Honolulu, Hawaii 96813

        Attorney for Plaintiff

        Pursuant to Rule 33 of the Hawaii Rules of Civil Procedure, Plaintiff HOOLAE

PAOA is required to serve written answers to this request on Defendant JACQUELINE A.

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd


EXHIBIT A

MARATI within thirty (30) days of his receipt and to answer each interrogatory under oath.

Answers should be inserted in the space provided after each interrogatory. If additional space is needed for an answer, complete the answer on a separate sheet.

This request shall be deemed continuing so as to require supplemental and/or amended written answers if further information is obtained or recalled pursuant to Rule 26(e) of the Hawaii Rules of Civil Procedure.

It is requested that an original and one copy of the answers be served on the undersigned.

DATED: Honolulu, Hawaii, _____MAY 10 2007_____.


_Leslie R. Kop_ (signature)
LESLIE R. KOP
LAURA A. KUIOKA
Attorneys for Defendant
JACQUELINE A. MARATI

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd          2

<u>INSTRUCTIONS</u>

The following instructions are to be considered applicable to all Interrogatories contained herein.

1.    In responding to these Interrogatories you are requested to furnish all information available to you or any of your representatives, employees, agents, servants, or attorneys and to furnish all information that is in your possession or under your control and in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

2.    If you cannot answer or respond to any of the following Interrogatories in full, after exercising due diligence to secure the information requested therein, please so state, and answer to the extent possible, specifying any inability to answer and stating whatever information you have concerning the unanswered portion.

3.    Answers may be inserted in the spaces provided below each of the Interrogatories. (If for any reason additional space is necessary in answering any Interrogatory, complete your answer on additional sheets bearing the same respective number as the Interrogatory which you are answering.)

4.    The Interrogatories shall be deemed continuing so as to require supplemental answers if you obtain (or recall) further information between the time the answers are served and the time of trial.

5.    The Interrogatories shall be deemed continuing so as to require supplemental answers with respect to any question addressed to the identity and address of

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd          3

persons and entities having knowledge of discoverable matters.

6.    In answering the interrogatories, any documents may be produced rather than identified.

7.    If any interrogatory is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Plaintiff relies as the basis for each such objection.

## DEFINITIONS

1.    Insofar as may be applicable, and except as otherwise indicated, the term "**Document**" or "**Documents**" shall refer to any and all writings and recorded materials, of any kind whatsoever, that is or has been in the possession, control or custody of HOOLAE PAOA, or of which he has knowledge, whether originals or copies, including but not limited to contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondences, logs, diaries, forms, bank statements, card files, books of account, journals, ledgers, invoices, blueprints, diagrams, drawings, computer print-outs or tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature or kind whatsoever; and all other materials handwritten, printed, typed, photocopied or otherwise reproduced; and slides or motion pictures, television or video tapes; all mechanical tape recordings or other written or printed matter or tangible things on which words or phrases are affixed.

2.    A request to "**Identify**" a document is a request to state (insofar as may be applicable):

a.    The date of such document.

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd          4

b.      The type of document or written communication it is.

c.      The names and present addresses of the person or persons who prepared such document and of the signers, addressors, and addressees of such document.

d.      The name of any principal who or which the signers, addressors and preparers of such document were thereby representing.

e.      The present location of such document.

f.      The name and present address of the person now having custody of the document.

g.      Whether you possess or control the original or a copy thereof, and if so, the location and name of the custodian of such original or copy.

h.      A brief description of the contents of such document.

3.      The term "**Person**" shall include a natural person, partnership, corporation, association, trust, or other group however organized.

4.      Whenever a request is made to "**Identify**" a natural person, it shall mean to supply all the following information:

a.      His/her full name.

b.      His/her employer and position at the time.

c.      The name of any person or entity who he/she is claimed to have represented in connection with the matter to which the Interrogatory relates.

d.      His/her last-known address and telephone number.

e.      His/her last-known employer.

5.    A request to "**Explain fully**" any answer denial, or claim is a request (insofar as may be applicable) to:

a.    State fully and specifically each fact and/or contention in support of your answer, denial or claim; and

b.    For each such fact or contention, to identify each person who has knowledge relative to that fact or contention, each document that tends to support that fact or contention; and each document that tends to dispute that fact or contention.

6.    The term "**You**" or "**Your**" means and includes **HOOLAE PAOA** and his attorneys, investigators, consultants, agents, and anyone else acting on his behalf.

7.    The term "incident" means and includes the incident which occurred on or about July 31, 2006 involving a press release, as described in the Complaint filed herein on August 4, 2006.

## INTERROGATORIES

NOTE:    Whenever the word "incident" is used in these interrogatories without further description, it refers to the occurrence described in the Complaint for which you are suing our client to obtain damages. We are interested in obtaining as much information as possible about you and the claims you are making against our client. Please take your time in answering the following questions and answer them as fully and accurately as possible. While answering these questions, please keep in mind that the answers may be used in court if there is a trial.

### PERSONAL HISTORY

1.    State your full name and all other names you have used in the past, and the period(s) during which you were known by each name.

    Answer:

2.    State your present residence address, all past residence addresses during the last 10 years, the dates you lived at each address, and the name(s) of all person(s) residing with you at each address.

    Answer:

3.    State your date of birth, birthplace, and Social Security number.

    Answer:

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd

4.    If you are married or have ever been married, state the name and address of each spouse (including maiden name, if applicable), the date and place of each marriage, and date and manner of termination of prior marriage(s).

      <u>Answer</u>:

5.    Identify all of your children, including the full name (give both married and maiden name of any married female children), present address, and date and place of birth of each child.

      <u>Answer</u>:

6.    If you have ever been convicted of any crime, for each crime state the nature and date of each offense, and the court(s) in which you were convicted.

      <u>Answer</u>:

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd      2

7.      If you have ever been convicted of any felony, for each felony state the nature and date of each felony and the count(s), and the court(s) in which you were convicted.

      <u>Answer</u>:

8.      If you have ever been involved in any legal proceedings (including but not limited to civil, criminal, family, special proceeding) other than the present lawsuit, state the year each legal proceeding commenced, the civil, criminal, family or special proceeding number, the court in which each legal proceeding was filed, a description of the type of relief sought (by you or against you) in each proceeding, and the outcome of each proceeding.

      <u>Answer</u>:

9.      Describe in detail each and every injury and all damages which you believe was caused by the incident, and state the amount of damages you are claiming as a result of the subject incident.

      <u>Answer</u>:

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd      3

10.    Describe your complete employment history up to the incident date (including each employer's full name and address, type of business, full or part-time, rate of pay, inclusive dates of employment and reason for termination).

    Answer:

11.    For each of the five full tax years preceding the incident, the year of the incident and for each full tax year since the incident, state the following information.

| Year | Income from Wages | Profit or Loss from Business | Other Income | Total |
|------|-------------------|------------------------------|--------------|-------|
| 2006 | | | | |
| 2005 | | | | |
| 2004 | | | | |
| 2003 | | | | |
| 2002 | | | | |
| 2001 | | | | |
| 2000 | | | | |

    Answer:

12.    Identify all other expenses you claim resulted from or are directly chargeable to the incident other than medical expenses and loss of income.

    Answer:

G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd        4

13.    Please state your net worth at the time of the incident and specify all of your assets and liabilities.

      Answer:

14.    Paragraph 11 of the Complaint states: "Defendants published [a press release on or about July 31, 2006] and distributed false and defamatory statements about and concerning Plaintiff."   Please specify in detail exactly what statements were false and defamatory and list each and every fact known to you which supports the statement which you have made in paragraph 11.

      Answer:

15.    Paragraph 16 of the Complaint alleges the following: "[A]s a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu..." Please specify the damages and the amount you claim to have suffered to your personal and professional reputation in the State of Hawaii, City and County of Honolulu as a result of the incident, and list all facts which support your damages.

      Answer:

16.    Paragraph 24 of the Complaint states: "Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff." Please list every act that you allege that Defendant Marati performed, that caused you the specific harm you sustained, and the specific facts to support your contention.

       Answer:

17.    Paragraph 26 of the Complaint states: "As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer extreme emotional distress..." Please describe in detail, all facts which support this contention.

       Answer:

18.   Please identify all doctors or other health care specialists who have examined or treated
      you for your alleged injuries, which you claimed to have been caused by the incident and
      state the date of treatment and whether or not, the health care specialist has written a report
      regarding your physical or mental condition.

      Answer:

19.   State the name and address of all doctors, psychiatrists, psychologists, chiropractors,
      osteopaths, neuropaths, acupuncturists, masseuses, or physical therapists who have
      examined or treated you for injuries or ailments at any time for any purpose (excluding
      minor illnesses such as colds or flu), and state the nature of the disorder, the diagnosis of
      each person, the date(s) of examination and treatment by each person and the nature of the
      treatment by each person (including the prescription of any drugs).

      Answer:

20.  Itemize all medical expenses you claim resulted from or are directly chargeable to the incident (including the amount of each charge, name of person or organization where each expense was incurred, and inclusive dates expenses were occurred.)

Answer:

21.  Identify each person who assisted you in answering the foregoing interrogatories.

Answer:

22.    Do the answers to each and every one of the foregoing interrogatories include not only the information known to you or your attorney, but also all the information within the possession or control of yourself or your attorney?

<u>Answer</u>:

## VERIFICATION

STATE OF HAWAII                    )
                                   ) SS:
CITY & COUNTY OF HONOLULU          )


      HOOLAE PAOA, being first duly sworn, on oath, deposes and says that he has

carefully made and reviewed the foregoing answers to interrogatories and that they are true and

correct to the best of his knowledge, information and belief.


_____

HOOLAE PAOA



Subscribed and sworn to before me this
_____ day of _____, 2007.



_____

Notary Public, State of Hawaii

My commission expires: _____


G:\Paoa\Paoa Discovery\RAI- first request to paoa.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. CV07 00370 |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| | ) |
| JACQUELINE A. MARATI, | ) |
| LINA'LA SIN CASINO, and DOES | ) |
| 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2007, a true and correct copy

of the foregoing document was served on the parties listed below at their

respective addresses by U.S. Mail, first-class postage prepaid:

LESLIE R. KOP
LAURA A. KUIOKA
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorneys for Defendant
JACQUELINE A. MARATI

ANITA P. ARRIOLA, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Attorney for Defendant, *Pro Hac Vice #061075*
JACQUELINE A. MARATI

MICHAEL F. PHILLIPS, ESQ.
410 W. O'Brien Drive, Suite 102
Hagatna, Guam 96910

Attorney for Defendant
LINA'LA SIN CASINO

DATED:  Honolulu, Hawaii, August 3, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

39297-1                                    2