Of Counsel:
FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP          4794
LAURA A. KUIOKA      8054
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808) 533-4300
Facsimile:  (808) 531-7585
Email: lrk@fmhc-law.com
         lak@fmhc-law.com

Attorneys for Defendant
JACQUELINE A. MARATI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. CV 07-00370 JMS LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM IN OPPOSITION |
| | ) | TO PLAINTIFF HOOLAE PAOA'S |
| JACQUELINE A. MARATI, | ) | MOTION TO REMAND; |
| LINA'LA SIN CASINO, and DOES | ) | DECLARATION OF LAURA A. |
| 1-10, | ) | KUIOKA; EXHIBITS "A-B"; |
| | ) | CERTIFICATE OF SERVICE |
| Defendants. | ) | |
| | ) | Judge: The Honorable Leslie Kobayashi |
| | ) | Hearing: Non-hearing motion |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
## MOTION FOR REMAND

On August 3, 2007 Plaintiff Hoolae Paoa ("Plaintiff") filed his

Motion for Remand, claiming that Defendant Jacqueline A. Marati's ("Defendant

Marati") removal of the instant matter to the United States District Court for the

District of Hawaii was untimely.  Plaintiff's assertions are unsubstantiated and

without merit.  Rather, Defendant Marati's removal was timely as she was diligent

in conducting discovery to determine whether the amount in controversy exceeded

the required $75,000.00 threshold before filing her notice of removal.  As such,

Defendant Marati respectfully requests that this Court deny Plaintiff's Motion for

Remand.

## I.    STATEMENT OF RELEVANT FACTS

On August 4, 2006,  Plaintiff Hoolae Paoa ("Plaintiff") filed a

Complaint against Defendants Jacqueline A. Marati and Lina'la Sin Casino, et al.

in the Circuit Court of the First Circuit, State of Hawaii.  See Exhibit "A".  In the

Complaint, Plaintiff alleged claims of defamation, false light-invasion of privacy

and intentional infliction of emotional distress against Defendant Jacqueline A.

Marati ("Defendant Marati").  The Complaint did not set forth any amount of

damages requested by Plaintiff.

2

On August 29, 2006 Plaintiff filed a request for Entry of Default Against Defendant Jaccqueline A. Marati. Default was entered and subsequently set aside on October 23, 2006.

On September 5, 2006, Defendant Marati filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Motion"). The motion came on for hearing before the Honorable Karen S.S. Ahn on January 16, 2007. The Court denied the motion. Subsequently, on February 5, 2007, Defendant Marati filed a motion for Leave to File Interlocutory Appeal. The Court denied the motion on February 21, 2007.

On March 19, 2007, Defendant Marati filed an Answer to the Complaint and a Counterclaim against Plaintiff.

On May 10, 2007, Defendant Marati sent her First Request for Answers to Interrogatories to Plaintiff, including questions concerning Plaintiff's alleged damages.

On June 26, 2007, in response to interrogatory request number 9, Plaintiff alleged that his damages caused by the incident were among others, a loss of "a commission on a deal in the range of $10-$12 million" and a loss of a real estate compensation "as a broker for roughly $300,000." See Exhibit "B", Plaintiff's Response to Defendant Marati's First Request for Answers to

3

Interrogatories, no. 9.  The above amounts confirmed by Plaintiff well exceed the

amount in controversy threshold set forth in 28 U.S.C. § 1332.  Accordingly, it

was determined by Plaintiff's responses that diversity jurisdiction existed.

Consequently, on July 11, 2007, Defendant Marati filed her Notice of

Removal with the United States District Court for the District of Hawaii.

## II.    APPLICABLE LEGAL STANDARD

28 U.S.C. § 1446 (b) provides two thirty-day windows during which a

case may be removed, 1.) during the first thirty days after the defendant receives

the initial pleading and 2.) during the first thirty days after the defendant receives a

paper "from which it may be ascertained that the case is one which is or has

become removable if the case stated by the initial pleading is not removable."

Harris v. Bankers Live and Casualty Company, 425 F.3d 689, 692 (9th Cir. 2005);

Fee v. Walmart Stores, Inc., 2006 WL3149366, 2 (2006, D. Nev.) citing 28 U.S.C.

§1446(b); ("If the case stated by the initial pleading is not removable, a notice of

removal may be filed within thirty (30) days after the receipt by the defendant of a

copy of an amended pleading, motion, order or other paper from which it may first

be ascertained that the case is one which is or has become removable.)

While the first thirty day window begins to run upon receipt of the

complaint, the second thirty day removal window applies when the case stated by

4

the initial pleading is not removable because there are details that are omitted, obscured or misstated. Harris at 694. "The defendant will have thirty days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal." Id. A defendant is not precluded from removing a case where discovery of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint. Id.

The Ninth Circuit has adopted the approach which determines removability based upon the four corners of the initial pleading and not through subjective knowledge or a duty to make further inquiry. Harris, 425 F.3d 689, 694 (9th Cir. 2005); Fee v. Walmart Stores, Inc., 2006 WL3149366, 2-3 ("[I]t is not the burden of the defendant to speculate, assume or postulate what the plaintiff may be thinking the case is worth."); Smith v. Bally's Holiday, 843 F.Supp. 1451, 1453 ("[A] defendant should not be required to read between the lines to discern dollar figures plaintiff has not seen fit to specify in the complaint in order to determine whether the action is removable.").

III.    LEGAL ARGUMENT

    A.    Defendant Marati's Notice of Removal Was Timely

    On August 4, 2006, Plaintiff filed his Complaint in the Circuit Court

of the First Circuit, State of Hawaii. Plaintiff's Complaint is silent with regard any

amount in controversy. <u>See</u> Exhibit "A". Accordingly, at the time Plaintiff's

Complaint was filed, it was not proper for Defendant Marati to seek a removal.

  Plaintiff contends that a "fair reading" of the Complaint would have

alerted Defendant Marati that the amount in controversy exceeded the

jurisdictional threshold amount of $75,000 therefore, making the case removable.

Plaintiff is simply mistaken. The Complaint only contains non-specific allegations

of damages, which are insufficient to determine removability. <u>See</u> <u>Ramey v.</u>

<u>Gordon Trucking</u>, 2007 WL 704216, 1 (D. Ariz., 2007) (held that the complaint

which only contained conclusory boiler plate-type statements such as, the plaintiff

has undergone and will continue to undergo severe and physical mental pain and

suffering, required hospitalization, cost of future medical care and treatment is

presently unknown, and sustained a loss of earnings did not translate into an

ascertainable amount that would have sufficiently put defendant on notice of

removability); <u>Bullard v. Allstate Insurance Company</u>, 2006 WL 3734359 (N.D.

Cal., 2006) (held non-specific allegations of damages do not translate into an

ascertainable amount that puts a defendant on notice of removablity).

Accordingly, Defendant Marati could not have determined whether the amount in

controversy requirement had been met in order to remove this case until some

discovery was conducted.

Inasmuch as the amount in controversy was unascertainable from the initial pleading, removal of the Complaint within the first thirty-day window would have been improper.  The Ninth Circuit "no longer require[s] defendants to take this blind leap - [it does not] charge defendants with notice of removability until they've received a paper that gives them enough information to remove." Durham v. Lockheed Martin Corporation, 445 F.3d 1247 (9th Cir., 2006); Harris, 425 F.3d at 694 (The court held, "[i]f no ground for removal is evident in that pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion , order or other paper' from which it can be ascertained from the face of the document that removal is proper.").

B.    Defendant Marati Has Not Waived Her Right To Removal

In a desperate attempt to prevent removal of the instant matter, Plaintiff urges this Court to find that Defendant Marati waived her right to removal by actively litigating the instant matter in state court.  This argument is baseless, as Defendant Marati only filed the necessary pleadings to properly preserve and defend her rights and then shortly thereafter, sought a removal as soon as it was apparent that diversity jurisdiction existed.  Defendant Marati's case

7

is clearly distinguishable from the cases cited by Plaintiff.

> 1.    Defendant Marati Did Not Engage in Significant Litigation

Defendant Marati did not "purposely avail" herself of state court jurisdiction. Defendant Marati only filed necessary motions to preserve and defend her rights in the instant lawsuit, which included the following: Motion to Set Aside Entry of Default[1], a Motion to Dismiss based Upon a Lack of Personal Jurisdiction, a Motion for Order Permitting Appearance and Association of Co-counsel Pro Hac Vice, and a Motion for Leave to File Interlocutory Appeal. After the denial of Defendant Marati's Motion for Leave to File Interlocutory Appeal, Defendant Marati was required to file an Answer and Counterclaim, and shortly after that, a Responsive Pre-trial Statement.

> 2.    The Complaint In the Instant Matter Was Not Removable Until Plaintiff Responded to Defendant Marati's Request for Interrogatories

Plaintiff cites to Fate v. Buckeye State Mut. Ins. Co., 174 F. Supp. 2d 876 (N.D. Ind., 2001) and Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986) in a weak attempt to prevent a removal of the instant matter. Defendant Marati's case

---

[1] Even though Defendant Marati lives in Guam, Plaintiff moved for entry of default the day after Defendant Marati's Answer was due, thereby forcing Defendant Marati to file a Motion to Set Aside Entry of Default.

8

is clearly distinguishable.  In both <u>Fate</u> and <u>Brown</u>, the courts' decisions turned on whether the action was removable prior to the defendant litigating in state court. Here, grounds for removal was not apparent within the four corners of the Complaint, and therefore Defendant Marati's Notice of Removal after receipt of Plaitniff's responses to Defendant Marati's Request for Answers to Interrogatories was proper.  <u>See</u> <u>Harris</u> at 693 and 695, (requiring that notice of grounds for removal be apparent within the four corners of the initial pleading or subsequent paper).

Plaintiff contends that the court in <u>Fate</u> found that a defendant waived its right to remove because defendant actively litigated the case in state court for nearly a year, therefore, the instant matter is similar and should be remanded. While this may have been the case in <u>Fate</u>, Plaintiff fails to disclose that the court also considered that defendant was on notice that the case may be removable. <u>Fate</u>, 174 F. Supp. 2d. at 882 ("Rather than immediately investigate further to determine whether the case was removable, Buckeye chose to seek dismissal of the case in state court and to litigate in state court for nearly one full year."). In the instant matter, Plaintiff's complaint was silent with regard to his alleged damages and thus, no amount in controversy could be determined.

9

In <u>Brown</u>, the Court found that defendant waived its right to remove, "where after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." <u>Brown</u>, 207 F. Supp. at 1131-32. Here, it was not apparent that this case was removable until Plaintiff responded to discovery requests inquiring about the amount of his damages. As such, Defendant Marati did not abandon her right to a federal forum.

Contrary to <u>Fate</u> and <u>Brown</u>, Defendant Marati was not on notice that the action was removable because the Complaint only contained generic allegations of damages insufficient to ascertain whether the amount in controversy requirement was satisfied. Moreover, even if the face of Plaintiff's Complaint may have indicated a possibility of removability, which it did not, Defendant Marati did not have a duty to make a further inquiry within thirty days after receiving the Complaint. <u>Harris</u>, 425 F.3d at 697 ("The one-year bar gives the defendant sufficient incentive and time to determine the facts to justify removal without imposing an undue burden to investigate removal within the first thirt days of receiving an indeterminate complaint."). Accordingly, Defendant Marati has not waived her right of removal in the instant matter.

10

IV.    CONCLUSION

Based upon the foregoing arguments, Defendant Marati respectfully requests that this Honorable Court deny Plaintiff's Motion for Remand. The Ninth Circuit has clearly determined that a defendant will be bound to file a notice of removal within 30 days only if the initial pleading reveals grounds for removal. Harris, 425 F.3d at 694. "[H]owever, where such details are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order or other paper to file its notice of removal..." Id. As such, Defendant Marati's removal of the instant action was timely.

DATED:  Honolulu, Hawaii, August 20, 2007.


                              /s/ Laura A. Kuioka
                              LESLIE R. KOP
                              LAURA A. KUIOKA
                              Attorneys for Defendant
                              Jacqueline A. Marati

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. CV 07-00370 JMS LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | DECLARATION OF LAURA A. |
| JACQUELINE A. MARATI, | ) | KUIOKA |
| LINA'LA SIN CASINO, and DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF LAURA A. KUIOKA

I, Laura A. Kuioka do hereby declare as follows:

1.    I am an attorney licensed to practice law in all of the courts in the State of Hawaii and the United States District Court for the District of Hawaii. I am a member in good standing of all the aforementioned courts.

2.    I am one of the attorneys for Defendant Jacqueline A. Marati ("Defendant Marati") in the above-entitled action, and am competent to testify as to the matters stated herein and make this declaration upon personal knowledge.

3.    Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Complaint, filed on August 4, 2006 in the Circuit Court of the First Circuit, State of Hawaii.

4.    Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's Responses to Defendant Marati's request for Answers to Interrogatories.

I, Laura A. Kuioka, do hereby declare under penalty of law that the foregoing is true and correct.

Dated: Honolulu, Hawaii <u>August 20, 2007</u>.


<u>/s/ Laura A. Kuioka</u>
LAURA A. KUIOKA

2

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 AUG -4  PM 2:36

N. ANAYA
CLERK

Of Counsel:

BAYS, DEAVER, LUNG,
ROSE & BABA

BRUCE D. VOSS          6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL     7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>       Plaintiff,<br><br>   vs.<br><br>JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10,<br><br>       Defendants. | CIVIL NO. **06-1-1358-08**  K S S A<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays,

Deaver, Lung, Rose & Baba, asserts the following Complaint against Defendants

JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10 (collectively

"Defendants"):

**EXHIBIT  A**

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

1.     Plaintiff is an individual and at all times relevant herein was and still is a resident of the State of Hawaii, City and County of Honolulu. Plaintiff has always enjoyed a good reputation for honesty, integrity, and moral character within the City and County of Honolulu, State of Hawaii.

2.     Upon information and belief, Defendant JACQUELINE A. MARATI ("Marati") is an individual and was at all times relevant herein a resident of Guam.

3.     Upon information and belief, Defendant LINA'LA SIN CASINO is an entity formed and organized under the laws of Guam. Upon information and belief, Marati is the chairperson and spokesperson for Lina'la Sin Casino.

4.     Plaintiff is informed and believes and thereon alleges that other individuals or entities, whose identities are presently unknown to Plaintiff, may also be in some manner responsible for the injuries and damages to Plaintiff. Defendants DOES 1 through 10 are named herein under fictitious names for the reasons that their true names and identities are presently unknown to Plaintiff except that they are persons and/or entities who were in some manner presently unknown to Plaintiff involved with the activities alleged herein, and/or were in some manner responsible for the injuries and/or damages to Plaintiff, and/or conducted some activity or activities in a wrongful or otherwise culpable manner which proximately caused injuries and/or damages to Plaintiff, and Plaintiff prays for leave to certify their true names, identities, capacities, activities, or responsibilities when the same are ascertained.

5.     This Court has jurisdiction over Defendants because the Defendants' intentional, malicious, and tortious actions were directed toward, and caused injury and damage in, the State of Hawaii, City and County of Honolulu, and Defendants have purposefully availed themselves of this jurisdiction by the actions alleged herein.

31489-1

2

6.    On or about July 31, 2006, Defendants wrote a press release that identified Plaintiff by name, and falsely alleged that Plaintiff committed acts of moral turpitude and violated the law. The press release also included numerous false and defamatory allegations that other individuals associated with Plaintiff had participated in fraudulent schemes to legalize gambling, with the intention that these false and defamatory statements be imputed to Plaintiff's actions and character, and to falsely imply that Plaintiff was participating in a fraudulent or unlawful scheme to legalize gambling in Guam.

7.    Upon information and belief, Defendants repeatedly published, circulated, reproduced, and disseminated the false and defamatory statements directly to persons in or residents of the State of Hawaii, with the intention that the defamatory statements would be circulated to persons in or residents of the State of Hawaii. Among other things, Defendants (1) transmitted the false and defamatory statements to people throughout Guam, including at least one Guam business headquartered in the State of Hawaii; (2) transmitted the false and defamatory statements to the news media with the intention that the statements be republished, broadcasted and ultimately received in the State of Hawaii; (3) emailed and/or transmitted the false and defamatory statements to residents of or persons in the State of Hawaii; and (4) caused to be posted the false and defamatory statements on the internet with the intention that the defamatory statements be read by persons in the State of Hawaii.

8.    Upon information and belief, the false and defamatory statements were, in fact, received and read by persons in the State of Hawaii.

9.    Defendants published and distributed their false and defamatory statements with the intent to cause great injury to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, and to expose Plaintiff to hatred, contempt,

31489-1

3

ridicule, and obloquy throughout the State of Hawaii, and the City and County of Honolulu.

Defendants published and distributed the statements to further their own self-serving agenda,

with callous and reckless disregard for the truth or falsity of the statements and the damage they

would do to Plaintiff's reputation and business interests in the State of Hawaii.

COUNT I
(Defamation)

10.     Plaintiff repeats and realleges the allegations contained in paragraphs 1

through 9 of this Complaint.

11.     As set forth above, Defendants published and distributed false and

defamatory statements about and concerning Plaintiff.

12.     Defendants' statements were neither privileged nor protected.

13.     Because Defendants' defamatory statements accuse Plaintiff of violating

the law and acts of moral turpitude, the defamatory statements are defamatory per se as a matter

of law, thereby entitling Plaintiff to recover presumed damages.

14.     Defendants published or caused to be published the defamatory statements

negligently, or with actual malice, i.e., knowledge that the statements were false, or with reckless

disregard as to the truth or falsity of the statements.

15.     Defendants' actions were willful and wanton such that Plaintiff is entitled

to recover punitive damages.

16.     As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's

personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental

anguish and humiliation in an amount to be proven at trial.

## COUNT II
### (False Light - Invasion of Privacy)

17.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of this Complaint.

18.    Defendants gave publicity to matters concerning Plaintiff that places Plaintiff before the public in a false light.

19.    The false light in which Defendants have placed Plaintiff is highly offensive to a reasonable person.

20.    Defendants had knowledge of, or acted with reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff was placed.

21.    Defendants' actions were willful and wanton such that Plaintiff is entitled to recover punitive damages.

22.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial.

## COUNT III
### (Intentional Infliction of Emotional Distress)

23.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of this Complaint.

24.    Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff.

25.    Defendants' acts were outrageous.

31489-1                                          5

26.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer extreme emotional distress, along with general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish, and humiliation in an amount to be proven at trial.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

A.    For general, special, and punitive damages in amounts to be proven at trial;

B.    For Pre-Judgment interest to the extent permitted by law;

C.    For Plaintiff's attorneys' fees and costs; and

D.    For any and all further relief that the Court may deem just and proper.

DATED:    Honolulu, Hawaii, August 4, 2006.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

31489-1                                                    6

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. _____ |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| vs. | ) | |
| | ) | |
| JACQUELINE A. MARATI, LINA'LA SIN | ) | |
| CASINO, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded in the above-entitled action on all triable issues.

DATED:      Honolulu, Hawaii, August 4, 2006.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

**Attorneys for Plaintiff**
**HOOLAE PAOA**

| STATE OF HAWAI'I<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| **PLAINTIFF**                        vs.<br><br>HOOLAE PAOA | **DEFENDANT**<br><br>JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10 | |

**PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)**

Bruce D. Voss 6532-0 / Michael C. Carroll 7583-0
Bays, Deaver, Lung, Rose & Baba
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Tel. (808) 523-9000

TO THE DEFENDANT(S):

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, and answer to the complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

**This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.**

**A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.**

| DATE ISSUED<br><br>AUG – 4 2006 | CLERK<br><br>N. ANAYA | [SEAL: FIRST CIRCUIT COURT STATE OF HAWAII] |
|---|---|---|
| I do hereby certify that this is a full, true, and correct copy of the original on file in this office. | | CIRCUIT COURT CLERK |

SUMMONS TO ANSWER CIVIL COMPLAINT

1C-P-305

Of Counsel:

BAYS, DEAVER, LUNG,
ROSE & HOLMA

BRUCE D. VOSS      6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL   7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>      Plaintiff,<br><br>   vs.<br><br>JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10,<br><br>      Defendants. | ) CIVIL NO. 06-1-1358-08 (KSSA)<br>) (Other Non-Vehicle Tort)<br>)<br>) PLAINTIFF'S RESPONSE TO<br>) DEFENDANT JACQUELINE A.<br>) MARATI'S FIST REQUEST FOR<br>) ANSWERS TO INTERROGAORIES<br>) DATED MAY 10, 2007<br>)<br>)<br>)<br>)<br>)<br>) |

EXHIBIT _____

PLAINTIFF'S RESPONSE TO DEFENDANT JACQUELINE A. MARATI'S FIST
REQUEST FOR ANSWERS TO INTERROGAORIES DATED MAY 10, 2007

Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays

Deaver Lung Rose & Holma, responds to Defendant JACQUELINE A. MARATI's

("Defendant") First Request for Answers to Interrogatories dated May 10, 2007, as follows.

Plaintiff objects to all interrogatories calling for identification of "each and every

meeting, conversation or communication," "each and every person," and "each and every

document," which support a contention, allegation, or count. Such interrogatories call for work

product and are vague and ambiguous because it is not clear whether persons, facts, or

documents which are clearly insignificant should be revealed as well.

Plaintiff objects to all interrogatories to the extent they are irrelevant, overly

broad, and vexatious.

Plaintiff objects to all interrogatories to the extent they call for work product or

attorney-client privileged communications.

Plaintiff's discovery and investigation into this matter is continuing and the

responses set forth herein do not preclude the further discovery and development of evidence nor

the presentation thereof at trial. Plaintiff also reserves his right to supplement his answers.

DATED: Honolulu, Hawaii, June 22, 2007.


BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

37962_1

2

<u>INTERROGATORIES</u>

<u>PERSONAL HISTORY</u>

1.     State your full name and all other names you have used in the past, and the period(s) during which you were known by each name.

<u>Answer:</u>

Hoolae Paoa


2.     State your present residence address, all past residence addresses during the last 10 years, the dates you lived at each address, and the name(s) of all person(s) residing with you at each address.

<u>Answer:</u>

Plaintiff objects to this interrogatory to the extent that it is vague and ambiguous as to the term "residence", and the request seeking "the name(s) of all person(s) residing with you" is vexatious and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Mr. Paoa responds as follows:

I was born and raised in Hawaii, and have lived most of my life in Hawaii. I consider Hawaii to be my home. For business reasons, I am currently a resident of Saipan, and my address in Saipan is PMB 29 Box 10,001, Saipan CNMI 96950. Before that, my residential address was 47-456 Hui Kela Street, Kaneohe, Hawaii 96744.

37962_1

3

3.      State your date of birth, birthplace, and social security number.

Answer:

Plaintiff objects to this interrogatory requesting the disclosure of Mr. Paoa's social security number to the extent that it seeks personal and proprietary information that is protected from disclosure pursuant to Hawaii Rules of Civil Procedure Rule 26, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff responds as follows:

September 21, 1950, Honolulu, Hawaii.

4.      If you are married or have ever been married, state the name and address of each spouse (including maiden name, if applicable), the date and place of each marriage, and date and manner of termination of prior marriage(s).

Answer:

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Identify all of your children, including the full name (give both married and maiden name of any married female children), present address, and date and place of birth of each child.

Answer:

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

37962_1

4

6.    If you have ever been convicted of any crime, for each crime state the nature and date of each offense, and the court(s) in which you were convicted.

   Answer:

   Plaintiff objects to this interrogatory on the grounds that it is overbroad to the extent that it may be interpreted as including traffic and driving infractions, which are not reasonably calculated to lead to admissible evidence, and seeks information that is available through public record. Without waiving these objections, Mr. Paoa responds as follows:

   I made a plea for theft charges over twenty years ago in Hawaii. It was a long time ago, and I have performed full restitution for this event. There were also two domestic dispute incidents with my ex-wife in the mid 1990s. The later event involved an incident where my ex-wife threw a sledge-hammer through my windshield and I accepting a charge so my ex-wife would not be charged.

7.    If you have ever been convicted of any felony, for each felony state the nature and date of each felony and the count(s), and the court(s) in which you were convicted.

   Answer:

   See Answer to Interrogatory No. 6.

8.    If you have ever been involved in any legal proceedings (including but not limited to civil, criminal, family, special proceeding) other than the present lawsuit, state the year each legal proceeding commenced, the civil, criminal, family or special proceeding number, the court in which each legal proceeding was filed, a description of the type of relief sought (by you or against you) in each proceeding, and the outcome of each proceeding.

   Answer:

   Plaintiff objects to this interrogatory because it is vague and ambiguous as to the term "involved", seeks information that is public record and the request is overly broad. Without waiving these objections, Plaintiff responds as follows:

To the best of my recollection, I have been involved in the following matters:

STATE OF HAWAII VS. HOOLAE PAOA, 2PC00-0-007220
MELANIE SUE PAOA VS HOOLAE PAOA, 1DV85-0-003280
MENEFEE MANAGEMENT CORP VS HOOLAE PAOA, 1CC85-0-003546
INTERNATIONA SAV LOAN ASSN LTD VS HOOLAE PAOA ETAL, 1CC86-0-000494
STATE OF HAWAII VS HOOLAE PAOA, 2FC90-0-000413
STATE OF HAWAII VS HOOLAE PAOA, 1FC91-0-001940
STATE OF HAWAII VS HOOLEA PAOA, 1FC92-0-002027
STATE OF HAWAII VS HOOLAE PAOA, 1FC92-0-002186
STATE OF HAWAII VS HOOLAE PAOA, 1FC97-0-002153
HOOLAE PAOA VS LISA PAOA, 1DV05-1-003422
STATE OF HAWAII VS HOOLAE PAOA, 2FC93-0-000682
KATHY M IMAI VS HOOLAE PAOA, 1CC00-0-079909
STATE OF MARYLAND ETAL VS HOOLAE PAOA, 2UR89-0-000146
STATE OF HAWAII VS HOOLAE PAOA, 2FC90-0-000515
STATE OF HAWAII VS HOOLAE PAOA, 2FC91-0-000456
HOOLAE PAOA ETAL VS CHUNG KUN CHO ETAL, 1CC00-1-001950

9.    Describe in detail each and every injury and all damages which you believe was caused by the incident, and state the amount of damages you are claiming as a result of the subject incident.

Answer:

I have felt embarrassed and ashamed based on this article and the false statements that were stated in this article. It has caused me stress, anxiety and very unpleasant mental reactions. My business reputation has also been impacted as several business associates have approached me regarding this press release and the false statements that were made in the article. I have also lost business opportunities as a result of the press release. For example, around the time of the press release, I was in negotiations with a hedge fund, Gottex, who was interested in partnering on a project in Kona. Based on the negative publicity, they would not go forward with the transaction as long as I was involved. I would have received a commission on the deal in the range of $10-12 million. Additionally, I was involved in another real estate transaction where I would have been compensated as a broker for roughly $300,000. Based on the negative press, the buyer/venture partner backed out. I was also the chief negotiator for the Qualifying Certificate for Bridge Capital's EDC, which was needed to relocate our business operations to Saipan. As a result of the negative press, the certification process was held up by six months.

10.   Describe your complete employment history up to the incident date (including each employer's full name and address, type of business, full or part-time, rate of pay, inclusive dates of employment and reason for termination.

   Answer:

   I have been employed by Bridge Capital and/or related entities since 1998 as CEO of one of these entities.

11.   For each of the five full tax years preceding the incident, the year of the incident and for each full tax year since the incident, state the following information.

| Year | Income from Wages | Profit or Loss from Business | Other Income | Total |
|------|-------------------|------------------------------|--------------|-------|
| 2006 | | | | |
| 2005 | | | | |
| 2004 | | | | |
| 2003 | | | | |
| 2002 | | | | |
| 2001 | | | | |
| 2000 | | | | |

   Answer:

   Plaintiff objects to this interrogatory because it is vexatious, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

12.   Identify all other expenses you claimed as result from or are directly chargeable to the incident other than medical expenses and loss of income.

   Answer:

   See Answer to Interrogatory No. 9.

13. Please state your net worth at the time of the incident and specify all of your assets and liabilities.

   Answer:

   Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

14. Paragraph 11 of the Complaint states: "Defendants published [a press release on or about July 31, 2006] and distributed false and defamatory statements about and concerning Plaintiff." Please specify in detail exactly what statements were false and defamatory and list each and every fact known to you which supports the statement which you have made in paragraph 11.

   Answer:

   Plaintiff objects to this interrogatory because it is vexatious, vague and ambiguous, and unduly burdensome. Subject to these objections, Plaintiff responds as follows:

   The press release was false and defamatory because it asserted that I was allegedly involved and connected to improper efforts to legalize slot machines or gambling in Guam and in other locations, that I was associated with individuals that were involved in improper or illegal activities, that I personally was an "unscrupulous" and dishonest business person, that I personally have engaged in continuing felonies and other crimes that would impact my trustworthiness and ability to do business, and that I have committed offenses that I did not commit.

15. Paragraph 16 of the Complaint alleges the following: "[A]s a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu..." Please specify the damages and the amount you claim to have suffered to your personal and professional reputation in the State of Hawaii, City and County of Honolulu as a result of the incident, and list all facts which support your damages.

   Answer:

   See Answer to Interrogatory No. 9.

16.    Paragraph 24 of the Complaint states: "Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff." Please list every act that you allege that Defendant Marati performed, that caused you the specific harm you sustained, and the specific facts to support your contention.

Answer:

Plaintiff objects to this interrogatory because it is grossly overbroad, vague and ambiguous. Without waiving these objections, Plaintiff responds as follows:

Defendants published a press release with knowledge or a reckless disregard for the truth or falsity of the statements. Defendants issued the press release with the false and defamatory statements to news organizations and numerous individuals with the intent that it would cause as much damage to me personally and to my reputation as possible. As early as the date the Complaint was received, Defendants have known of the false nature of the press release and the damage it has caused, and continues to cause. Defendants have, however, done nothing to correct it.

17.    Paragraph 26 of the Complaint states: "As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer extreme emotional distress..." Please describe in detail, all facts which support this contention.

Answer:

See Answer to Interrogatory No. 9.

18.    Please identify all doctors or other health care specialists who have examined or treated you for your alleged injuries, which you claimed to have been caused by the incident and state the date of treatment and whether or not, the health care specialist has written a report regarding your physical or mental condition.

Answer:

I have not seen a doctor or health care specialist for treatment.

37962_1

9

19.    State the name and address of all doctors, psychiatrists, psychologists, chiropractors, osteopaths, neuropaths, acupuncturists, masseuses, or physical therapists who have examined or treated you for injuries or ailments at any time for any purpose (excluding minor illnesses such as colds or flu), and state the nature of the disorder, the diagnosis of each person, the date(s) or examination and treatment by each person and the nature of the treatment by each person (including the prescription of any drugs).

Answer:

N/A

20.    Itemize all medical expenses you claim resulted from or are directly chargeable to the incident (including the amount of each charge, name of person or organization where each expense was incurred, and inclusive dates expenses were occurred.)

Answer:

N/A

21.    Identify each person who assisted you in answering the foregoing interrogatories.

Answer:

Plaintiff objects to this interrogatory to the extent it calls for attorney/client privilege. Without waiving this objection, Plaintiff responds as follows.

No one other than my attorney.

37962_1

10

22.    Do the answers to each and every one of the foregoing interrogatories include not only the information known to you or your attorney, but also all the information within the possession or control of yourself or your attorney?

<u>Answer:</u>

Yes.

37962_1

11

## VERIFICATION

STATE OF ___Hawaii___ )
)  SS:
City & COUNTY ___Honolulu___ )

    I, HOOLAE PAOA, being first duly sworn on oath, state, that I have carefully read these interrogatories and my answers to these interrogatories. My answers are true to the best of my knowledge and belief.

_____
HOOLAE PAOA

Subscribed and sworn to before me
this __15th__ day of ___June___, 2007.

_____
Name of Notary ___Jeannine M. Grusmich___
Notary Public, State of ___Hawaii___

My commission expires: ___8/5/19___

37962_1                    12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | Civil No. CV 07-00370 JMS LEK |
|  | (Other Non-Vehicle Tort) |
| Plaintiff, | |
| vs. | |
|  | CERTIFICATE OF SERVICE |
| JACQUELINE A. MARATI, | |
| LINA'LA SIN CASINO, and DOES | |
| 1-10, | |
|  | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was duly served on the following persons at their last known addresses.

Served Electronically through CM/ECF:


Served by Hand Delivery:

BRUCE D. VOSS, ESQ.
MICHAEL C. CARROLL, ESQ.
Bays, Deaver, Lung, Rose & Baba
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, Hawaii 96813

Attorneys for Plaintiff

1

DATED:  Honolulu, Hawaii, <u>August 20, 2007</u>.

<u>/s/ Laura A. Kuioka</u>
LESLIE R. KOP
LAURA A. KUIOKA
Attorneys for Defendant
Jacqueline A. Marati

2