Of Counsel:

BAYS DEAVER LUNG
ROSE & HOLMA

BRUCE D. VOSS            6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL       7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>        Plaintiff,<br><br>vs.<br><br>JACQUELINE A. MARATI,<br>LINA'LA SIN CASINO, and DOES<br>1-10,<br><br>        Defendants. | CIVIL NO. CV07 00370 JSM-LEK<br>(Other Non-Vehicle Tort)<br><br>PLAINTIFF HOOLAE PAOA'S REPLY MEMORANDUM TO MEMORANDUM IN OPPOSITION TO PLAINTIFF HOOLAE PAOA'S MOTION TO REMAND, FILED AUGUST 20, 2007; CERTIFICATE OF SERVICE |

PLAINTIFF HOOLAE PAOA'S REPLY MEMORANDUM TO MEMORANDUM IN OPPOSITION TO PLAINTIFF HOOLAE PAOA'S MOTION TO REMAND, FILED AUGUST 20, 2007

I. INTRODUCTION

In her Memorandum in Opposition, Defendant Jacqueline A. Marati ("Defendant") is attempting to have this Court rule that a defendant can litigate a case in State Court for a period of nearly a year, ignore the express allegations of the Complaint setting forth the magnitude of the claims, fail to conduct any discovery to determine the amount of the claim; and then, after receiving unfavorable rulings in State Court, conduct tactical discovery and seek removal based on the expected responses. The result Defendant is seeking is unsupported, and contrary to the policy underlying the removal statute, which is to require parties to seek removal at the earliest possible time to avoid duplicity of action and forum shopping. For the reasons set forth in Plaintiff Hoolae Paoa's ("Mr. Paoa") Memorandum in Support of Motion to Remand and herein, this Court should remand this case to State Court.

II. DISCUSSION

A. Defendant's Notice of Removal is Untimely

The facts and law set forth in Mr. Paoa's motion are not disputed. The removal statute is narrowly construed against removal

jurisdiction, and any doubt should always be in favor of remand. Hawaii v. Abbott Laboratories, Inc., 469 F. Supp. 2d 842, 851 (D. Hawai'i 2006) (citation omitted). In this case, Defendant had notice as to the magnitude of Mr. Paoa's claims when she received the Complaint, which claims are well in excess of $75,000. Mr. Paoa's Complaint expressly sought damages from Defendant for "***great injury***" to his "personal and professional reputation", and for exposing him to, among other things, "**hatred, contempt, ridicule, and obloquy[.]**" See Complaint ¶ 9 (emphasis added). Mr. Paoa sought not only general and special damages, but also included claims for punitive damages based on Defendant's actions.

Contrary to Defendant's argument, there is no requirement to state the actual amount in controversy, all that is required is that the complaint "more likely than not" alleges damages in excess of the jurisdictional threshold. See e.g., Fate v. Buckeye State Mut. Ins. Co., 174 F. Supp. 2d 876, 879 (N.D. Ind. 2001); Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 247 (D.C. Fla. 1982) (holding that defendant should have known that the amount in controversy was in excess of the jurisdiction amount based on a "reasonable reading of the complaint"); Century Assets Corp. v. Solow, 88 F.Supp.2d 659, 661 (E.D. Tex.2000) (same); McCraw v. Lyons, 863 F.Supp. 430, 434 (W.D. Ky.1994) (same); Keller v. Carr, 534

F.Supp. 100, 102-03 (D.C. Ark. 1981) (same). Mr. Paoa's Complaint sets forth the magnitude of this action, and sets forth allegations well in excess of the jurisdictional threshold for diversity jurisdiction. Defendant's notice of removal brought eleven months after the Complaint was filed is therefore untimely.

> B.  <u>Defendant Waived Her Right For Removal</u>

Further, Defendant chose to purposefully avail herself of State Court jurisdiction waiving her right to later remove this case. Defendant has failed to distinguish those cases cited in Mr. Paoa's motion that set forth the principals of waiver. The facts in <u>Fate</u> are virtually identical to the present case. In <u>Fate</u>, the court held that (1) defendant reasonably should have known that the amount in controversy exceeded the jurisdictional threshold based on a fair reading of the complaint; and (2) defendant waived its right to seek removal by actively litigating in state court. With respect to the court's ruling on waiver, the court ruled that the defendant had "waived its right to remove by litigating this case in state court"; and that "[defendant] ha[d] certainly taken affirmative action in state court by moving to dismiss the case and attempting to bifurcate the issues. The intent of these motions was not to merely defend against plaintiff's claims, but to dispose of the case altogether." The Court further stated:

> Moreover, as discussed in the previous section, from the time of the initial complaint, [defendant] was on notice that the amount-in-controversy requirement may be met. Rather than immediately investigate further to determine whether the case was removable, [defendant] chose to seek dismissal of the case in state court and to litigate in state court for nearly one full year. Only when the state court denied its motions did [defendant] remove the case to this Court. Because [defendant] sought affirmative action in state court before removing to federal court, it evidenced an intent to litigate in state court. Accordingly, [defendant] waived its right to remove this case to federal court.
>
> …
>
> Given the untimeliness of [d]efendant's removal, its filing of dispositive motions in state court, and the fact that this Court is to resolve all doubts in favor of remand, the Court is satisfied that this cause should be remanded to the Wells County Circuit Court.

Id. at 881-82.  Similarly, in Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986), the court held that where defendants actively defended the action, filed answers, amended answers, motions of various kinds, and other pleadings, they waived their rights to consent to removal.

In this case, it is undisputed that Defendant waited nearly a year before seeking to remove this case to federal court.  Before doing so, Defendant filed a motion to dismiss seeking to dispose of all claims asserted in the Complaint, other motions, a pretrial statement, a counterclaim, attended hearings and deposition, and actively litigated this case.  Defendant did not seek discovery (or even inquire) as to the amount of Mr. Paoa's

39959-1                                            5

claims until after being defeated on her motion to dismiss, and after illustrating a clear and unequivocal intent to litigate in State Court. Defendant's sole motivation of seeking removal is forum shopping, a basis that should not be rewarded by this Court. Accordingly, Defendant's actions constitute a waiver of her right to seek removal.

    C.    <u>Defendant Incorrectly Relies On Harris</u>

Finally, Defendant's reliance on <u>Harris</u> for the proposition that she had no duty to investigate is misplaced and misinterprets the case. In <u>Harris</u>, the plaintiff brought a state court action against an out of state disability insurer, and its agent who was alleged to be a resident of the forum state at the time of the incident. The agent had actually died 19 years before the complaint was filed. The issue before the court was whether the residency of another defendant could be gleaned from the four corners of the complaint where the complaint incorrectly stated that the agent had resided in the forum state at the time of the incident and was silent as to his residency at the time of the action.

In <u>Harris</u>, the district court denied plaintiff's motion to remand to state court reasoning that plaintiff's actions in assuming he was entitled to name a person dead for 19 years, take no action to pursue the claims against him, represent to opposing counsel even after the case was removed that

plaintiff was continuing to search for him, and then arguing that the defendant did not act timely would condone "a measure of sharp practice bordering upon a fraud upon the Court." Id. at 692. The Ninth Circuit affirmed this decision, and added that the case was not removable based on the initial complaint because it "did not affirmatively reveal" the defendant's residency, and that the case became removable when defendant learned that plaintiff abandoned his claims against the agent, thus creating diversity jurisdiction.

None of the factors present in the Court's ruling in Harris are present in this case. Mr. Paoa's Complaint clearly stated the magnitude of this action, and did not mislead Defendant to assume that this case involved less than $75,000 in damages. Mr. Paoa did not engage in any activities that could conceivably be construed as improper or misleading that would justify a defendant from filing a belated notice of removal. In fact, Mr. Paoa candidly articulated the magnitude of this case throughout the State proceeding and Defendant litigated this case accordingly. Thus, regardless of whether Defendant had a duty to investigate, the Complaint indicated that the amount in controversy was in excess of $75,000. Defendant should have removed within 30 days from service of the Complaint, and its tactical decision to not do so should not be rewarded.

Finally, there was further no waiver on the part of the defendant in Harris. Defendant in this case, actively litigated in State Court, filed dispositive and non dispositve motions, a counterclaim, and waited until after filing her motion to dismiss before seeking discovery (or inquiring) as to the amount of Mr. Paoa's claim. Accordingly, Defendant in this case has waived her right to seek removal after actively litigating this case for nearly a year in State Court.

III.  CONCLUSION

This Court should remand this case to State Court because (1) Defendant has failed to timely seek removal of this action by waiting nearly a year to seek removal; and (2) Defendant has waived her right to seek removal by filing dispositive and non-dispositive motions, a pretrial statement, counterclaim, and actively litigating this case in State Court.

DATED:  Honolulu, Hawaii, September 4, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

39959-1                                                                                8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. CV07 00370 JSM-LEK |
| | ) | |
| Plaintiff, | ) | (Other Non-Vehicle Tort) |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2007, a true and correct copy of the foregoing document was served on the parties listed below at their respective addresses by U.S. Mail, first-class postage prepaid:

    LESLIE R. KOP
    LAURA A. KUIOKA
    1200 Davies Pacific Center
    841 Bishop Street
    Honolulu, Hawaii 96813
    Attorneys for Defendant
    JACQUELINE A. MARATI

    ANITA P. ARRIOLA, ESQ.
    ARRIOLA, COWAN & ARRIOLA
    259 Martyr Street, Suite 201
    Hagatna, Guam 96910
    Attorney for Defendant, *Pro Hac Vice #061075*
    JACQUELINE A. MARATI

MICHAEL F. PHILLIPS, ESQ.
410 W. O'Brien Drive, Suite 102
Hagatna, Guam 96910
Attorney for Defendant
LINA'LA SIN CASINO

DATED: Honolulu, Hawaii, September 4, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

39959-1

2