IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. 07-00370 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JACQUELINE A. MARATI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY WITHOUT
PREJUDICE PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Hoolae Paoa's ("Plaintiff") Motion to Remand ("Motion"), filed August 3, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to the Local Rules for the District of Hawai'i ("Local Rules") 7.2(d). Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be DENIED WITHOUT PREJUDICE for the reasons below.

**BACKGROUND**

On August 4, 2006, Plaintiff commenced the instant action in the First Circuit Court, State of Hawai'i against Defendants Jacqueline A. Marati ("Marati") and Lina'la Sin Casino ("Casino") (collectively "Defendants"). The dispute arises out of a press release written by Defendants, and purportedly circulated in Guam and Hawai'i, "that identified Plaintiff by

name, and falsely alleged that Plaintiff committed acts of moral turpitude and violated the law." [Ex. A to Opp'n at ¶ 6.] Plaintiff also alleges that the release accused Plaintiff and other individuals of participating in fraudulent or unlawful schemes to legalize gambling in Guam. [Id.] In his Complaint, Plaintiff includes claims for defamation (Count I); false light - invasion of privacy (Count II); and intentional infliction of emotional distress (Count III). He prays for "general, special, and punitive damages in amounts to be proven at trial." [Id. at 6.]

According to the Returns and Acknowledgment of Service, Defendants were served on August 7, 2006. On August 29, 2006, Plaintiff requested entry of default against Defendants, which the court granted. On September 5, 2006, Marati filed a motion to dismiss for lack of personal jurisdiction and improper venue. On October 5, 2006, Marati filed a motion to set aside entry of default, which the court granted on October 23, 2006. On January 26, 2007, the court denied Marati's motion to dismiss. Marati then moved for leave to file an interlocutory appeal on February 5, 2007, which the court denied.

On June 26, 2007, Marati received Plaintiff's response to her interrogatory requests, in which Plaintiff indicated that as a result of the alleged defamation, he lost out on business opportunities in the amount of $10-12 million, as well as

2

commission in the amount of roughly $300,000.  [Ex. B to Opp'n at 6.]

On July 11, 2007, Marati removed the case to federal court on the basis of diversity jurisdiction.

Plaintiff now seeks to remand the case to state court on two grounds: 1) Marati's removal is untimely and 2) Marati waived her right to seek removal by actively litigating the case in state court.  Plaintiff acknowledges that when defendants have no reason to know of a basis for federal jurisdiction, they are not constrained by the limitation requiring removal within thirty days of service.  According to Plaintiff, however, Marati should have been alerted that the amount in controversy exceeds $75,000 because of the language in the Complaint and the prayer for general, special and punitive damages.  Plaintiff further asserts that if Marati had any doubt about the amount in controversy, she should have timely attempted to ascertain the amount in controversy.  Plaintiff points out that rather than seeking clarification about the amount in controversy from him, Marati actively litigated the case and waited nearly nine months to request discovery.

Plaintiff secondly argues that Marati waived her right to remove the action because she actively litigated in state court by defending the action, filing an answer, amending the answer, and filing various motions prior to seeking removal.

Plaintiff represents that Marati never claimed that the case was removable or that the amount in controversy was less than $75,000. Plaintiff charges Marati with seeking a "second bite at the apple" because the state court judge denied her motion to dismiss. For these reasons, Plaintiff asks the Court to remand the action.

On August 20, 2007, Marati filed an Opposition. She claims that because the Complaint is silent as to the amount of damages sought by Plaintiff, she could not have determined whether the amount in controversy was satisfied such that removal would be proper. It is therefore her position that removal would have been improper within thirty days following service of the Complaint.

In response to Plaintiff's argument that she has waived her right to remove by actively litigating in state court, Marati counters that she only filed the pleadings necessary to preserve and defend her rights. She also asserts that she sought removal as soon as she ascertained that diversity jurisdiction existed. Specifically, Marati maintains that she only filed a motion to set aside entry of default, a motion to dismiss based on lack of personal jurisdiction and improper venue, a motion for order permitting appearance and association of counsel pro hac vice, and a motion for leave to file interlocutory appeal. She represents that she additionally filed an answer, counterclaim

and a responsive pretrial statement because she was required to do so. Moreover, Marati insists that she did not abandon her right to a federal forum because she could not ascertain a basis for federal jurisdiction until she received Plaintiff's responses to her discovery requests. Marati reiterates that she did not know the case was removable because the Complaint did not specify the amount of damages. Even if the Complaint indicated the possibility of removal, Marati believes that she did not have a duty to inquire within the thirty days following receipt of the Complaint.

On September 4, 2007, Plaintiff filed a Reply. Plaintiff maintains that it was evident from the Complaint that the amount of controversy well-exceeded $75,000. As such, it is his position that Marati's notice of removal is untimely. Plaintiff also reiterates that Marati waived her right to remove. In particular, Plaintiff asserts that Marati not only waited nearly a year before removing this action, but also filed numerous motions and pleadings and actively litigated the case in state court. Plaintiff further emphasizes that Marati failed to seek discovery or inquire about the amount in controversy until after losing her motion to dismiss. Plaintiff charges Marati with forum shopping.

Lastly, Plaintiff argues that Marati incorrectly relies on Harris v. Bankers Life and Casualty Co., 425 F.3d 689 (9th

Cir. 2005), for the proposition that she had no duty to investigate. Plaintiff claims that this case is distinguishable from Harris. Specifically, Plaintiff postulates that his Complaint clearly stated the magnitude of the action; he did not engage in any activities that would justify Marati's belated notice of removal; and he articulated the magnitude of the case throughout the state court proceedings. Plaintiff insists that because the Complaint indicated that the amount in controversy exceeded $75,000, Marati should have removed the action within thirty days of service of the same.

## **DISCUSSION**

Marati removed the instant case pursuant to 28 U.S.C. §§ 1441(a), 1446(b), and 1332. [Notice of Removal at 1, ¶ 4.] Section 1441 provides, in pertinent part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441 (a). Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of

establishing the existence of federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005).

Marati moved for removal based on diversity jurisdiction because she is a resident of Guam, Casino is a non-profit organization formed and organized under the laws of Guam, Plaintiff is a resident of Hawai'i, and the amount in controversy exceeds $75,000.00. [Notice of Removal at ¶¶ 5, 8.] Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.[1] See 28 U.S.C. § 1332(a)(1). A defendant may remove such an action to federal court provided that no defendant is a citizen of the same state in which the action was brought. See 28 U.S.C. § 1441(b).

The parties do not dispute the amount in controversy nor the existence of diversity. Rather, Plaintiff opposes Marati's removal as untimely. Section 1446(b) governs the timing of removal. It provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

---

[1] Section 1332(e) defines "states" as "Territories, the District of Columbia, and the Commonwealth of Puerto Rico." 28 U.S.C. § 1332(e).

7

>setting forth the claim for relief upon which such
>action or proceeding is based . . . .
>
>If the case stated by the initial pleading is not
>removable, a notice of removal may be filed within
>thirty days after receipt by the defendant,
>through service or otherwise, of a copy of an
>amended pleading, motion, order or other paper
>from which it may first be ascertained that the
>case is one which is or has become removable,
>except that a case may not be removed on the basis
>of jurisdiction conferred by section 1332 of this
>title more than 1 year after commencement of the
>action.

28 U.S.C. § 1446(b).  Section 1446 therefore affords two thirty-day windows during which a defendant may remove an action.  In potential diversity cases, three removal scenarios present themselves: "1) the case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint . . . 2) the case clearly is not removable on the basis of jurisdictional facts apparent from the face of the complaint . . . ; or 3) it is unclear from the complaint whether the case is removable."  Harris, 425 F.3d at 692-93.  The third scenario is referred to as an "indeterminate pleading."  Id. at 693.  An indeterminate pleading is at issue here.

Marati claims that she could not have properly removed the case within thirty days of receiving the Complaint because the non-specific allegations of damages precluded her from determining whether the amount in controversy exceeded $75,000.  She thus contends that the second thirty-day window set forth in § 1446(b) applies.  According to Marati, the amount in

8

controversy did not become evident until she received Plaintiff's responses to her discovery requests on June 26, 2007. It is therefore her position that she had thirty days from June 26, 2007, to remove the action. Because she filed the Notice of Removal on July 11, 2007, she insists that she timely removed the action.

The Ninth Circuit has held that "the first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." Id. at 694. Indeed, "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." Id. at 695. Where a plaintiff *fails to explicitly disclose the amount of damages* in his or her complaint, the clock does not begin to run upon receipt of the complaint. Id. at n.5 (quoting In re Willis, 228 F.3d 896, 897 (8th Cir. 2000)) (emphasis added); see also id. (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) ("[T]he removal clock begins to run 'from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" (quotations omitted)).[2]

---

[2] Plaintiff takes great care to distinguish Harris and to suggest that it is inapplicable here. Harris is binding precedent, however, and this Court is obligated to follow the law

Based on the Ninth Circuit's interpretation of § 1446(b), Marati timely removed this case. The Complaint did not affirmatively reveal that the amount in controversy exceeded $75,000. Plaintiff nevertheless insists that the Complaint clearly stated the magnitude of the action. But allegations of "great injury" and exposure to "hatred, contempt, ridicule, and obloquy" are subjective and not explicit disclosures of the amount in controversy.

Plaintiff relies on cases from other jurisdictions for the proposition that Marati had a duty to inquire about the amount in controversy.[3] While other jurisdictions have interpreted § 1446(b) to require inquiry by a defendant within the first thirty days of receiving an indeterminate complaint, the Ninth Circuit imposes no such duty. See id. at 693 n.2

---

therein. Contrary to Plaintiff's assertions, the Ninth Circuit's holding in Harris was by no means limited to issues of residency versus citizenship. Rather, Harris governs situations, as here, involving indeterminate pleadings. Footnote 5 clearly sets forth and adopts holdings from other circuits that involve various scenarios in which an indeterminate pleading did not reveal grounds for removal. Included in these scenarios are cases where the plaintiff did not specify the amount of damages in the complaint.

[3] In particular, Plaintiff relies on Fate v. Buckeye State Mutual Insurance Co., 174 F. Supp. 2d 876 (N.D. Ind. 2001). While the Court acknowledges that Fate is factually similar to the instant case, it is not binding nor persuasive authority. First, it is a district court case from Indiana. Second, it is clear that the Fate court subscribes to the principle that a defendant has a duty to investigate potential bases for removal, whereas the Ninth Circuit does not.

(quoting Moore's Federal Practice 3d 107.30[3][f] ("Courts are split on whether to impose a duty to investigate and determine removability when the initial pleading indicates that the right to remove *may* exist.  When it is apparent that removal may be justified, some courts impose a duty on potential movants to investigate potential reasons for removal.  Other courts require that the right to remove must be unequivocally apparent from the pleading and impose no duty to investigate when the right to remove may be indicated by the pleading.")).

   In addition to the absence of a specified amount of damages, the Complaint stated the parties' *residency*, not their citizenship.  It is well-established that "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  State citizenship is determined by the state of domicile, not the state of residence.  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.  A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  <u>Id.</u> (citations omitted).  The fact that Plaintiff did not indicate the parties' citizenship, when coupled with the Complaint's silence respecting the amount in controversy, makes it clear that the action was not removable based on the initial pleading.  As such, Marati's

11

receipt of the Complaint did not trigger the first thirty-day window for removal.  Instead, the thirty-day window commenced upon Marati's receipt of Plaintiff's response to her first request for answers to interrogatories because the responses affirmatively revealed that the amount in controversy exceeded $75,000.  Given that she received these responses on June 26, 2007, the Court finds that her July 11, 2007 removal was timely.

Although Marati timely removed, the Court must still determine whether she has satisfied her burden of establishing diversity jurisdiction.  Neither the Complaint nor the Notice of Removal alleges the citizenship of the parties.  As already discussed, however, diversity is measured by citizenship, not residency.

The Complaint states that Plaintiff is a resident of the State of Hawai'i and the Notice states likewise.  [Ex. A to Opp'n at ¶ 1; Notice of Removal at ¶ 4.]  With respect to Defendants, the Complaint alleges that Marati is a resident of Guam and that Casino is "an entity formed and organized under the laws of Guam."  [Ex. A to Opp'n at ¶¶ 2-3.]  The Notice states that "[n]either Defendant Marati nor Defendant Lina'la Sin Casino are residents of Hawai`i.  At all times relevant herein, Defendant Marati is and was a resident of Guam.  At all times relevant herein, Defendant Lina'la Sin Casino is and was, a non-profit organization formed and organized under the laws of Guam."

[Notice of Removal at ¶ 5.]  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  <u>Kanter</u>, 265 F.3d at 857 (citing <u>Whitmire v. Victus Ltd. t/a Master Design Furniture</u>, 212 F.3d 885, 887 (5th Cir. 2000)).  Marati's failure to specify the parties' citizenship in the Notice is fatal to her assertion of diversity jurisdiction.  <u>Id.</u> at 858.

     Despite this failure, however, Marati may cure the defect by amending her Notice.  Section 1653 of Title 28 of the United States Code provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial . . . courts."  28 U.S.C. § 1653; <u>see</u> <u>also</u> <u>Kanter</u>, 265 F.3d at 858.  This section applies to both removed actions and to those initiated in United States district courts.  <u>Barrow Dev. Co. v. Fulton Ins. Co.</u>, 418 F.2d 316, 317 (9th Cir. 1969) (citations omitted).  Ordinarily, "the notice of removal required by Section 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal."  14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Pocket Part by The Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Federal Practice and Procedure § 3733.  After the thirty-day period for seeking removal has passed, "the notice may be amended only to set out more specifically the

13

grounds for removal that already have been stated, albeit imperfectly, in the original notice." Id.; see also Barrow, 418 F.2d at 317 (after thirty-day period lapses, the defendant may not amend a notice of removal "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made"). Although the thirty-day period for seeking removal has expired in this case, any amendment by Marati to clarify the citizenship of the parties is permissible. See, e.g., id. at 318 (deficiencies in allegations of citizenship may be amended because they are lacking in form, not substance). This is particularly so given that Plaintiff does not contest the existence of diversity between himself and Defendants.

Assuming that Marati amends the Notice to properly allege diversity, the Court must still determine the amount in controversy. When "it is not facially evident from the complaint that more than $75,000 is in controversy," Marati must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The Ninth Circuit endorses "the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" Id. Conclusory allegations regarding the amount in controversy are insufficient. Id. at 1090-91.

While the Complaint is silent as to an amount of damages, Plaintiff's response to Marati's first request for answers to interrogatories states that but for the subject incident, Plaintiff "would have received a commission on [a] deal in the range of $10-12 million.  Additionally, [Plaintiff] was involved in another real estate transaction where [he] would have been compensated as a broker for roughly $300,000."  [Ex. B to Opp'n at 6.]  This response is the document from which Marati ascertained that the case was removable.  Based on Plaintiff's own representation in the response, the amount in controversy well-exceeds the jurisdictional minimum.  The Court thus finds that Marati has established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

As a second basis for remand, Plaintiff argues that Marati waived her right to remove because she actively litigated the instant case in state court.  Marati counters that she did not abandon her right to a federal forum, as removal was not evident from the Complaint.  "A party, generally the defendant, may waive the right to remove to federal court where, *after it is apparent that the case is removable*, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."  EIE Guam Corp. v. Long Term Credit Bank of Japan, Ltd., 322 F.3d 635, 649 (9th Cir. 2003) (quoting Resolution Trust Corp.

15

v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994)) (emphasis added) (quotations omitted). The "waiver of the right of removal must be clear and unequivocal." Id.

This Court has already found that Marati did not ascertain the removability of the instant action until June 26, 2007. Her state court filings and actions cannot therefore be interpreted as a manifestation of intent to adjudicate the matter there or to abandon her right to a federal forum.

## CONCLUSION

Based on the foregoing, this Court FINDS that Marati timely filed the Notice of Removal. The Notice is defective, however, as it states the residency, not the citizenship, of the parties. This Court RECOMMENDS that the district court permit Marati to amend her Notice of Removal to properly state the *citizenship* of the parties by no later than October 12, 2007. This Court further RECOMMENDS that if Marati fails to timely amend her Notice, that Plaintiff be permitted to file a renewed motion for remand consistent with the foregoing findings. Accordingly, this Court RECOMMENDS that Plaintiff Hoolae Paoa's Motion for Remand, filed August 3, 2007, be DENIED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, September 11, 2007.

16



```
                                    /S/ Leslie E. Kobayashi
                                   _____
                                   Leslie E. Kobayashi
                                   United States Magistrate Judge
```

**HOOLAE PAOA V. JACQUELINE A. MARATI; CV. NO. 07-00370 JMS-LEK; FINDINGS AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION TO REMAND**