Of Counsel:
FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP        4794
LAURA A. KUIOKA      8054
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808) 533-4300
Facsimile:  (808) 531-7585

Attorneys for Defendant
JACQUELINE A. MARATI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. 07-00370 JMS-LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | AMENDED NOTICE OF |
| | ) | REMOVAL; EXHIBITS "A-B"; |
| JACQUELINE A. MARATI, | ) | CERTIFICATE OF SERVICE |
| LINA'LA SIN CASINO, and DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

AMENDED NOTICE OF REMOVAL

Defendant JACQUELINE A. MARATI ("Defendant Marati") by and

through her attorneys Fukunaga Matayoshi Hershey & Ching, LLP hereby files her

Amended Notice of Removal with the Court pursuant to 28 U.S.C. §§ 1441 (a) and

1446 for the removal of the above-entitled action from the Circuit Court of the

First Circuit, State of Hawaii to the United States District Court for the District of Hawaii. In support, Defendant Marati submits to the Court:

1.     That the above entitled action was filed in the Circuit Court of the First Circuit, State of Hawaii on or about August 4, 2006, and is now pending in that court. A true and accurate copy of Plaintiff HOOLAE PAOA's ("Plaintiff") Complaint and Summons is attached as Exhibit "A" and incorporated herein by reference.

2.     This is an alleged defamation action, which involved events that took place in Guam.

3.     Defendants Marati and Lina'la Sin Casino are the only identified defendants in this action, notwithstanding the naming of fictitious Doe Defendants.

4.     The United States District Court for the District of Hawaii has original jurisdiction over this action by reason of complete diversity of citizenship between the parties under 28 U.S.C. § 1332.

5.     Plaintiff is a citizen of the State of Hawaii.

6.     Neither Defendant Marati nor Defendant Lina'la Sin Casino are citizens of Hawaii. At all times relevant herein, Defendant Marati is and was a citizen of Guam. At all times relevant herein, Defendant Lina'la Sin Casino is and

2

was, a non-profit organization formed and organized under the laws of Guam and a citizen of Guam.

7.    Pursuant to 28 U.S.C. §1446(b), "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of ...other paper from which it may first be ascertained that the case is one which is or has become removable..."

8.    The Complaint was filed on or about August 4, 2006. The Complaint failed to state an amount in controversy. See Exhibit "A".

9.    On May 10, 2007, Defendant Marati sent her request for answers to interrogatories to Plaintiff, including questions concerning Plaintiff's alleged damages.  On June 26, 2007, in response to request number 9, Plaintiff alleged that his damages caused by the incident were among others, a loss of "a commission on a deal in the range of $10-$12 million" and a loss of a real estate compensation "as a broker for roughly $300,000." A true and correct copy of Plaintiff's response is attached hereto as, Exhibit "B", page 6.  These amounts well exceed the amount in controversy threshold set forth in 28 U.S.C. § 1332.

10.    Prior to receipt of Plaintiff's answers to interrogatories, Defendant Marati did not know, and could not have known, the amount of Plaintiff's alleged damages.  As such, the thirty (30) days allowed for removal under 28 U.S.C. §

3

1446(b) has not yet expired and has only started to run on June 26, 2007.

Therefore, this notice of removal is timely and proper, as it is filed within thirty

days of receipt of Plaintiff's answers to interrogatories.

WHEREFORE, Defendant Marati prays that the above entitled action be

removed from the Circuit Court of the First Circuit, State of Hawaii to the United

States District Court for the District of Hawaii.

DATED:  Honolulu, Hawaii, September 26, 2007.


/s/ Laura A. Kuioka
LESLIE R. KOP
LAURA A. KUIOKA
Attorneys for Defendant
Jacqueline A. Marati

4

Of Counsel:

**BAYS, DEAVER, LUNG,**
**ROSE & BABA**

BRUCE D. VOSS        6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL        7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 AUG -4  PM 2: 36

N. ANAYA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | CIVIL NO. 06-1-1358-08   KSSA |
| Plaintiff, | (Other Non-Vehicle Tort) |
| vs. | COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | |
| Defendants. | |

## COMPLAINT

Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays,

Deaver, Lung, Rose & Baba, asserts the following Complaint against Defendants

JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10 (collectively

"Defendants"):

I do hereby certify that this is a full, true, and
correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT** A



1.    Plaintiff is an individual and at all times relevant herein was and still is a resident of the State of Hawaii, City and County of Honolulu.  Plaintiff has always enjoyed a good reputation for honesty, integrity, and moral character within the City and County of Honolulu, State of Hawaii.

2.    Upon information and belief, Defendant JACQUELINE A. MARATI ("Marati") is an individual and was at all times relevant herein a resident of Guam.

3.    Upon information and belief, Defendant LINA'LA SIN CASINO is an entity formed and organized under the laws of Guam.  Upon information and belief, Marati is the chairperson and spokesperson for Lina'la Sin Casino.

4.    Plaintiff is informed and believes and thereon alleges that other individuals or entities, whose identities are presently unknown to Plaintiff, may also be in some manner responsible for the injuries and damages to Plaintiff.  Defendants DOES 1 through 10 are named herein under fictitious names for the reasons that their true names and identities are presently unknown to Plaintiff except that they are persons and/or entities who were in some manner presently unknown to Plaintiff involved with the activities alleged herein, and/or were in some manner responsible for the injuries and/or damages to Plaintiff, and/or conducted some activity or activities in a wrongful or otherwise culpable manner which proximately caused injuries and/or damages to Plaintiff, and Plaintiff prays for leave to certify their true names, identities, capacities, activities, or responsibilities when the same are ascertained.

5.    This Court has jurisdiction over Defendants because the Defendants' intentional, malicious, and tortious actions were directed toward, and caused injury and damage in, the State of Hawaii, City and County of Honolulu, and Defendants have purposefully availed themselves of this jurisdiction by the actions alleged herein.

31489-1

2



6.    On or about July 31, 2006, Defendants wrote a press release that identified Plaintiff by name, and falsely alleged that Plaintiff committed acts of moral turpitude and violated the law. The press release also included numerous false and defamatory allegations that other individuals associated with Plaintiff had participated in fraudulent schemes to legalize gambling, with the intention that these false and defamatory statements be imputed to Plaintiff's actions and character, and to falsely imply that Plaintiff was participating in a fraudulent or unlawful scheme to legalize gambling in Guam.

7.    Upon information and belief, Defendants repeatedly published, circulated, reproduced, and disseminated the false and defamatory statements directly to persons in or residents of the State of Hawaii, with the intention that the defamatory statements would be circulated to persons in or residents of the State of Hawaii. Among other things, Defendants (1) transmitted the false and defamatory statements to people throughout Guam, including at least one Guam business headquartered in the State of Hawaii; (2) transmitted the false and defamatory statements to the news media with the intention that the statements be republished, broadcasted and ultimately received in the State of Hawaii; (3) emailed and/or transmitted the false and defamatory statements to residents of or persons in the State of Hawaii; and (4) caused to be posted the false and defamatory statements on the internet with the intention that the defamatory statements be read by persons in the State of Hawaii.

8.    Upon information and belief, the false and defamatory statements were, in fact, received and read by persons in the State of Hawaii.

9.    Defendants published and distributed their false and defamatory statements with the intent to cause great injury to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, and to expose Plaintiff to hatred, contempt,

31489·1

3

ridicule, and obloquy throughout the State of Hawaii, and the City and County of Honolulu.

Defendants published and distributed the statements to further their own self-serving agenda,

with callous and reckless disregard for the truth or falsity of the statements and the damage they

would do to Plaintiff's reputation and business interests in the State of Hawaii.

**COUNT I**
**(Defamation)**

10.    Plaintiff repeats and realleges the allegations contained in paragraphs 1

through 9 of this Complaint.

11.    As set forth above, Defendants published and distributed false and

defamatory statements about and concerning Plaintiff.

12.    Defendants' statements were neither privileged nor protected.

13.    Because Defendants' defamatory statements accuse Plaintiff of violating

the law and acts of moral turpitude, the defamatory statements are defamatory per se as a matter

of law, thereby entitling Plaintiff to recover presumed damages.

14.    Defendants published or caused to be published the defamatory statements

negligently, or with actual malice, i.e., knowledge that the statements were false, or with reckless

disregard as to the truth or falsity of the statements.

15.    Defendants' actions were willful and wanton such that Plaintiff is entitled

to recover punitive damages.

16.    As a direct and proximate result of Defendants' wrongful conduct,

Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's

personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental

anguish and humiliation in an amount to be proven at trial.

31489-1                                    4

## COUNT II
### (False Light - Invasion of Privacy)

17.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of this Complaint.

18.    Defendants gave publicity to matters concerning Plaintiff that places Plaintiff before the public in a false light.

19.    The false light in which Defendants have placed Plaintiff is highly offensive to a reasonable person.

20.    Defendants had knowledge of, or acted with reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff was placed.

21.    Defendants' actions were willful and wanton such that Plaintiff is entitled to recover punitive damages.

22.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial.

## COUNT III
### (Intentional Infliction of Emotional Distress)

23.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of this Complaint.

24.    Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff.

25.    Defendants' acts were outrageous.

31489-1

5

26.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer extreme emotional distress, along with general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish, and humiliation in an amount to be proven at trial.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

A.    For general, special, and punitive damages in amounts to be proven at trial;

B.    For Pre-Judgment interest to the extent permitted by law;

C.    For Plaintiff's attorneys' fees and costs; and

D.    For any and all further relief that the Court may deem just and proper.

DATED:    Honolulu, Hawaii, August 4, 2006.



_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

31489-1                                6

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. _____ |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) DEMAND FOR JURY TRIAL |
| vs. | ) |
| | ) |
| JACQUELINE A. MARATI, LINA'LA SIN | ) |
| CASINO, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| _____ | ) |

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded in the above-entitled action on all triable issues.

DATED:       Honolulu, Hawaii, August 4, 2006.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

| **STATE OF HAWAI'I**<br>CIRCUIT COURT OF THE<br>FIRST CIRCUIT | **SUMMONS**<br>TO ANSWER CIVIL COMPLAINT | **CASE NUMBER** |
|---|---|---|
| **PLAINTIFF**                                        vs.<br><br>HOOLAE PAOA | **DEFENDANT**<br><br>JACQUELINE A. MARATI, LINA'LA SIN CASINO, and<br>DOES 1-10 | |

**PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)**

Bruce D. Voss 6532-0 / Michael C. Carroll 7583-0
Bays, Deaver, Lung, Rose & Baba
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Tel. (808) 523-9000

**TO THE DEFENDANT(S):**

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, and answer to the complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

| **DATE ISSUED**<br>AUG – 4 2006 | **CLERK**<br>N. ANAYA | *SEAL*<br>FIRST CIRCUIT COURT<br>STATE OF HAWAII | CIRCUIT COURT CLERK | |
|---|---|---|---|---|
| I do hereby certify that this is a full, true, and correct copy<br>of the original on file in this office. | | | | |

SUMMONS TO ANSWER CIVIL COMPLAINT

1C-P-306

Of Counsel:

BAYS, DEAVER, LUNG,
ROSE & HOLMA

BRUCE D. VOSS          6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL     7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. 06-1-1358-08 (KSSA) |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) |
| vs. | ) PLAINTIFF'S RESPONSE TO |
| | ) DEFENDANT JACQUELINE A. |
| | ) MARATI'S FIST REQUEST FOR |
| JACQUELINE A. MARATI, LINA'LA SIN | ) ANSWERS TO INTERROGAORIES |
| CASINO, and DOES 1-10, | ) DATED MAY 10, 2007 |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

EXHIBIT

## PLAINTIFF'S RESPONSE TO DEFENDANT JACQUELINE A. MARATI'S FIST REQUEST FOR ANSWERS TO INTERROGAORIES DATED MAY 10, 2007

Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays Deaver Lung Rose & Holma, responds to Defendant JACQUELINE A. MARATI's ("Defendant") First Request for Answers to Interrogatories dated May 10, 2007, as follows.

Plaintiff objects to all interrogatories calling for identification of "each and every meeting, conversation or communication," "each and every person," and "each and every document," which support a contention, allegation, or count. Such interrogatories call for work product and are vague and ambiguous because it is not clear whether persons, facts, or documents which are clearly insignificant should be revealed as well.

Plaintiff objects to all interrogatories to the extent they are irrelevant, overly broad, and vexatious.

Plaintiff objects to all interrogatories to the extent they call for work product or attorney-client privileged communications.

Plaintiff's discovery and investigation into this matter is continuing and the responses set forth herein do not preclude the further discovery and development of evidence nor the presentation thereof at trial. Plaintiff also reserves his right to supplement his answers.

DATED: Honolulu, Hawaii, June 22, 2007.

BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

37962_1

2

## INTERROGATORIES

### PERSONAL HISTORY

1.    State your full name and all other names you have used in the past, and the period(s) during which you were known by each name.

    <u>Answer:</u>

    Hoolae Paoa

2.    State your present residence address, all past residence addresses during the last 10 years, the dates you lived at each address, and the name(s) of all person(s) residing with you at each address.

    <u>Answer:</u>

    Plaintiff objects to this interrogatory to the extent that it is vague and ambiguous as to the term "residence", and the request seeking "the name(s) of all person(s) residing with you" is vexatious and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving these objections, Mr. Paoa responds as follows:

    I was born and raised in Hawaii, and have lived most of my life in Hawaii. I consider Hawaii to be my home. For business reasons, I am currently a resident of Saipan, and my address in Saipan is PMB 29 Box 10,001, Saipan CNMI 96950. Before that, my residential address was 47-456 Hui Kela Street, Kaneohe, Hawaii 96744.

3.    State your date of birth, birthplace, and social security number.

<u>Answer:</u>

Plaintiff objects to this interrogatory requesting the disclosure of Mr. Paoa's social security number to the extent that it seeks personal and proprietary information that is protected from disclosure pursuant to Hawaii Rules of Civil Procedure Rule 26, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Plaintiff responds as follows:

September 21, 1950, Honolulu, Hawaii.

4.    If you are married or have ever been married, state the name and address of each spouse (including maiden name, if applicable), the date and place of each marriage, and date and manner of termination of prior marriage(s).

<u>Answer:</u>

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Identify all of your children, including the full name (give both married and maiden name of any married female children), present address, and date and place of birth of each child.

<u>Answer:</u>

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

6.    If you have ever been convicted of any crime, for each crime state the nature and date of each offense, and the court(s) in which you were convicted.

Answer:

Plaintiff objects to this interrogatory on the grounds that it is overbroad to the extent that it may be interpreted as including traffic and driving infractions, which are not reasonably calculated to lead to admissible evidence, and seeks information that is available through public record. Without waiving these objections, Mr. Paoa responds as follows:

I made a plea for theft charges over twenty years ago in Hawaii. It was a long time ago, and I have performed full restitution for this event. There were also two domestic dispute incidents with my ex-wife in the mid 1990s. The later event involved an incident where my ex-wife threw a sledge-hammer through my windshield and I accepting a charge so my ex-wife would not be charged.

7.    If you have ever been convicted of any felony, for each felony state the nature and date of each felony and the count(s), and the court(s) in which you were convicted.

Answer:

See Answer to Interrogatory No. 6.

8.    If you have ever been involved in any legal proceedings (including but not limited to civil, criminal, family, special proceeding) other than the present lawsuit, state the year each legal proceeding commenced, the civil, criminal, family or special proceeding number, the court in which each legal proceeding was filed, a description of the type of relief sought (by you or against you) in each proceeding, and the outcome of each proceeding.

Answer:

Plaintiff objects to this interrogatory because it is vague and ambiguous as to the term "involved", seeks information that is public record and the request is overly broad. Without waiving these objections, Plaintiff responds as follows:

37962_1                                    5

To the best of my recollection, I have been involved in the following matters:

STATE OF HAWAII VS. HOOLAE PAOA, 2PC00-0-007220
MELANIE SUE PAOA VS HOOLAE PAOA, 1DV85-0-003280
MENEFEE MANAGEMENT CORP VS HOOLAE PAOA, 1CC85-0-003546
INTERNATIONA SAV LOAN ASSN LTD VS HOOLAE PAOA ETAL, 1CC86-0-000494
STATE OF HAWAII VS HOOLAE PAOA, 2FC90-0-000413
STATE OF HAWAII VS HOOLAE PAOA, 1FC91-0-001940
STATE OF HAWAII VS HOOLEA PAOA, 1FC92-0-002027
STATE OF HAWAII VS HOOLAE PAOA, 1FC92-0-002186
STATE OF HAWAII VS HOOLAE PAOA, 1FC97-0-002153
HOOLAE PAOA VS LISA PAOA, 1DV05-1-003422
STATE OF HAWAII VS HOOLAE PAOA, 2FC93-0-000682
KATHY M IMAI VS HOOLAE PAOA, 1CC00-0-079909
STATE OF MARYLAND ETAL VS HOOLAE PAOA, 2UR89-0-000146
STATE OF HAWAII VS HOOLAE PAOA, 2FC90-0-000515
STATE OF HAWAII VS HOOLAE PAOA, 2FC91-0-000456
HOOLAE PAOA ETAL VS CHUNG KUN CHO ETAL, 1CC00-1-001950

9.    Describe in detail each and every injury and all damages which you believe was caused by the incident, and state the amount of damages you are claiming as a result of the subject incident.

<u>Answer:</u>

I have felt embarrassed and ashamed based on this article and the false statements that were stated in this article. It has caused me stress, anxiety and very unpleasant mental reactions. My business reputation has also been impacted as several business associates have approached me regarding this press release and the false statements that were made in the article. I have also lost business opportunities as a result of the press release. For example, around the time of the press release, I was in negotiations with a hedge fund, Gottex, who was interested in partnering on a project in Kona. Based on the negative publicity, they would not go forward with the transaction as long as I was involved. I would have received a commission on the deal in the range of $10-12 million. Additionally, I was involved in another real estate transaction where I would have been compensated as a broker for roughly $300,000. Based on the negative press, the buyer/venture partner backed out. I was also the chief negotiator for the Qualifying Certificate for Bridge Capital's EDC, which was needed to relocate our business operations to Saipan. As a result of the negative press, the certification process was held up by six months.

10.    Describe your complete employment history up to the incident date (including each employer's full name and address, type of business, full or part-time, rate of pay, inclusive dates of employment and reason for termination.

   Answer:

   I have been employed by Bridge Capital and/or related entities since 1998 as CEO of one of these entities.

11.    For each of the five full tax years preceding the incident, the year of the incident and for each full tax year since the incident, state the following information.

| Year | Income from Wages | Profit or Loss from Business | Other Income | Total |
|------|-------------------|------------------------------|--------------|-------|
| 2006 | | | | |
| 2005 | | | | |
| 2004 | | | | |
| 2003 | | | | |
| 2002 | | | | |
| 2001 | | | | |
| 2000 | | | | |

   Answer:

   Plaintiff objects to this interrogatory because it is vexatious, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

12.    Identify all other expenses you claimed as result from or are directly chargeable to the incident other than medical expenses and loss of income.

   Answer:

   See Answer to Interrogatory No. 9.

37962_1

7

13.    Please state your net worth at the time of the incident and specify all of your assets and liabilities.

Answer:

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Paragraph 11 of the Complaint states: "Defendants published [a press release on or about July 31, 2006] and distributed false and defamatory statements about and concerning Plaintiff." Please specify in detail exactly what statements were false and defamatory and list each and every fact known to you which supports the statement which you have made in paragraph 11.

Answer:

Plaintiff objects to this interrogatory because it is vexatious, vague and ambiguous, and unduly burdensome. Subject to these objections, Plaintiff responds as follows:

The press release was false and defamatory because it asserted that I was allegedly involved and connected to improper efforts to legalize slot machines or gambling in Guam and in other locations, that I was associated with individuals that were involved in improper or illegal activities, that I personally was an "unscrupulous" and dishonest business person, that I personally have engaged in continuing felonies and other crimes that would impact my trustworthiness and ability to do business, and that I have committed offenses that I did not commit.

15.    Paragraph 16 of the Complaint alleges the following: "[A]s a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu…" Please specify the damages and the amount you claim to have suffered to your personal and professional reputation in the State of Hawaii, City and County of Honolulu as a result of the incident, and list all facts which support your damages.

Answer:

See Answer to Interrogatory No. 9.

37962_1

8

16.    Paragraph 24 of the Complaint states: "Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff." Please list every act that you allege that Defendant Marati performed, that caused you the specific harm you sustained, and the specific facts to support your contention.

   Answer:

   Plaintiff objects to this interrogatory because it is grossly overbroad, vague and ambiguous. Without waiving these objections, Plaintiff responds as follows:

   Defendants published a press release with knowledge or a reckless disregard for the truth or falsity of the statements. Defendants issued the press release with the false and defamatory statements to news organizations and numerous individuals with the intent that it would cause as much damage to me personally and to my reputation as possible. As early as the date the Complaint was received, Defendants have known of the false nature of the press release and the damage it has caused, and continues to cause. Defendants have, however, done nothing to correct it.

17.    Paragraph 26 of the Complaint states: "As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer extreme emotional distress..." Please describe in detail, all facts which support this contention.

   Answer:

   See Answer to Interrogatory No. 9.

18.    Please identify all doctors or other health care specialists who have examined or treated you for your alleged injuries, which you claimed to have been caused by the incident and state the date of treatment and whether or not, the health care specialist has written a report regarding your physical or mental condition.

   Answer:

   I have not seen a doctor or health care specialist for treatment.

19.    State the name and address of all doctors, psychiatrists, psychologists, chiropractors, osteopaths, neuropaths, acupuncturists, masseuses, or physical therapists who have examined or treated you for injuries or ailments at any time for any purpose (excluding minor illnesses such as colds or flu), and state the nature of the disorder, the diagnosis of each person, the date(s) or examination and treatment by each person and the nature of the treatment by each person (including the prescription of any drugs).

Answer:

N/A

20.    Itemize all medical expenses you claim resulted from or are directly chargeable to the incident (including the amount of each charge, name of person or organization where each expense was incurred, and inclusive dates expenses were occurred.)

Answer:

N/A

21.    Identify each person who assisted you in answering the foregoing interrogatories.

Answer:

Plaintiff objects to this interrogatory to the extent it calls for attorney/client privilege. Without waiving this objection, Plaintiff responds as follows.

No one other than my attorney.

22.    Do the answers to each and every one of the foregoing interrogatories include not only the information known to you or your attorney, but also all the information within the possession or control of yourself or your attorney?

<u>Answer:</u>

Yes.

## VERIFICATION

STATE OF ___Hawaii___ )
                       )     SS:
City & COUNTY ___Honolulu.___ )

         I, HOOLAE PAOA, being first duly sworn on oath, state, that I have carefully read these interrogatories and my answers to these interrogatories. My answers are true to the best of my knowledge and belief.


                           _____
                           **HOOLAE PAOA**


Subscribed and sworn to before me this ___15th___ day of ___June___, 2007.

_____
Name of Notary ___Jeannie M. Gushiken___
Notary Public, State of ___Hawaii___

My commission expires: ___08/17/19___


37962_1

12

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. 07-00370 JMS-LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JACQUELINE A. MARATI, | ) | |
| LINA'LA SIN CASINO, and DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted

below, a true and correct copy of the foregoing was duly served on the following

persons at their last known addresses.

Served Electronically through CM/ECF:


Served Electronically through CM/ECF:

BRUCE D. VOSS, ESQ.                          September 26, 2007
MICHAEL C. CARROLL, ESQ.
Bays, Deaver, Lung, Rose & Baba
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, Hawaii 96813

Attorneys for Plaintiff

DATED:  Honolulu, Hawaii, September 26, 2007.


/s/ Laura A. Kuioka
LESLIE R. KOP
LAURA A. KUIOKA
Attorneys for Defendant
Jacqueline A. Marati

2