Of Counsel:
FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP          4794
LAURA A. KUIOKA       8054
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808) 533-4300
Facsimile:  (808) 531-7585
Email: lrk@fmhc-law.com
           lak@fmhc-law.com

Attorneys for Defendant
JACQUELINE A. MARATI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | Civil No. CV 07-00370 JMS LEK |
| Plaintiff, | (Other Non-Vehicle Tort) |
| vs. | DEFENDANT JACQUELINE A. MARATI'S MOTION FOR TRANSFER OF VENUE; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LESLIE R. KOP; EXHIBITS "A"-"D"; DECLARATION OF JACQUELINE A. MARATI; EXHIBITS "1"-"2"; CERTIFICATE OF SERVICE |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | |
| Defendants. | |

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd

## DEFENDANT JACQUELINE A. MARATI'S MOTION
## FOR TRANSFER OF VENUE

Defendant Jacqueline A. Marati ("Defendant Marati"), by and through her attorneys, Fukunaga Matayoshi Hershey and Ching, hereby moves this Honorable Court for an Order granting her motion for an Order for Transfer of Venue.

This motion is brought pursuant to 28 U.S.C. §1391 and 28 U.S.C. § 1404 and is supported by the memorandum, declarations, and exhibits attached hereto and the entire records and files in this case.

DATED:  Honolulu, Hawaii, _____OCT 17 2007_____.


/s/ Leslie R. Kop
LESLIE R. KOP
LAURA A. KUIOKA
Attorneys for Defendant
Jacqueline A. Marati

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd                2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, ) | Civil No. CV 07-00370 JMS LEK |
| ) | (Other Non-Vehicle Tort) |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION |
| JACQUELINE A. MARATI, ) | |
| LINA'LA SIN CASINO, and DOES ) | |
| 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF MOTION

I.  INTRODUCTION

On August 4, 2004, Plaintiff Hoolae Paoa ("Plaintiff") filed his

Complaint in the Circuit Court of the First Circuit, State of Hawaii.

On June 26, 2007, Defendant Jacqueline Marati ("Defendant Marati")

received Plaintiff's Responses to Defendant Marati's Request for Answers to

Interrogatories.  Based upon Plaintiff's responses, Defendant Marati determined

that diversity jurisdiction existed and filed for a removal of the action to the

United States District Court of Hawaii.

Inasmuch as the instant action arose from events taking place in

Guam, and all of the parties and the majority of the witnesses do not live in

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd

Hawaii, but instead, live in Guam and Saipan, Defendant Marati requests that venue be transferred to the District of Guam.

## II.    STATEMENT OF RELEVANT FACTS

The instant action arises out of a press released authored by Defendant Marati and published in Guam on July 31, 2006.  See Exhibit "A", a copy of Plaintiff's Complaint filed on August 4, 2006.  Defendant Marati is a member of Lina'la Sin Casino ("Life Without Casinos")[1], a Guam non-profit organization which has, as its purpose, to lobby, campaign and oppose attempts to legalize gaming on Guam.

In July 2006, certain individuals began to collect signatures of registered Guam voters in order to certify an initiative for the November 2006 election ballot in Guam.  The initiative, as proposed would legalize the operation of slot machines in a facility known as the Guam Greyhound.  After learning of this campaign, Lina'la began to investigate the backgrounds of the initiative and its organizers.  See Declaration of Jacqueline Marati.

On July 31, 2006, Lina'la issued a press release written by Defendant Marati.  The press release discussed the background and history of the new owners

---

[1] Lina'la is also a defendant in this action.  However, default judgment was entered against Defendant Lina'la on July 3, 2007.

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd          2

of the Guam Greyhound and the proponents of the initiative, including Plaintiff. Lina'la sent the press release to several Guam news organizations. Excerpts of the press release were only provided to the Guam media in August 2006.

III.    APPLICABLE LEGAL STANDARD

The District Court has broad discretion to transfer an action and will only be reversed where there has been a clear abuse of discretion. Lung v. Yachts International, Ltd., 980 F.Supp. 1362, 1370 (D. Hawaii 1997). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "This provision [28 U.S.C. § 1404(a)] has broad remedial purpose: to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Robinson Corporation v. Auto-Owners Insurance Company, 304 F.Supp. 2d 1232, 1243 (D. Hawaii 2003). As such, a Court may transfer a properly laid action to another federal forum if "(1) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice and (2) if the action could have been brought in the transferee court." Id.

The interest of justice directs a Court to consider a number of private and public interest factors derived from the doctrine of *forum non conveniens*. Id.

See also Lung v. Yachts International, Ltd., 980 F.Supp. 1362, 1370 (D. Hawaii 1997). "Private interest factors include (1) relative ease of access to sources of proof; (2) the availability of compulsory process for the attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; (3) possibility of viewing subject premises; (4) all other factors that render trial of the case expeditious and inexpensive." Id. "The public interest factors include: (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; (5) the avoidance of unnecessary problems in conflicts of law." Id.

## IV.    DISCUSSION

The instant action could have been brought in the District of Guam. In a civil action where jurisdiction is based only upon diversity of citizenship, venue is proper "in a (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or substantial part of the property that is the subject of the action is situated or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is

commenced, if there is no district in which the action may otherwise be brought."
28 U.S.C. § 1391(a).  Here, all of the defendants reside in Guam and the events
giving rise to Plaintiff's claim occurred in Guam.  As such, venue would also be
proper in Guam.  While the instant action could have been filed in the District of
Guam, Plaintiff nevertheless, chose to file it in Hawaii, an <u>inconvenient</u> forum for
all parties and witnesses involved.  Thus, Defendant Marati requests a transfer of
venue to the District of Guam.

         In order to determine whether the instant matter should be transferred
to the District of Guam, the Court must consider the convenience of the forum to
the witnesses and parties, as well as balance the private and public interest factors
weighing in favor of a transfer of venue against Plaintiff's choice of forum.  Here,
after a balancing of the factors set forth below, a transfer of venue to the District
of Guam is clearly proper.

         A.     The District of Guam Is More Convenient For Both Plaintiff
                and Defendants

         The convenience of the parties weigh in favor of a transfer of
venue.  While a plaintiff's choice of forum is entitled to significant weight, an
action may be transferred to another district if the defendant makes a strong
showing of inconvenience.  <u>Robinson</u>, 304 F.Supp. at 1243.  However, "transfer

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd            5

should not merely shift the inconvenience from the moving party to the non-moving party. " <u>EEOC v. Lockheet Martin</u>, 2007 WL 2746800 (D. Hawaii 2007). Here, there is no shifting of any inconvenience to Plaintiff. Venue in the District of Guam will favor both Plaintiff and Defendant Marati, as both parties, as well as the majority, if not all of the witnesses reside in Guam or Saipan.

Defendant Marati is a citizen of Guam. She lives and works in Guam. It would impose a heavy burden upon Defendant Marati to be forced to travel 3,815 miles to defend this action in Hawaii. Furthermore, although Plaintiff is a citizen of Hawaii, <u>Plaintiff currently resides in Saipan.</u> <u>See</u> Exhibit "B", a copy of Plaintiff's Responses to Defendant Jacqueline Marati's Request for Answers to Interrogatories. Plaintiff is also the manager of Tumon Partners, LLC who's principal place of business is in Saipan. As manager of the company, Plaintiff is also involved in business transactions that concern Guam. <u>See</u> Declaration of Jacqueline A. Marati. The cost of travel and distance between Guam and Saipan is significantly less than the travel distance from Guam to Hawaii.[2] As such, it would be more convenient for both Plaintiff and Defendant Marati if the instant

---

[2] The distance form Guam to Saipan is 138 miles. The distance from Guam to Hawaii is 3,815 miles. Round-trip air travel between Guam and Saipan is one hour and costs $229.40. The distance from Guam to Hawaii is 3,815 miles. Round-trip air travel between Guam and Hawaii is 15 hours and 30 minutes and costs $1,450.00 for an excursion fare.

action were transferred to the District of Guam.  See Lung v. Yachts International, 980 F.supp. 1362, 1371 (the Court found that venue was proper in Florida, even though Plaintiffs were from Hawaii, when Plaintiffs purchased a yacht that would remain in the Caribbean, from corporations headquartered in and individuals that reside in Florida).  See also Berry v. Deutsche Bank Trust Company, 2007 WL 2363366 (D. Hawaii 2007) (where Plaintiff filed suit in Hawaii, Court determined that convenience of the parties weighed in favor of transfer of venue to New York where Plaintiff presently lived in Florida and Defendants were also located outside of Hawaii).

      B.    The Convenience of the Witnesses Weigh in Favor of A
             Transfer of Venue

      "Convenience of the witnesses, other than party witnesses, is of paramount importance."  Robinson, 304 F. Supp.2d at 1243.  Here, the convenience of the witnesses weighs in favor of a transfer of venue to the District of Guam.  Plaintiff lists thirty-two (32) non-expert witnesses in his Pretrial Statement.  See Exhibit "C".  Also, attached to his Pretrial Statement, is an Exhibit "A", which purports to be signatures of supporters and members of Lina'la Sin Casino.  All of the members of Lina'la Sin Casino reside in Guam.  See Declaration of Jacqueline A. Marati.  Other than the address of his counsel's law

firm, Plaintiff provides no addresses for the thirty-two witnesses listed. However, based upon a review of the names of the non-expert witnesses listed in Plaintiff's Pretrial Statement, it appears that the majority of the witnesses are from Guam as Plaintiff has included some of the same witnesses with addresses in her Responsive Pretrial Statement. See Exhibit "D", Defendant Marati's Responsive Pre-trial Statement and Declaration of Jacqueline A. Marati. Moreover, Plaintiff also lists two witnesses from Saipan. It does not appear that Plaintiff has listed any witnesses from Hawaii.

Furthermore, Defendant Marati has listed forty (40) non-expert witnesses in her Responsive Pretrial Statement. Of the forty witnesses, thirty-six (36) of them reside in Guam and two are residents of Saipan. The two (2) remaining witnesses are custodian of records. See Declaration of Jacqueline A. Marati. Again, the convenience of the witnesses factor strongly favors venue in Guam.

Finally, as all of the important non-party witnesses reside in Guam, should the instant matter go to trial, the Court's subpoena power only extends within 100 miles of the place of trial. Rule 45(b)2 of the Federal Rules of Civil Procedure. Therefore, not only will many of the witnesses be unavailable at trial, but in addition, great expense will be incurred by both parties to preserve the

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd    8

testimony of these witnesses.

       C.     <u>In the Interest of Justice, Venue is Proper in Guam</u>

      When considering this factor, the Court balances public and private interests factors borrowed from the doctrine of *forum non conveniens*. <u>Robinson</u> at 1244. Public interest factors include (1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on people of a community that has no relation to the litigation; (3) local interests in having localized controversies decided at home and (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action and the avoidance of unnecessary conflicts of law. <u>Id</u>.

      The private interest factors include: (1) relative access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and the costs of obtaining attendance of witnesses; (3) possibility of viewing subject premises and (4) all other factors that render trial of the case expeditious and inexpensive. <u>Id</u>.

       1.     <u>Public Interest Factors Favor a Transfer of Venue to the District of Guam</u>

      The instant action arises from matters which were pertinent to an initiative for the November 2006 election ballot in Guam. The initiative for the

November 2006 election ballot in Guam would legalize the operation of slot machines at the Guam Greyhound facility. <u>See</u> Declaration of Jacqueline Marati. Lina'la issued a press release, the purpose of which was two fold: 1) to inform Guam voters and law enforcement departments of the background and history of the new owners of Guam Greyhound and the proponents of the initiative and 2) to provide information to the Guam Election Commission, as the Guam Election Commission has jurisdiction to investigate irregularities in initiative petitions. <u>See</u> Declaration of Jacqueline Marati.

It is clear that none of the events which gave rise to the Complaint involve actions that took place in Hawaii, or even concern issues related to Hawaii. Instead, the Complaint is based upon events which were initiated in Guam and concern <u>only</u> Guam. As such, the citizens of Hawaii have absolutely no connection to this litigation. Thus, it would be unfair to impose jury duty upon the people of Hawaii, who have no interest in this action.

Finally, there are already two related cases pending in Guam: <u>Guam Greyhound and John Baldwin v. Jacqueline A. Marati</u>, Civil No. 0959-06 (Superior Court of Guam) and <u>Guam Greyhound and John Baldwin v. Dorothy</u>

Brizill, Civil No. 0960-06 (Superior Court of Guam).[3] See Declaration of

Jacqueline A. Marati.  Even if this case is not transferred to Guam, although not

yet decided, Hawaii may ultimately end up applying Guam law to determine the

outcome of this matter.  See DeRoburt v. Gannett, 83 F.R.D. 574 (D.Hawaii 1979)

("principles of equity require the adoption of an interest-oriented choice of law

analysis.).  To avoid any inconsistent rulings and application of law, a transfer of

venue to the District of Guam is clearly appropriate.

       2.     The Private Interest Factors Weigh in Favor of a Transfer
             to the District of Guam

      When balancing private interest factors, the Court must consider the

costs of obtaining the testimony of non-party witnesses.  The majority of the

witnesses currently identified are from Guam or Saipan.  Plaintiff has not

---

[3] In Guam Greyhound and John Baldwin v. Jacqueline A. Marati, Plaintiffs
sued Marati alleging virtually identical causes of action as those asserted by
Plaintiff Hoolae Paoa, which were based upon the same press release issued by
Defendant Marati in Guam.  Defendant Marati filed a motion to dismiss for failure
to state a claim upon which relief may be granted based upon Guam's anti-SLAPP
statute.  Guam's anti-SLAPP statute immunizes Marati from liability as her speech
was protected under the statute.  The motion is currently pending.

In Guam Greyhound and John Baldwin v. Dorothy Brizill, Plaintiffs sued
Dorothy Brizill, head of DC Watch, a community watch group for defamation and
libel based on her comments regarding the slot machine gaming initiative in Guam
and based upon the press release that was issued by Defendnat Marati.  Brizill's
motion to dismiss was also based upon the Guam anti-SLAPP statute and was
granted by the trial court judge.

identified any witnesses from Hawaii. In fact, Plaintiff himself does not reside in Hawaii, but rather in Saipan, 138 miles from Guam. If this matter were to remain in Hawaii, all involved would face a considerable burden of time and expense, as both parties and the majority of witnesses will need to take a seven hour flight, (approximately 3,815 miles), and face a significant 16 hour time difference to litigate this case in Hawaii. In addition, the logistics of coordinating schedules to accommodate all out of state witnesses will likely interfere with the expediency of trial matters. Accordingly, it would be more cost efficient and expeditious to litigate the case in Guam. See Lung at 1371 ("The cost of obtaining witnesses strongly favors Defendants because, by Plaintiff's admission, all witnesses other than Plaintiff live on the east coast.").

Finally, inasmuch as this is a defamation action, the factors concerning the weight of relative access to sources of proof and the possibility of viewing the subject premises will not favor Plaintiff or Defendant Marati. Accordingly, in the interest of justice, venue is proper in Guam.

## V.    CONCLUSION

For the foregoing reasons, Defendant Marati respectfully requests that this Honorable Court grant her motion and order that venue be transferred to the District of Guam.

DATED:  Honolulu, Hawaii, _____OCT 1 7 2007_____.

/s/ Leslie R. Kop
LESLIE R. KOP
LAURA A. KUIOKA
Attorneys for Defendant
Jacqueline A. Marati

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. CV 07-00370 JMS LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | DECLARATION OF LESLIE R. |
| | ) | KOP |
| JACQUELINE A. MARATI, | ) | |
| LINA'LA SIN CASINO, and DOES | ) | |
| 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF LESLIE R. KOP

I, Leslie R. Kop do hereby declare as follows:

1.     I am an attorney licensed to practice law in all the courts of the State of Hawaii and the United States District Court for the District of Hawaii. I am a member in good standing in all of the aforementioned courts.

2.     I am one of the attorneys representing Defendant Jacqueline A. Marati ("Defendant Marati") in the above entitled action and am competent to testify as to the matters stated herein and make this declaration based upon personal knowledge.

3.     Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Complaint, filed on August 4, 2006 in the Circuit Court of the First

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd

Circuit, State of Hawaii.

4.    Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's Responses to Defendant Jacqueline Marati's Request for Answers to Interrogatories.

5.    Attached hereto as Exhibit "C" is a true and correct copy of Plaintiff's Pretrail Statement.

6.    Attached hereto as Exhibit "D" is a true and copy of Defendant Jacqueline A. Marati's Responsive Pretrial Statement.

I, Leslie R. Kop declare under penalty of law that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, _____OCT 17 2007_____.

/s/ Leslie R. Kop
LESLIE R. KOP

G:\Paoa\Paoa PLEAD\mot for change of venue.wpd            2

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2006 AUG -4  PM 2: 36

N. ANAYA
CLERK

Of Counsel:

BAYS, DEAVER, LUNG,
ROSE & BABA

BRUCE D. VOSS          6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL     7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone:  (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. _06-1-1358-08_ **K S S A** |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) COMPLAINT; DEMAND FOR JURY |
| vs. | ) TRIAL; SUMMONS |
| | ) |
| JACQUELINE A. MARATI, LINA'LA SIN | ) |
| CASINO, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays,

Deaver, Lung, Rose & Baba, asserts the following Complaint against Defendants

JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10 (collectively

"Defendants"):

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**EXHIBIT "A"**

1.    Plaintiff is an individual and at all times relevant herein was and still is a resident of the State of Hawaii, City and County of Honolulu. Plaintiff has always enjoyed a good reputation for honesty, integrity, and moral character within the City and County of Honolulu, State of Hawaii.

2.    Upon information and belief, Defendant JACQUELINE A. MARATI ("Marati") is an individual and was at all times relevant herein a resident of Guam.

3.    Upon information and belief, Defendant LINA'LA SIN CASINO is an entity formed and organized under the laws of Guam. Upon information and belief, Marati is the chairperson and spokesperson for Lina'la Sin Casino.

4.    Plaintiff is informed and believes and thereon alleges that other individuals or entities, whose identities are presently unknown to Plaintiff, may also be in some manner responsible for the injuries and damages to Plaintiff. Defendants DOES 1 through 10 are named herein under fictitious names for the reasons that their true names and identities are presently unknown to Plaintiff except that they are persons and/or entities who were in some manner presently unknown to Plaintiff involved with the activities alleged herein, and/or were in some manner responsible for the injuries and/or damages to Plaintiff, and/or conducted some activity or activities in a wrongful or otherwise culpable manner which proximately caused injuries and/or damages to Plaintiff, and Plaintiff prays for leave to certify their true names, identities, capacities, activities, or responsibilities when the same are ascertained.

5.    This Court has jurisdiction over Defendants because the Defendants' intentional, malicious, and tortious actions were directed toward, and caused injury and damage in, the State of Hawaii, City and County of Honolulu, and Defendants have purposefully availed themselves of this jurisdiction by the actions alleged herein.

31489-1                                    2

6.    On or about July 31, 2006, Defendants wrote a press release that identified Plaintiff by name, and falsely alleged that Plaintiff committed acts of moral turpitude and violated the law. The press release also included numerous false and defamatory allegations that other individuals associated with Plaintiff had participated in fraudulent schemes to legalize gambling, with the intention that these false and defamatory statements be imputed to Plaintiff's actions and character, and to falsely imply that Plaintiff was participating in a fraudulent or unlawful scheme to legalize gambling in Guam.

7.    Upon information and belief, Defendants repeatedly published, circulated, reproduced, and disseminated the false and defamatory statements directly to persons in or residents of the State of Hawaii, with the intention that the defamatory statements would be circulated to persons in or residents of the State of Hawaii. Among other things, Defendants (1) transmitted the false and defamatory statements to people throughout Guam, including at least one Guam business headquartered in the State of Hawaii; (2) transmitted the false and defamatory statements to the news media with the intention that the statements be republished, broadcasted and ultimately received in the State of Hawaii; (3) emailed and/or transmitted the false and defamatory statements to residents of or persons in the State of Hawaii; and (4) caused to be posted the false and defamatory statements on the internet with the intention that the defamatory statements be read by persons in the State of Hawaii.

8.    Upon information and belief, the false and defamatory statements were, in fact, received and read by persons in the State of Hawaii.

9.    Defendants published and distributed their false and defamatory statements with the intent to cause great injury to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, and to expose Plaintiff to hatred, contempt,

31489-1

3

ridicule, and obloquy throughout the State of Hawaii, and the City and County of Honolulu. Defendants published and distributed the statements to further their own self-serving agenda, with callous and reckless disregard for the truth or falsity of the statements and the damage they would do to Plaintiff's reputation and business interests in the State of Hawaii.

COUNT I
(Defamation)

    10.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 9 of this Complaint.

    11.     As set forth above, Defendants published and distributed false and defamatory statements about and concerning Plaintiff.

    12.     Defendants' statements were neither privileged nor protected.

    13.     Because Defendants' defamatory statements accuse Plaintiff of violating the law and acts of moral turpitude, the defamatory statements are defamatory per se as a matter of law, thereby entitling Plaintiff to recover presumed damages.

    14.     Defendants published or caused to be published the defamatory statements negligently, or with actual malice, i.e., knowledge that the statements were false, or with reckless disregard as to the truth or falsity of the statements.

    15.     Defendants' actions were willful and wanton such that Plaintiff is entitled to recover punitive damages.

    16.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial.

31489-1

4

## COUNT II
### (False Light - Invasion of Privacy)

17.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 of this Complaint.

18.    Defendants gave publicity to matters concerning Plaintiff that places Plaintiff before the public in a false light.

19.    The false light in which Defendants have placed Plaintiff is highly offensive to a reasonable person.

20.    Defendants had knowledge of, or acted with reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff was placed.

21.    Defendants' actions were willful and wanton such that Plaintiff is entitled to recover punitive damages.

22.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial.

## COUNT III
### (Intentional Infliction of Emotional Distress)

23.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22 of this Complaint.

24.    Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff.

25.    Defendants' acts were outrageous.

AUG-07-2006 06:48PM    FAX:477 6796    ID:ARRIOLACOWAN&ARRIOLA    PAGE:005    R=96%

26. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer extreme emotional distress, along with general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish, and humiliation in an amount to be proven at trial.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against Defendants as follows:

A.    For general, special, and punitive damages in amounts to be proven at trial;

B.    For Pre-Judgment interest to the extent permitted by law;

C.    For Plaintiff's attorneys' fees and costs; and

D.    For any and all further relief that the Court may deem just and proper.

DATED:    Honolulu, Hawaii, August 4, 2006.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>   Plaintiff,<br><br> vs.<br><br>JACQUELINE A. MARATI, LINA'LA SIN<br>CASINO, and DOES 1-10,<br><br>   Defendants. | ) CIVIL NO. _____<br>) (Other Non-Vehicle Tort)<br>)<br>)<br>) DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded in the above-entitled action on all triable issues.

DATED:  Honolulu, Hawaii, August 4, 2006.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|

| PLAINTIFF                                    vs. | DEFENDANT |
|---|---|
| HOOLAE PAOA | JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10 |

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)

Bruce D. Voss 6632-0 / Michael C. Carroll 7583-0
Bays, Deaver, Lung, Rose & Baba
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Tel. (808) 523-9000

TO THE DEFENDANT(S):

You are hereby summoned and required to serve upon plaintiff's attorney, whose address is stated above, and answer to the complaint which is attached. This action must be taken within twenty days after service of this summons upon you, exclusive of the day of service.

If you fail to make your answer within the twenty day time limit, judgment by default will be taken against you for the relief demanded in the complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

| DATE ISSUED | CLERK | |
|---|---|---|
| AUG – 4 2006 | N. ANAYA | SEAL FIRST CIRCUIT COURT STATE OF HAWAII COURT CLERK |

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

SUMMONS TO ANSWER CIVIL COMPLAINT

1C-P-306

Of Counsel:

BAYS, DEAVER, LUNG,
ROSE & HOLMA

BRUCE D. VOSS          6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL     7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

### IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>           Plaintiff,<br><br>   vs.<br><br>JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 06-1-1358-08 (KSSA)<br>(Other Non-Vehicle Tort)<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT JACQUELINE A. MARATI'S FIST REQUEST FOR ANSWERS TO INTERROGAORIES DATED MAY 10, 2007 |

## EXHIBIT "B"

PLAINTIFF'S RESPONSE TO DEFENDANT JACQUELINE A. MARATI'S FIST
REQUEST FOR ANSWERS TO INTERROGAORIES DATED MAY 10, 2007

       Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays

Deaver Lung Rose & Holma, responds to Defendant JACQUELINE A. MARATI's

("Defendant") First Request for Answers to Interrogatories dated May 10, 2007, as follows.

       Plaintiff objects to all interrogatories calling for identification of "each and every

meeting, conversation or communication," "each and every person," and "each and every

document," which support a contention, allegation, or count. Such interrogatories call for work

product and are vague and ambiguous because it is not clear whether persons, facts, or

documents which are clearly insignificant should be revealed as well.

       Plaintiff objects to all interrogatories to the extent they are irrelevant, overly

broad, and vexatious.

       Plaintiff objects to all interrogatories to the extent they call for work product or

attorney-client privileged communications.

       Plaintiff's discovery and investigation into this matter is continuing and the

responses set forth herein do not preclude the further discovery and development of evidence nor

the presentation thereof at trial. Plaintiff also reserves his right to supplement his answers.

       DATED: Honolulu, Hawaii, June 22, 2007.

                                                            BRUCE D. VOSS
                                                            MICHAEL C. CARROLL

                                                            Attorneys for Plaintiff
                                                            HOOLAE PAOA

37962_1

2

<u>INTERROGATORIES</u>

<u>PERSONAL HISTORY</u>

1.    State your full name and all other names you have used in the past, and the period(s) during which you were known by each name.

   <u>Answer:</u>

   Hoolae Paoa

2.    State your present residence address, all past residence addresses during the last 10 years, the dates you lived at each address, and the name(s) of all person(s) residing with you at each address.

   <u>Answer:</u>

   Plaintiff objects to this interrogatory to the extent that it is vague and ambiguous as to the term "residence", and the request seeking "the name(s) of all person(s) residing with you" is vexatious and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving these objections, Mr. Paoa responds as follows:

   I was born and raised in Hawaii, and have lived most of my life in Hawaii.  I consider Hawaii to be my home.  For business reasons, I am currently a resident of Saipan, and my address in Saipan is PMB 29 Box 10,001, Saipan CNMI 96950.  Before that, my residential address was 47-456 Hui Kela Street, Kaneohe, Hawaii 96744.

3.    State your date of birth, birthplace, and social security number.

Answer:

Plaintiff objects to this interrogatory requesting the disclosure of Mr. Paoa's social security number to the extent that it seeks personal and proprietary information that is protected from disclosure pursuant to Hawaii Rules of Civil Procedure Rule 26, vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections, Plaintiff responds as follows:

September 21, 1950, Honolulu, Hawaii.

4.    If you are married or have ever been married, state the name and address of each spouse (including maiden name, if applicable), the date and place of each marriage, and date and manner of termination of prior marriage(s).

Answer:

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

5.    Identify all of your children, including the full name (give both married and maiden name of any married female children), present address, and date and place of birth of each child.

Answer:

Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

6.  If you have ever been convicted of any crime, for each crime state the nature and date of each offense, and the court(s) in which you were convicted.

    Answer:

    Plaintiff objects to this interrogatory on the grounds that it is overbroad to the extent that it may be interpreted as including traffic and driving infractions, which are not reasonably calculated to lead to admissible evidence, and seeks information that is available through public record. Without waiving these objections, Mr. Paoa responds as follows:

    I made a plea for theft charges over twenty years ago in Hawaii. It was a long time ago, and I have performed full restitution for this event. There were also two domestic dispute incidents with my ex-wife in the mid 1990s. The later event involved an incident where my ex-wife threw a sledge-hammer through my windshield and I accepting a charge so my ex-wife would not be charged.

7.  If you have ever been convicted of any felony, for each felony state the nature and date of each felony and the count(s), and the court(s) in which you were convicted.

    Answer:

    See Answer to Interrogatory No. 6.

8.  If you have ever been involved in any legal proceedings (including but not limited to civil, criminal, family, special proceeding) other than the present lawsuit, state the year each legal proceeding commenced, the civil, criminal, family or special proceeding number, the court in which each legal proceeding was filed, a description of the type of relief sought (by you or against you) in each proceeding, and the outcome of each proceeding.

    Answer:

    Plaintiff objects to this interrogatory because it is vague and ambiguous as to the term "involved", seeks information that is public record and the request is overly broad. Without waiving these objections, Plaintiff responds as follows:

37962_1

5

To the best of my recollection, I have been involved in the following matters:

STATE OF HAWAII VS. HOOLAE PAOA, 2PC00-0-007220
MELANIE SUE PAOA VS HOOLAE PAOA, 1DV85-0-003280
MENEFEE MANAGEMENT CORP VS HOOLAE PAOA, 1CC85-0-003546
INTERNATIONA SAV LOAN ASSN LTD VS HOOLAE PAOA ETAL, 1CC86-0-000494
STATE OF HAWAII VS HOOLAE PAOA, 2FC90-0-000413
STATE OF HAWAII VS HOOLAE PAOA, 1FC91-0-001940
STATE OF HAWAII VS HOOLEA PAOA, 1FC92-0-002027
STATE OF HAWAII VS HOOLAE PAOA, 1FC92-0-002186
STATE OF HAWAII VS HOOLAE PAOA, 1FC97-0-002153
HOOLAE PAOA VS LISA PAOA, 1DV05-1-003422
STATE OF HAWAII VS HOOLAE PAOA, 2FC93-0-000682
KATHY M IMAI VS HOOLAE PAOA, 1CC00-0-079909
STATE OF MARYLAND ETAL VS HOOLAE PAOA, 2UR89-0-000146
STATE OF HAWAII VS HOOLAE PAOA, 2FC90-0-000515
STATE OF HAWAII VS HOOLAE PAOA, 2FC91-0-000456
HOOLAE PAOA ETAL VS CHUNG KUN CHO ETAL, 1CC00-1-001950

9.    Describe in detail each and every injury and all damages which you believe was
      caused by the incident, and state the amount of damages you are claiming as a result
      of the subject incident.

Answer:

I have felt embarrassed and ashamed based on this article and the false statements that
were stated in this article. It has caused me stress, anxiety and very unpleasant
mental reactions. My business reputation has also been impacted as several business
associates have approached me regarding this press release and the false statements
that were made in the article. I have also lost business opportunities as a result of the
press release. For example, around the time of the press release, I was in negotiations
with a hedge fund, Gottex, who was interested in partnering on a project in Kona.
Based on the negative publicity, they would not go forward with the transaction as
long as I was involved. I would have received a commission on the deal in the range
of $10-12 million. Additionally, I was involved in another real estate transaction
where I would have been compensated as a broker for roughly $300,000. Based on
the negative press, the buyer/venture partner backed out. I was also the chief
negotiator for the Qualifying Certificate for Bridge Capital's EDC, which was needed
to relocate our business operations to Saipan. As a result of the negative press, the
certification process was held up by six months.

10.      Describe your complete employment history up to the incident date (including each employer's full name and address, type of business, full or part-time, rate of pay, inclusive dates of employment and reason for termination.

     <u>Answer:</u>

     I have been employed by Bridge Capital and/or related entities since 1998 as CEO of one of these entities.

11.      For each of the five full tax years preceding the incident, the year of the incident and for each full tax year since the incident, state the following information.

| Year | Income from Wages | Profit or Loss from Business | Other Income | Total |
|---|---|---|---|---|
| 2006 | | | | |
| 2005 | | | | |
| 2004 | | | | |
| 2003 | | | | |
| 2002 | | | | |
| 2001 | | | | |
| 2000 | | | | |

     <u>Answer:</u>

     Plaintiff objects to this interrogatory because it is vexatious, unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

12.      Identify all other expenses you claimed as result from or are directly chargeable to the incident other than medical expenses and loss of income.

     <u>Answer:</u>

     <u>See</u> Answer to Interrogatory No. 9.

13.    Please state your net worth at the time of the incident and specify all of your assets and liabilities.

     Answer:

     Plaintiff objects to this interrogatory because it is vexatious, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Paragraph 11 of the Complaint states: "Defendants published [a press release on or about July 31, 2006] and distributed false and defamatory statements about and concerning Plaintiff." Please specify in detail exactly what statements were false and defamatory and list each and every fact known to you which supports the statement which you have made in paragraph 11.

     Answer:

     Plaintiff objects to this interrogatory because it is vexatious, vague and ambiguous, and unduly burdensome. Subject to these objections, Plaintiff responds as follows:

     The press release was false and defamatory because it asserted that I was allegedly involved and connected to improper efforts to legalize slot machines or gambling in Guam and in other locations, that I was associated with individuals that were involved in improper or illegal activities, that I personally was an "unscrupulous" and dishonest business person, that I personally have engaged in continuing felonies and other crimes that would impact my trustworthiness and ability to do business, and that I have committed offenses that I did not commit.

15.    Paragraph 16 of the Complaint alleges the following: "[A]s a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu…" Please specify the damages and the amount you claim to have suffered to your personal and professional reputation in the State of Hawaii, City and County of Honolulu as a result of the incident, and list all facts which support your damages.

     Answer:

     See Answer to Interrogatory No. 9.

16.    Paragraph 24 of the Complaint states: "Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff." Please list every act that you allege that Defendant Marati performed, that caused you the specific harm you sustained, and the specific facts to support your contention.

Answer:

Plaintiff objects to this interrogatory because it is grossly overbroad, vague and ambiguous. Without waiving these objections, Plaintiff responds as follows:

Defendants published a press release with knowledge or a reckless disregard for the truth or falsity of the statements. Defendants issued the press release with the false and defamatory statements to news organizations and numerous individuals with the intent that it would cause as much damage to me personally and to my reputation as possible. As early as the date the Complaint was received, Defendants have known of the false nature of the press release and the damage it has caused, and continues to cause. Defendants have, however, done nothing to correct it.

17.    Paragraph 26 of the Complaint states: "As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer extreme emotional distress..." Please describe in detail, all facts which support this contention.

Answer:

See Answer to Interrogatory No. 9.

18.    Please identify all doctors or other health care specialists who have examined or treated you for your alleged injuries, which you claimed to have been caused by the incident and state the date of treatment and whether or not, the health care specialist has written a report regarding your physical or mental condition.

Answer:

I have not seen a doctor or health care specialist for treatment.

19.    State the name and address of all doctors, psychiatrists, psychologists, chiropractors, osteopaths, neuropaths, acupuncturists, masseuses, or physical therapists who have examined or treated you for injuries or ailments at any time for any purpose (excluding minor illnesses such as colds or flu), and state the nature of the disorder, the diagnosis of each person, the date(s) or examination and treatment by each person and the nature of the treatment by each person (including the prescription of any drugs).

Answer:

N/A

20.    Itemize all medical expenses you claim resulted from or are directly chargeable to the incident (including the amount of each charge, name of person or organization where each expense was incurred, and inclusive dates expenses were occurred.)

Answer:

N/A

21.    Identify each person who assisted you in answering the foregoing interrogatories.

Answer:

Plaintiff objects to this interrogatory to the extent it calls for attorney/client privilege. Without waiving this objection, Plaintiff responds as follows.

No one other than my attorney.

22.     Do the answers to each and every one of the foregoing interrogatories include not only the information known to you or your attorney, but also all the information within the possession or control of yourself or your attorney?

Answer:

Yes.

<u>VERIFICATION</u>

STATE OF ___Hawaii___          )
CITY & COUNTY ___Honolulu.___  )   SS:
                               )

    I, HOOLAE PAOA, being first duly sworn on oath, state, that I have carefully

read these interrogatories and my answers to these interrogatories. My answers are true to the

best of my knowledge and belief.

                                      _____

                                      HOOLAE PAOA

Subscribed and sworn to before me
this _15th_ day of ___June___, 2007.

_Jeannine M. Gushiken_
Name of Notary _Jeannine M. Gushiken_
Notary Public, State of _Hawaii_

My commission expires: ___01/01/09___

WP