Of Counsel:

**BAYS DEAVER LUNG
ROSE & HOLMA**

BRUCE D. VOSS          6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL     7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2007 APR -4  PM 4: 00

E. ALAGAO
CLERK

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

|  |  |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. 06-1-1358-08 (KSSA) |
|  | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) PLAINTIFF'S PRETRIAL STATEMENT; |
|  | ) EXHBIT A; CERTIFICATE OF SERVICE |
|  | ) |
| JACQUELINE A. MARATI, LINA'LA SIN | ) |
| CASINO, and DOES 1-10, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## PLAINTIFF'S PRETRIAL STATEMENT

Plaintiff HOOLAE PAOA ("Plaintiff"), by and through his attorneys, Bays

Deaver Lung Rose & Holma, hereby submits his Pretrial Statement pursuant to Rule 12(b) of the

Rules of the Circuit Courts of the State of Hawaii.

# EXHIBIT "C"

I.    STATEMENT OF FACTS

This case arises out of the Defendants' calculated actions in publishing a press release with the intention that it harm Mr. Paoa's reputation and be widely disseminated and received in Hawaii.

On or about July 31, 2006, Defendants wrote a press release that identified Plaintiff by name, and falsely alleged that Plaintiff committed acts of moral turpitude and violated the law. The press release also included numerous false and defamatory allegations that other individuals associated with Plaintiff had participated in fraudulent schemes to legalize gambling, with the intention that these false and defamatory statements be imputed to Plaintiff's actions and character, and to falsely imply that Plaintiff was participating in a fraudulent or unlawful scheme to legalize gambling in Guam.

Upon information and belief, Defendants repeatedly published, circulated, reproduced, and disseminated the false and defamatory statements directly to persons and/or residents of the State of Hawaii, with the intention that the defamatory statements would be circulated to persons and/or residents of the State of Hawaii. Among other things, Defendants (1) transmitted the false and defamatory statements to people throughout Guam, including at least one Guam business headquartered in the State of Hawaii; (2) transmitted the false and defamatory statements to the news media with the intention that the statements be republished, broadcasted and ultimately received in the State of Hawaii; (3) emailed and/or transmitted the false and defamatory statements to persons and/or residents in the State of Hawaii; and (4) Caused the posting of false and defamatory statements on the internet with the intention that the defamatory statements be read by persons in the State of Hawaii.

Upon information and belief, the false and defamatory statements were, in fact, received and read by persons in the State of Hawaii.

Defendants published and distributed their false and defamatory statements with the intent to cause great injury to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, and to expose Plaintiff to hatred, contempt, ridicule, and obloquy throughout the State of Hawaii, and the City and County of Honolulu. Defendants published and distributed the statements to further their own self-serving agenda, with callous and reckless disregard for the truth or falsity of the statements and the damage they would do to Plaintiff's reputation and business interests in the State of Hawaii.

On March 19, 2007, Defendant Marati's filed a counterclaim against Plaintiff.

## II.    ADMITTED FACTS

1.      Defendant Marati is an individual and was at all times relevant herein a resident of Guam.

2.      Defendant Lina'la Sin Casino is an entity formed and organized under the laws of Guam.

3.      Defendant Marati is a spokesperson for Lina'la Sin Casino.

4.      Defendant Marati on or about July 31, 2006, wrote a press release that included Plaintiff's name.

III.   **CLAIMS FOR RELIEF AND TYPES OF EVIDENCE TO BE ORDERED IN SUPPORT OF CLAIMS**

     A.   <u>Claims of Relief</u>

        1.   <u>Defamation</u>: Defendants published and distributed false and defamatory statements about and concerning Plaintiff. Defendants' statements were neither privileged nor protected. Because Defendants' defamatory statements accuse Plaintiff of violating the law and acts of moral turpitude, the defamatory statements are defamatory per se as a matter of law, thereby entitling Plaintiff to recover presumed damages. Defendants published or caused to be published the defamatory statements negligently, or with actual malice, i.e., knowledge that the statements were false, or with reckless disregard as to the truth or falsity of the statements. Defendants' actions were willful and wanton such that Plaintiff is entitled to recover punitive damages. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial.

        2.   <u>False Light - Invasion of Privacy</u>: Defendants gave publicity to matters concerning Plaintiff that places Plaintiff before the public in a false light. The false light in which Defendants have placed Plaintiff is highly offensive to a reasonable person. Defendants had knowledge of, or acted with reckless disregard as to, the falsity of the publicized matter and the false light in which Plaintiff was placed. Defendants' actions were willful and wanton such that Plaintiff is entitled to recover punitive damages. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish and humiliation in an amount to be proven at trial

36626_1

4

3.    Intentional Infliction of Emotional Distress: Defendants intentionally or recklessly performed acts that have caused harm to Plaintiff. Defendants' acts were outrageous. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and continues to suffer extreme emotional distress, along with general and special damages, damage to Plaintiff's personal and professional reputation in the State of Hawaii, City and County of Honolulu, mental anguish, and humiliation in an amount to be proven at trial.

4.    For general, special, and punitive damages in amounts to be proven at trial; for Pre-Judgment interest to the extent permitted by law; for Plaintiff's attorneys' fees and costs; and for any and all further relief that the Court may deem just and proper

B.    Types of Evidence to be Presented in Support of Each Claim

1.    Live and documentary testimony.

2.    Documents produced by the parties, including, but not limited to, all documents introduced as exhibits during depositions.

3.    Charts, blow-ups and multi-media.

4.    Other documentary evidence uncovered during the course of further discovery.

## IV.    NON-EXPERT WITNESSES

The following is a list of non-expert lay witnesses expected to be called by Plaintiff at trial, their last known address, and the type of testimony to be given:

| | Name and Address of Witness(es) | Description of Testimony |
|---|---|---|
| 1. | Hoolae Paoa<br>c/o Bruce D. Voss, Esq.<br>Michael C. Carroll, Esq.<br>1099 Alakea Street, 19th Floor<br>Honolulu, Hawaii 96813 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |

| | Name and Address of Witness(es) | Description of Testimony |
|---|---|---|
| 2. | Jim Baldwin<br>c/o Bruce D. Voss, Esq.<br>Michael C. Carroll, Esq.<br>1099 Alakea Street, 19th Floor<br>Honolulu, Hawaii 96813 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 3. | John Baldwin<br>c/o: Bays, Deaver, Lung, Rose & Baba<br>1099 Alakea St. 16th Floor<br>Honolulu, HI 96813 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 4. | Shawn Scott<br>c/o: Bays, Deaver, Lung, Rose & Baba<br>1099 Alakea St. 16th Floor<br>Honolulu, HI 96813 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 5. | Vicki Scott<br>c/o: Bays, Deaver, Lung, Rose & Baba<br>1099 Alakea St. 16th Floor<br>Honolulu, HI 96813 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 6. | Robert J. Newell | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 7. | Jacqueline A. Marati<br>c/o Rustam A. Barbee, Esq.<br>1188 Bishop Street, Suite 2606<br>Honolulu, HI 96813 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 8. | Representative(s) of Lina'la Sin Casino, including, but not limited to, those representatives listed on Exhibit A, attached hereto. | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 9. | Representative(s) of the Pacific Daily News | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 10. | Representative(s) of the Marianas Variety | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |

| 11. | Representative(s) of RW (Real Women) Magazine | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
|-----|-----------------------------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 12. | Frank Whitman | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 13. | Representative(s) of Pacific Voice | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 14. | Representative(s) of KUAM | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 15. | Representative(s) of K57 | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 16. | Representative(s) of the Saipan Tribune | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 17. | Representative(s) of Bridge Capital | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 18. | John Baker | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 19. | L. Webber | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 20. | Risk Saad | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |

| 21. | Dr. Jose Cruz | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
|-----|---------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 22. | Mark Baldyga | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 23. | Monica Guzman | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 24. | John Lee | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 25. | Jay Arriola | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 26. | Howard Kihune | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 27. | Sidney Fuke | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 28. | Anne Chung | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 29. | Toko Kobayashi | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |
| 30. | Robert Wessell | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters.  Said witness will also testify as to damages and liability. |

| 31. | David Wilson | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |
| 32. | Tony Hoo | Said witness will testify as to the facts and allegations contained in the Complaint and other related matters. Said witness will also testify as to damages and liability. |

33.    All non-expert witnesses identified by Defendants in their Responsive Pretrial Statements, Settlement Conference Statements, and Final Naming of Witnesses, and any amendments or supplements thereto, and in their answers and responses to Plaintiff's discovery requests.

34.    All persons deposed or to be deposed in connection with this litigation.

35.    All persons identified during discovery conducted in this litigation.

36.    Plaintiff reserves the right to identify and call additional witnesses in rebuttal or surrebuttal and other witnesses whose identities have not yet been discovered.

37.    Plaintiff further reserves the right to amend this non-expert witness list as necessary during the course of, or at the completion of, discovery herein.

V.    **EXPERT WITNESSES**

Plaintiff has not yet retained any experts to provide testimony at trial in this matter and reserves the right to supplement his pretrial statement. Plaintiff also reserves the right to call those expert witnesses identified in Defendants Responsive Pretrial Statements, Final Naming of Witnesses or Settlement Conference Statements and any amendments filed in this action; the right to name additional expert witnesses for rebuttal and as necessitated by further

discovery; and the right to amend this Pretrial Statement at any time before the trial date to name additional expert witnesses.

## VI.    MEETING OF THE PARTIES

Counsel for Plaintiff and Defendant have had several discussions regarding settlement and discovery issues. The Parties are currently engaged in settlement discussions to resolve all issues in this case.

## VII.    ALTERNATIVE DISPUTE RESOLUTION

Plaintiff is agreeable to participating in Alternative Dispute Resolution.

DATED:        Honolulu, Hawaii, April 4, 2007.

BRUCE D. VOSS
MICHAEL C. CARROLL

**Attorneys for Plaintiff**
**HOOLAE PAOA**

36626_1

10

Lána'la Sin Casino
Members/Supporters

   Archbishop Anthony S. Apuron
   Arriola, Joy
   Arroyo, Raymond
   Barcinas, Josfina
   Camacho, Lourdes
* Cruz, Jose Q. Dr.   — President
   Cruz, Roselin
   Davis, Bill
   Duenas, Ben
* Duenas, Bent Dr.   — Vice President
   Flores, Annie
   Florig, Frank
   Dombacik, Julia
   Kasprehauen, Carmen
   Len Guerrero, Shawn
   Manibusan, Carmen
* Quinata, Maria (Mae) — Treasurer
   Quinata, Roman
   Repadas, Cecila
   Salomes, Act
   Salomes, Jo
* Sanchez, Flo   — Corresponding Secretary
   Sister Maria Dolores
   Sister Marie Pierre
   Sister Joseph Quinene
   Sister Therese Perez
* Sucaldito, Ceferino — Historian
   Sullivan, David — Historian
* Sullivan, Pramilla — Public Relation

M=X

000244

Lenoir, Frank Dawen
Lenoir, Mann
Torres, Ray
Ulloa, Juanita
Unprenged Best
⊕ Untalan, Elizabeth - Recording Secretary



⊕ - Executive Officers

090245

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | )  CIVIL NO. 06-1-1358-08 (KSSA) |
| | )  (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | )  CERTIFICATE OF SERVICE |
| vs. | ) |
| | ) |
| JACQUELINE A. MARATI, LINA'LA SIN | ) |
| CASINO, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, a true and correct copy of the foregoing document was served on the parties listed below at their respective addresses by U.S. Mail, first-class postage prepaid:

ANITA P. ARRIOLA, ESQ.
Arriola, Cowan & Arriola
259 Martyr Street, Suite 201
C & A Building
Hagatna, Guam 96910

LESLIE R. KOP, ESQ.
LAURA KUIOKA, ESQ.
Fukunaga Matayoshi Hershey & Ching
Davies Pacific Center
841 Bishop Street, Suite 1200
Honolulu, HI 96813

Attorneys for Defendant
JACQUELINE A. MARATI

MICHAEL F. PHILLIPS, ESQ.
410 W. O'Brien Drive, Suite 102
Hagatna, Guam 96910

Attorney for Defendant
LINA'LA SIN CASINO

DATED:  Honolulu, Hawaii, April 4, 2007.

BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff HOOLAE PAOA

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2007 JUN 18   AM 10: 34

_____F. OTAKE_____
CLERK

Of Counsel:

FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP          4794
LAURA A. KUIOKA        8054
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808) 533-4300
Facsimile:  (808) 531-7585

ANITA P. ARRIOLA, ESQ.,Pro Hac Vice #061075
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Tel No.: (671) 477-9730
Fax No.: (671) 477-9734

Attorneys for Defendant
JACQUELINE A. MARATI

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. 06-1-1358-08 (KSSA) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT JACQUELINE A. |
| | ) | MARATI'S RESPONSIVE PRETRIAL |
| JACQUELINE A. MARATI, LINA'LA SIN | ) | STATEMENT; EXHIBIT "A"; |
| CASINO, and DOES 1-10, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendants. | ) | |
| | ) | |

DEFENDANT JACQUELINE A. MARATI'S RESPONSIVE PRETRIAL STATEMENT

Defendant Jacqueline A. Marati ("Defendant Marati"), by and through her

attorneys, Fukunaga Matayoshi Hershey and Ching and Anita P. Airiola, Esq., hereby submits

her Responsive Pretrial Statement, pursuant to Rule 12(h) of the Rules of the Circuit Court of the

G:\Paoa\Paoa PLEAD\RPTS-3.wpd

**EXHIBIT "D"**

State of Hawaii, and Rule 5 of the Hawaii Rules of Civil Procedure.

I.    STATEMENT OF FACTS:

Defendant Jacqueline A. Marati ("Marati") is a member of Lina'la Sin Casino ("Life without Casinos") (hereafter "Lina'la"), a Guam non-profit organization which has as its purpose to lobby, campaign and oppose attempts to legalize gaming on Guam, Marati and other Lina'la members, all Guam residents, successfully organized and campaigned in the 2004 Guam general election to defeat an initiative to legalize casino gambling in Guam.

In July 2006, certain individuals began to collect signatures of registered Guam voters in order to certify an initiative for the November 2006 election ballot in Guam. The initiative, as proposed would legalize the operation of slot machines in a facility known as the Guam Greyhound. After learning of this campaign, Lina'la began to investigate the backgrounds of the initiative organizers.

On July 31, 2006, Lina'la issued a Press Release written by Marati which discussed the background and history of the new owners of Guam Greyhound and the proponents of the initiative, including Plaintiff Hoolae Paoa ("Plaintiff"). Lina'la sent the Press Release to several Guam news organizations.  Excerpts of the Press Release were published in early August 2006 in Guam media.

On August 4, 2006 Plaintiff filed his Complaint in the instant matter in the Circuit Court of the First Circuit. In his Complaint, Plaintiff alleges that the Press Release contained false and defamatory information about Plaintiff. Plaintiff further alleges that the information was disseminated to and received by persons in the State of Hawaii.

On September 5, 2006, Defendant Marati filed a motion to dismiss for lack of personal jurisdiction. The Court denied Defendant Marati's motion.

On February 5, 2007, Defendant Marati filed a motion for interlocutory appeal. The court denied the motion.

On March 19, 2007, Defendant Marati filed her Answer to the Complaint, along with two Counterclaims against Plaintiff. In her counterclaims, Defendant Marati alleges that Plaintiff's lawsuit constitutes an abuse of process and that the lawsuit violates the anti-SLAPP (Strategic Lawsuit Against Public Participation) law, in that Plaintiff's objective is to censor, chill, intimidate, or punish defendant Marati for campaigning against the slot machine initiative.

Defendant Marati denies any wrong doing and/or liability to Plaintiff.

II.    ADMITTED FACTS:

1.    Defendant Marati is a resident of Guam.

2.    Defendant Lina'la Sin Casino is an entity formed and organized under the laws of Guam.

3.    Defendant Marati is a spokesperson for Lina'la Sin Casino.

4.    On or about July 31, 2006, Defendant Marati wrote a press release that included Plaintiff's name.

III.    DEFENSES:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    This Court lacks personal jurisdiction over Defendant Marati.

3.    Service of process was insufficient.

4.    Defendant Marati did not owe a duty to Plaintiff, and even assuming such

a duty existed, Defendant Marati did not breach that duty.

     5.    The alleged conduct of Defendant Marati was not a proximate cause of, or a substantial factor in causing Plaintiffs damages as alleged in the Complaint.

     6.    If plaintiff incurred any damages as alleged in the Complaint, such injuries and damages were not reasonably foreseeable.

     7.    Plaintiff failed to mitigate his damages.

     8.    Truth is an absolute defense to an action for defamation.

     9.    Independent intervening forces by persons and/or things other than Defendant Marati may have been the legal and proximate cause of Plaintiff's alleged injuries, and for which Defendant Marati cannot be held liable.

     10.    Defendant Marati may rely on the doctrine of unclean hands, waiver or estoppel.

     11.    Defendant Marati's involvement, if any was passive and not active, and was merely a circumstance of the accident and not a proximate cause of Plaintiffs alleged injuries or damages, if any. Accordingly, Defendant Marati is not liable to Plaintiff.

     12.    The Complaint fails to state a claim for which punitive damages can be recovered.

     13.    An award of Punitive damages is unconstitutional and violates the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 and 12 of the Hawaii State Constitution.

     14.    Defendant Marati is immune from liability under the Guam anti-SLAPP (Strategic Lawsuits Against Public Participation) 7 G.C.A sec. 17104 and/or any other applicable

anti-SLAPP or similar statute.

15.    Plaintiff has failed to join dispensable parties to this action.

16.    Any actions performed by Defendant Marati as alleged in the Complaint were performed on behalf of Lina'la, a Guam non-profit corporation, and Defendant Marati cannot be sued in her individual capacity.

17.    Plaintiff is a public figure for the purposes of this action.

18.    The subject matter of the Press Release and any other matters alleged in the Complaint involved events of public or general interest and as such, were issued by Defendant Marati without knowledge of falsity and without reckless disregard for truth or falsity. Also, said matters are privileged and protected by the freedoms conferred by the First and Fourteenth Amendments to the U.S. Constitution.

19.    Defendant Marati is immune from liability under the Noerr-Pennington immunity doctrine.

20.    Defendant Marati intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and trial, and reserves the right to amend this Responsive Pretrial Statement to assert any additional defenses.

IV.    NON-EXPERT WITNESSES

| WITNESS | DESCRIPTION OF TESTIMONY |
|---|---|
| 1. Hoolae Paoa<br>c/o Bruce D. Voss, Esq<br>Michael Caroll, Esq.<br>1099 Alakea Street, 19th Floor<br>Honolulu, Hawaii 96813 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| | |
|---|---|
| 2. Jacqueline A. Marati<br>c/o Leslie R. Kop, Esq.<br>Laura A. Kuioka, Esq.<br>841 Bishop Street, Suite 1200<br>Honolulu, Hawaii 96813 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 3. Representatives of Lina'la Sin Casino (see Exhibit A, attached hereto and incorporated by reference herein)<br>c/o Lina'la sin Casino<br>PO 326766<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 4. Representative(s) of the Pacific Daily News<br>244 Archbishop FC Flores<br>Hagatna, Guam 96910 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 5. Representative(s) of the Marianas Varriety News<br>215 Rojas St. #204<br>Harmon, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 6. Representative(s) of RW (Real Women) Magazine<br>PO box 12081<br>Tamuning, Guam 96931 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 7. John K. Baldwin<br>c/o Guam Greyhound<br>743 Chalan San Antonio<br>Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| | |
|---|---|
| 8.  Jon Anderson<br>    c/o Guam Greyhound<br>    743 Chalan San Antonio<br>    Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 9.  Shawn Scott<br>    c/o Bridge Capital Investments<br>    BOH Bldg. #303,<br>    Marina Hts Business Park<br>    Saipan 96950 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 10.  Gerald Taitano<br>    c/o Guam Election Commission<br>    PO Box BG<br>    Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 11.  Senator Frank Ishizaki<br>    c/o Guam Legislature<br>    155 Hesler Place<br>    Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 12.  John Paul Calvo<br>    c/o Guam Greyhound<br>    743 Chalan San Antonio<br>    Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 13.  Robert L. Newell<br>    Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| | |
|---|---|
| 14.  Victoria Scott<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 15.  Lourdes Aguon-Schulte<br>P.O. Box 2860<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 16.  Monica Guzman<br>c/o Lina'la<br>P.O. Box 326766<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 17.  Rizk Saad<br>1199 Pale San Vitores Road<br>Tumon, Guam 96911 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 18.  Representatives of KUAM<br>PO Box 368<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 19.  Representatives of K57<br>111 Chalan Santo Papa<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| | |
|---|---|
| 20. Representatives of Pacific Voice<br>196B Cuesta San Ramon<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 21. Frank Whitman<br>41 Calle di Silencio<br>Yona, Guam 96915 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 22. Custodian of records<br>Circuit Court of the First Circuit Court<br>State of Hawaii<br>777 Punchbowl Street<br>Honolulu, Hawaii 96813 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 23. Custodian of records<br>Honolulu Police Department<br>801 S. Beretania Street<br>Honolulu, Hawaii 96813 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 24. Dr. Ronald McNinch<br>P.O. Box 5224<br>Mangilao, Guam 96923 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 25. Allen Lee<br>c/o Guam Greyhound<br>743 Chalan San Antonio<br>Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| 26. Benson Ko<br>c/o Guam Greyhound<br>743 Chalan San Antonio<br>Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
|---|---|
| 27. Jay Merrill<br>674 Harmon Loop Road, Suite 312<br>Dededo, Guam 96929 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 28. Jodie Vida<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 29. John Calvo<br>P.O. Box 192<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 30. Janet Calvo<br>P.O. Box 192<br>Hagatna, Guam 96932 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 31. John Lee<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| | |
|---|---|
| 32. Joseph Camacho<br>643 Chalan San Antonio<br>Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 33. Anthony Godwin<br>Today's Realty<br>267 So. Marine Dr., Suite 3A<br>Tamuning, Guam 96913 | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 34. Representatives of Tumon Partners, LLC<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 35. Hee K. Cho<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 36. Kevin Shin<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 37. Representatives of Bando Engineering &<br>Construction Co., Ltd.<br>Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

| 38. Representatives of Bando Land Inc. Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
|---|---|
| 39. Sang Koo Kang Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |
| 40. Representatives of Fujita Kanko Guam, Inc. Address unknown | Witness will testify about the facts and circumstances relating to the incident which occurred on or about July 31, 2006 involving the subject press release described in the Complaint and other matters concerning liability and damages. |

41.    All non-expert witnesses identified by Plaintiff in his Pretrial Statement(s), Settlement Conference Statement(s) and Final Naming of Witnesses and any amendments or supplements thereto, and in his answers and responses to Defendant Marati's discovery requests.

42.    All persons deposed or to be deposed in connection with this litigation.

43.    All persons identified during discovery conducted in this litigation.

44.    Defendant Marati reserves the right to call additional witnesses in rebuttal and other witnesses whose identities have not yet been discovered. Additionally, Defendant Marati may illicit expert opinions from witnesses who are identified as non-expert witnesses, based on their education, training and/or experience.

45.     Defendant Marati further reserves the right to amend her Responsive Pretrial Statement as necessary at anytime before the trial date to name additional non-expert witnesses.

46.     Any and all custodians of records or other witnesses needed to authenticate documents and/or things.

## V.     EXPERT WITNESSES

1.   Defendant Marati has not yet retained any experts to provide testimony a trial in this matter. However, Defendant Marati reserves the right to supplement her Responsive Pretrial Statement and identify her expert(s) as discovery progresses. Defendant Marati also reserves the right to call those expert witnesses identified in Plaintiff's Pretrial Statement(s), Final Naming of Witnesses or Settlement Conference Statement(s) and any amendments filed in this action; the right to name additional expert witnesses for rebuttal and as necessitated by further discovery; and the right to amend this Responsive Pretrial Statement at any time before the trial date to name additional expert witnesses.

2.     Defendant Marati reserves the right to name any and all custodians of records or other witnesses needed to authenticate documents and/or things.

## VI.     STATEMENT REGARDING MEETING OF THE PARTIES

Counsel for Plaintiff and Defendant have had several discussions regarding settlement and discovery issues however, there has been no formal face to face meeting to discuss limiting all disputed issues, discovery and various alternative dispute resolution options.

## VII.     STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION

Defendant Marati has no objection to participating in an alternative dispute

G:\Paoa\Paoa PLEAD\RPTS-3.wpd                     13

resolution process.

DATED: Honolulu, Hawaii, _____ JUN 1 8 2007 _____.

LESLIE R. KOP
LAURA A. KUIOKA
ANITA P. ARRIOLA
Attorneys for Defendant
JACQUELINE A. MARTI

G:\Paoa\Paoa PLEAD\RPTS-3.wpd        **14**