Of Counsel:

BAYS DEAVER LUNG
ROSE & HOLMA

BRUCE D. VOSS             6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL        7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HOOLAE PAOA, | ) | CIVIL NO. CV07 00370 JSM-LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF HOOLAE PAOA'S |
| | ) | MEMORANDUM IN |
| JACQUELINE A. MARATI, | ) | OPPOSITION TO DEFENDANT |
| LINA'LA SIN CASINO, and DOES | ) | JACQUELINE A. MARATI'S |
| 1-10, | ) | MOTION FOR TRANSFER OF |
| | ) | VENUE, FILED OCTOBER 17, |
| Defendants. | ) | 2007; DECLARATION OF |
| | ) | MICHAEL C. CARROLL; |
| | ) | EXHIBITS 1-2; CERTIFICATE |
| | ) | OF SERVICE |
| | ) | |
| | ) | HEARING |
| | ) | DATE: November 28, 2007 |
| | ) | TIME: 3:30 p.m. |
| | ) | JUDGE: Leslie E. Kobayashi |

PLAINTIFF HOOLAE PAOA'S MEMORANDUM IN OPPOSITION TO DEFENDANT JACQUELINE A. MARATI'S MOTION FOR TRANSFER OF VENUE, FILED OCTOBER 17, 2007

I. INTRODUCTION

This case arises out of a press release that Defendant Jacqueline A. Marati ("Defendant") published on July 31, 2006 and directed towards Hawaii. The press release contained numerous false statements intended to cause substantial damage and injury to Plaintiff Hoolae Paoa in his home state of Hawaii.

Prior to removal, on September 5, 2006, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Motion to Dismiss") advancing the same argument that venue was not proper in Hawaii. On January 26, 2007, the Court <u>denied</u> Defendant's Motion to Dismiss in its entirety.

Defendant is now seeking to circumvent the Court's prior ruling and to re-litigate the issue of whether venue is proper in Hawaii. As the Court previously ruled on this issue, Defendant should not be given a second bite at the apple to further some tactical advantage. Further, on the merits, venue is appropriate in Hawaii because, among other things: (1) Mr. Paoa was a resident of Hawaii at the relevant period of time, has no ties to Guam and would be substantially prejudiced by having to litigate this case in

41393-1
2

Guam; (2) the publication was received and the damages occurred in Hawaii; and (3) Defendant directed her conduct towards Hawaii, personal jurisdiction over Defendant exists in Hawaii, and it is not unreasonable to require Defendant to defend this action in Hawaii.

## II. FACTUAL SUMMARY[1]

Mr. Paoa was born in Hawaii, grew up in Hawaii, and resided in Hawaii at all relevant times. See Declaration of Hoolae Paoa attached to the MIO. His family and close friends are all Hawaii residents. Id. Mr. Paoa has no contacts with Guam and has only traveled to Guam for layovers while traveling to other destinations. Id. Mr. Paoa does not own any property in Guam, nor does he operate or conduct any business in Guam. Id.

On July 31, 2006, Defendant mass published a press release entitled "Greyhound Backers Part of Group Fined $622,820 in DC signature Buying Scheme for Slot Legalization, Group Denied or Failed to Obtain Gambling Licenses in 5 States Due To Financial Irregularities." See Exhibit E to the MIO. Although Mr. Paoa had no involvement with the signature drive that was the subject of the press release, the press release identified Mr. Paoa by name, accused him of participating in the signature drive, and

---

[1] A detailed factual summary was set forth in Mr. Paoa's Memorandum in Opposition to Defendant's Motion to Dismiss ("MIO"). Mr. Paoa's MIO, attached hereto as Exhibit 1 is incorporated herein by this reference.

41393-1                    3

included false and defamatory statements directed at Mr. Paoa for no other reason than to cause damage to his reputation.

Defendant repeatedly published the press release to various news organizations and individuals with the intent that it be received in the State of Hawaii. Among other things, Defendant (1) transmitted the false and defamatory statements to people throughout Guam, including at least one Guam business headquartered in the State of Hawaii; (2) transmitted the false and defamatory statements to news media with the intention that the statements be republished, broadcasted and ultimately received in the State of Hawaii; (3) emailed and/or transmitted the false and defamatory statements to residents of or persons in the State of Hawaii; and (4) caused to be posted the false and defamatory statements on the internet with the intention that the defamatory statements be read by persons in the State of Hawaii.

Several, if not all, of the news media recipients of the press release have a large number of Hawaii subscribers or readers, and consequently, the press release was received in Hawaii and caused damage in the forum.

41393-1

4

III. PROCEDURAL BACKGROUND

On August 4, 2006, Plaintiff filed his Complaint against Defendants Jacqueline A. Marati ("Defendant"), Lina'La Sin Casino (the organization in which Defendant was affiliated) ("Defendant Lina'La"), and Does 1-10 in the Circuit Court of the First Circuit, State of Hawaii ("State Court"), Civil No. 06-1-1358-08 (KSSA).[2]

In response to the Complaint, on September 5, 2006, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Motion to Dismiss"). In her Motion to Dismiss, Defendant advanced the same arguments as the present motion, that venue was not proper in Hawaii.

After fully briefing the issues in Defendant's Motion to Dismiss, the motion came on for hearing in State Court on January 16, 2007. Having fully reviewed and considered the memoranda, declarations, and exhibits submitted in support and in opposition of the Motion, and the argument of counsel at the hearing, the Court <u>denied</u> Defendant's Motion to Dismiss, ruling that Plaintiff established a prima facie case and that personal jurisdiction and venue was proper in Hawaii. The Court's decision was memorialized in an order filed on January 26, 2007.

---

[2] On August 29, 2006, the State Court entered a default judgment against Defendant Lina'La for failure to appear and defend this action.

41393-1                              5

On July 11, 2007, Defendant filed her Notice of Removal to Federal Court. The period to reconsider all prior State Court rulings has lapsed, and no party has sought reconsideration on any decision rendered by the State Court. Thus, the decisions rendered in State Court have been adopted by this Court by operation of law. See Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994); Breedlove v. Cabou, 296 F.Supp.2d 253, 265 (N.D.N.Y. 2003).

IV.   DISCUSSION

   A.   Defendant is Estopped From Re-Litigating Its Claim for Lack of Venue

Defendant's motion herein is simply an attempt to circumvent a prior ruling of the State Court, and to re-litigate an issue that was previously decided against Defendant. When a case is removed from state to federal court, all prior judgments, decisions, and orders are adopted by the Federal Court on the date of removal. Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994); Breedlove v. Cabou, 296 F.Supp.2d 253, 265 (N.D.N.Y. 2003).

In this case, the State Court previously ruled that venue was proper in Hawaii, and denied Defendant's motion to dismiss for lack of personal jurisdiction and lack of venue. This order was adopted by this Court by operation of law on the date of removal. While Defendant could

have filed a motion for reconsideration of the State Court's prior ruling within 10 days after removal, see id. & LR 60.1, Defendant inexplicably did not do so. Defendant is thereby bound by the State Court's prior ruling on venue, and cannot now re-litigate this issue to seek some tactical advantage. See U.S. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'") (citation omitted).

  B. <u>Venue is Proper in Hawaii</u>

    If the Court is inclined to consider this Motion on the merits, venue is proper in Hawaii and this Court should deny the Motion on the merits. 28 U.S.C.A. § 1391(a) provides that in a civil action based on diversity of citizenship, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" See also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) ("A claim arises in any district in which a substantial part of the acts, events, or omissions occurred that gave rise to the claim.")

    "Venue is to be determined as of the time the complaint was filed and is not affected by a subsequent change of parties." Sidco Industries

Inc. v. Wimar Tahoe Corp., 768 F.Supp. 1343, 1346 (D.Or.,1991) (Flowers Indus. v. FTC, 835 F.2d 775, 776 n. 1 (11th Cir.1987) ( "venue must be determined based on the facts at the time of filing [the complaint]"). Thus, the fact that Mr. Paoa now resides in Saipan is irrelevant for purposes of determining the appropriate venue.

In a defamation action, such as the present case, venue is proper where the Plaintiff's injury occurs. See Miracle v. N.Y.P. Holdings, Inc., 87 F.Supp.2d 1060, 1072 (D.Hawai'i 2000), attached hereto as Exhibit 2. This Court reviewed a virtually identical fact pattern in Miracle, in which this Court held that venue was proper in Hawaii under 28 U.S.C.A. § 1391(a), and a transfer of venue under 28 U.S.C.A. § 1404(a) was not warranted. In Miracle, a Hawaii resident brought a state court defamation action against a New York columnist and newspaper based on an article published in the New York Post. The article was widely disseminated in New York, and only two copies of the Post were sold by subscription in Hawaii.

The plaintiff alleged that she was a resident of the State of Hawaii for almost 13 years, and "suffered public ridicule and contempt in the State of Hawaii, and has lost out on lucrative business opportunities in Hawaii, due to the statements made about her in the column." The case was

removed to the District Court based on diversity of citizenship, and the defendants filed a motion to dismiss for lack of personal jurisdiction or in the alternative a transfer of venue. This Court concluded that personal jurisdiction was proper in Hawaii, and further that venue was proper. With respect to venue, the Court stated:

> Here, venue is proper under 28 U.S.C. § 1391(a)(2). Defendants do not dispute that the Post circulated newspaper subscriptions in Hawaii, where Plaintiff resides. In addition, according to Plaintiff, the harm she experienced as a result of the article occurred in Hawaii. The Court has already determined that these contacts are sufficient to establish personal jurisdiction in this action because they are sufficient such that the maintenance of the suit in Hawaii "does not offend traditional notions of fair play and substantial justice." The Court likewise determines that, due to the contacts with Hawaii, and particularly due to the fact that Plaintiff experienced the alleged harm in Hawaii, venue is proper under 28 U.S.C. § 1391.

Id. at 1072 (internal citations omitted). This Court further rejected defendants argument seeking a transfer of venue under 28 U.S.C. § 1404(a) because the defendants failed to make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Id. at 1073 (citation omitted).

In this case, as in Miracle, venue is proper in Hawaii because the defamatory press release was published and received in Hawaii, and Mr. Paoa's damages were suffered in Hawaii. See Miracle, supra; Guidry v.

41393-1

9

Durkin, 834 F.2d 1465, 1470 (9th Cir. 1987) (citation omitted) ("Publication occurs when a third party hears or reads the libelous message.").

Further, Mr. Paoa is from Hawaii, and lived in Hawaii at the relevant period of time. Mr. Paoa has no ties with Guam, did not purposefully avail himself of the laws of Guam, and Guam would not have personal jurisdiction over him. Conversely, Defendant purposefully directed her press release at Mr. Paoa and the forum state, personal jurisdiction over Defendant is present in Hawaii, and it would not be unreasonable to require Defendant to defend this action in Hawaii.[3]

The State of Hawaii also has a compelling interest in providing an effective means of redress for its residents tortiously injured. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1200 (9th Cir. 1988). As this case involves injuries to a Hawaii resident, this case should properly be decided

---

[3] Defendant further argues that venue is more appropriate in Guam based on the residency of the potential witnesses listed in Mr. Paoa's pretrial statement. This same argument was advanced and rejected in Miracle, in which this Court held that the defendants failed to demonstrate that it would be "prohibitively expensive or difficult" to defend the action in Hawaii based on the residency of the defendants and potential witnesses. In this case, as in Miracle, the majority, if not all of the potential witnesses on damages are residents of Hawaii, or have significant ties to Hawaii and travel to Hawaii regularly. These anticipated witnesses include: (1) Jim Baldwin, a resident of Hawaii; (2) John Baldwin, a resident of Saipan that regularly travels to Hawaii; (3) Shawn Scott, a foreign resident (not from Guam), that travels to Hawaii regularly; (4) Vicki Scott, a resident of Hawaii; (5) Howard Kihune, a resident of Hawaii; and (6) Sidney Fuke, a resident of Hawaii.

41393-1                                     10

by a Hawaii jury, not a jury from Guam that may not be able to appreciate the nature of the harm.

Venue is proper in Hawaii, and there are no overriding justifications to transfer venue to "upset" the strong preference for Mr. Paoa's choice of forum. See Miracle, supra. This case was properly brought in Hawaii, and should be decided by a Hawaii jury.

V.   CONCLUSION

In brief, this Court should not allow Defendant to circumvent prior rulings of the Court to further some tactical advantage. The issue of venue has previously been decided, and there is no compelling justification to revisit or overturn this prior ruling.

On the merits, venue is proper in Hawaii, and Hawaii is the most appropriate venue for this action. Mr. Paoa was a resident in Hawaii at all relevant times, his damages were suffered in Hawaii, and he has no ties to Guam that would justify removing this case to Guam. This case was

properly initiated in Hawaii, and should be decided in Hawaii with a Hawaii jury.

DATED: Honolulu, Hawaii, November 9, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. CV07 00370 JSM-LEK |
| | ) | |
| Plaintiff, | ) | (Other Non-Vehicle Tort) |
| | ) | |
| vs. | ) | DECLARATION OF MICHAEL C. CARROLL |
| | ) | |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MICHAEL C. CARROLL

I, Michael C. Carroll, hereby declare that:

1. I am an associate with the law firm of Bays, Deaver, Lung, Rose & Holma, attorneys for Plaintiff Hoolae Paoa.

2. I am competent to testify as to the matters set forth herein and to make the following statements based upon my personal knowledge.

3. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff Hoolae Paoa's Memorandum in Opposition to Defendant Jacqueline Marati's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

4.   Attached hereto as Exhibit 2 is a true and correct copy of the published decision rendered in Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d. 1060 (D. Hawaii 2000), which was retrieved from Westlaw on November 7, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 9, 2007.

_____
MICHAEL C. CARROLL