Id. at 834.  Similarly, in Nicosia v. De Rooy, 72 F. Supp. 2d 1093, 1099 (N.D. Cal. 1999), the

court held that where the plaintiff sent at least eleven e-mails, out of a total one hundred, to

California addresses, inviting the recipients to view articles on her website, the defendant

purposefully availed herself of being subject to personal jurisdiction in California.  Similarly, in

Brainard v. Governors of the University of Alberta, 873 F.2d 1257, 1259 (9th Cir. 1989), the

Ninth Circuit held that a single phone call initiated by an Arizona resident and received by the

defendant in Alberta, Canada was sufficient to establish jurisdiction in Arizona over the

defendant in Alberta, Canada.  The Ninth Circuit recognized that the defendant did not initiate

the contact, nor did the defendant have any contacts with the forum other than receiving the

single phone call.  Id. at 1259.  The court, however, held that the defendant "knew the injury and

harm stemming from his communications would occur in Arizona, where [the plaintiff] planned

to live and work."  Id. at 1259.

        In this case, Defendant either knew or should have known that Mr. Paoa was a

resident of Hawaii, and his reputation in Hawaii would be damaged as a result of widely

broadcasting the defamatory statements to news media knowing that they would be transmitted,

directed, and received in the forum State of Hawaii.  Defendant has an extensive background in

business, lobbying, and broadcasting, has contacts with the news media, and knew the effects of

publishing her defamatory press release toward the forum state.  Defendant further knew the

effects of her defamatory statements would have on Mr. Paoa's reputation and his business in

Hawaii.  Without any consideration as to these effects, Defendant blindly relied on false

information from an unknown source.  Defendant made no effort to determine the reliability of

the source, or the truth or falsity of the statements that she carelessly broadcasted to further her

pretextual purpose. The Defendant's actions were clearly calculated to cause damage in Hawaii, and did in fact cause damage in Hawaii.

Furthermore, several of the news organizations that published the defamatory statements are alleged to be widely read and received by residents of Hawaii, far greater than the handful of recipients that were sufficient to establish personal jurisdiction in Gordy, Nicosia, and Brainard. Additionally, Mr. Paoa does not live in Guam, does not conduct business in Guam, has no family in Guam, and has no ties to Guam. All of Mr. Paoa's damages, including damage to his reputation, are being suffered in Hawaii. Under the standard articulated in Core Vent and Yahoo, more than a jurisdictional amount of damage is suffered in Hawaii. **All the damage is suffered in Hawaii.**

In addition to the above, the Defendant's calculated use of the internet provides an additional basis to establish jurisdiction. The posting of defamatory statements on web pages satisfies the minimum contacts requirement where the defendant's actions illustrate purposeful availment directed at the forum. See Edias Software International, L.L.C. v. Basis International Ltd., 947 F. Supp. 413 (D. Ariz. 1996) (holding that defendant's e-mail messages and web site which reaches Arizona customers "count as additional 'contacts' under a minimum contacts analysis, but additionally confer jurisdiction in Arizona under the 'effects test.'"); Panavision International, L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1988) (holding that defendant was subject to personal jurisdiction in California where the defendant's registration of plaintiff's domain name was part of a scheme to extort fees). In this case, Defendant's actions were calculated to result in an onslaught of re-publication on the internet. When Defendant published her defamatory press release she knew, or should have known that the news media that she was carelessly transmitting her defamatory press release would re-publish the materials on the

internet to be read by readers in Hawaii. The defamatory press release was, in fact, republished on the internet at several sites. Upon information and belief, these web pages were read by a large portion of Hawaii residents, far greater than the handful of recipients in <u>Gordy</u>, <u>Nicosia</u>, and <u>Brainard.</u> Accordingly, the first element of personal jurisdiction is clearly satisfied.

> B.    Mr. Paoa's Claims Arise Out Of Defendant's Defamatory Statements Directed Toward The Forum

The second element to establish personal jurisdiction is that the claim must arise out of or relate to the Defendant's forum related activities. The Ninth Circuit has adopted the "but for" test to determine whether a plaintiff's claims arises out of a defendant's forum related activities. <u>Cummings v. Western Trial Lawyers Ass'n</u>, 133 F. Supp. 2d 1144 (D. Ariz. 2001) (citation omitted). This element is satisfied if "'but for' the contacts between the defendant and the forum state, Plaintiff's cause of action would not have arisen." <u>Id.</u> This element is clearly met in the present case as Mr. Paoa's damages arose out of the Plaintiff's actions directed at the forum, i.e., but for the Defendant's actions of directing the press release towards the forum state, Mr. Paoa would not have suffered any damage.

> C.    Personal Jurisdiction Is Reasonable

Once the Court has decided that the Defendant has the requisite minimum contacts and that the Plaintiff's claim arises out of them, the Defendant "must 'present a *compelling case* that the presence of some other considerations would render jurisdiction unreasonable.'" <u>Gordy</u>, 95 F.3d at 835 (quoting <u>Ballard v. Savage</u>, 65 F.3d 1495, 1500 (9th Cir. 1995) (emphasis added by *Ballard*); <u>see also</u> Brainard, 873 F.2d at 1260 (recognizing that because the defendant "purposefully directed his activities into the forum, personal jurisdiction is presumed to be reasonable"). With regards to the third element, the Ninth Circuit considers the following factors to determine whether the exercise of specific jurisdiction is reasonable: (1) the

extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on

the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the

defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in

convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent, 11 F.3d

at 1487-88). None of these factors are individually dispositive, but the Court must balance all

seven. Id.  In Gordy, the Ninth Circuit held that the defendant failed to make a "compelling

case" that litigation in California would render jurisdiction unreasonable.  Gordy, 95 F.3d at 836.

The court reasoned that the defendants knew that the plaintiff lived in California when they

allegedly defamed him, they had a "good reason to expect that a substantial impact of their

actions would be felt in California"; they are in a business where they deal with California

matters regularly; and "California maintains a strong interest in providing an effective means of

redress for its residents tortiously injured." Id. (Quoting Sinatra v. National Enquirer, Inc., 854

F.2d 1191, 1200 (9th Cir. 1988)). See also Harris Rutsky & Co. Ins. Serv. Inc. v. Bell & Clements

Limited, 328 F.3d 1122, 1134 (holding that where some of the factors weigh in favor of the

defendant but some weighed against the defendant, the defendant failed to establish a compelling

basis that jurisdiction was not reasonable).

      1.    Defendant Purposefully Interjected Herself In The Forum.

        The Defendant's actions were clearly aimed directly at Mr. Paoa in Hawaii. Mr.

Paoa lives and works in Hawaii, and has no contacts with Guam. Mr. Paoa was never involved

in the allegedly fraudulent voting scheme, which the Defendant alleges in her Affidavit and in

her defamatory press release. The Defendant purposefully availed herself of the benefits and

protection of Hawaii by widely publishing defamatory statements regarding one of Hawaii residents and directed toward Hawaii.

        2.    <u>Defendant's Burden in Litigating In Hawaii Is Minimal.</u>

        While the defendant's burden in litigating in the forum is a factor in assessing reasonableness, "unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justification for the exercise of jurisdiction." <u>See</u> <u>Panavision,</u> 141 F.3d at 1323; <u>see also</u> <u>Nicosia,</u> 72 F. Supp. 2d at 1100 (holding that defendant "had not demonstrated that her inconvenience is so great as to constitute deprivation of due process and has not otherwise made a compelling showing of unreasonableness"). The Defendant has retained both Hawaii counsel and Guam counsel to represent her in this matter. While it is an inconvenience to have to litigate in Hawaii, the inconvenience to the Plaintiff is akin to that of the defendants in <u>Panavision</u> and <u>Nicosia,</u> and does not arise to a level that deprives the plaintiff of due process.

        3.    <u>There Are No Sovereignty Issues In This Case.</u>

        This factor concerns the extent to which the court's exercise of jurisdiction in Hawaii would conflict with the sovereignty of Guam, the Defendant's state of domicile. <u>See</u> <u>Panavision,</u> 141 F.3d at 1323. In this case, there is no conflict. The issues involved in this case are what actions constitute defamation, false light, and intentional infliction of emotional distress. These are not issues in which the forum's sovereignty comes in to play.

        4.    <u>Hawaii Has A Compelling Interest In Redressing Torts Committed Against Its Residents.</u>

        Hawaii has a compelling interest in providing an effective means of redress for its residents tortiously injured. <u>See</u> <u>Sinatra,</u> 854 F.2d at 1200. Mr. Paoa's residence is in Hawaii, his place of business is in Hawaii, and all the damage occurred in Hawaii.

15

5.    The Most Efficient Resolution Is In Hawaii.

This factor focuses on the location of the evidence and witnesses. This element is no longer weighed heavily given the modern advances in communication and transportation. See Panavision, 141 F.3d at 1323-24. Nonetheless, a substantial amount of the witnesses are in Hawaii. Mr. Paoa is a resident of Hawaii, and all witnesses relating to the damage that Mr. Paoa suffered as a result of the tortuous actions by the Defendant are in Hawaii.

6.    Convenient and Effective Relief for Mr. Paoa Is In Hawaii.

Mr. Paoa has no contacts with Guam, and Guam will not provide effective relief for a claim based on damage to Mr. Paoa's reputation in Hawaii. The Defendant's argument based on her fraudulent claim that Mr. Paoa was in Guam is clearly without merit. The Defendant argues:

> While Mr. Paoa is a resident of Hawaii, he thrust himself into Guam politics by coming to Guam to assist in collecting signatures for passage of a Guam initiative. Marati Affid. He should be made to come to Guam if he has any claims related to his conduct in Guam.

Memorandum in Support of Motion at 10. This is a complete fabrication. Mr. Paoa never thrust himself into Guam politics, and was never in Guam to assist in collecting signatures for passage of a Guam initiative. See Declaration of Hoolae Paoa. The truth is that it was the Defendant who thrust herself into the jurisdiction of this State by her mass publication effort directed at this forum, and directed to cause injury to one of this State's residents.

7.    Alternative Forum.

While Guam is an alternative forum in which this matter can be heard, it is not the most efficient forum. Hawaii is the most efficient forum to resolve this dispute. Mr. Paoa is a resident of Hawaii, and all the damage caused to Mr. Paoa is suffered in Hawaii.

IV.    MR. PAOA SHOULD BE ENTITLED TO CONDUCT FURTHER DISCOVERY WITH
       REGARDS TO DEFENDANT'S CONTACTS WITH THE FORUM.

       The Defendant's Motion to Dismiss is in essence a motion for summary judgment

because the Defendant relies on materials outside the scope of the pleadings. See Gamino v.

Greenwell, 2 Haw. App. 59, 625 P.2d 1055 (1981). As a general rule, a party opposing a motion

for summary judgment "must have had the opportunity to discover information that is essential

to [its] opposition to the motion." Sutera v. Schering Corp., 73 F.3d 13, 18 (2d Cir. 1995).

Hawai'i Rules of Civil Procedure ("HRCP") Rule 56(f), which is identical to the federal rule,

provides as follows:

> (f) *When affidavits are unavailable.* Should it appear from the affidavits of a
> party opposing the motion that the party cannot for reasons stated present by
> affidavit facts essential to justify the party's opposition, the court may refuse the
> application for judgment or may order a continuance to permit affidavits to be
> obtained or depositions to be taken or discovery to be had or may make such other
> order as is just.

This rule allows a party opposing a motion for summary judgment to submit "affidavits setting

forth the reasons why he [or she] cannot present by affidavit facts essential to justify his

opposition. If the stated reasons are deemed sufficient, the court may grant a continuance of the

motion to permit affidavits to be obtained, depositions to be taken, or other discovery." Wilder

v. Tanouye, 7 Haw. App. 247, 253, 753 P.2d 816, 820 (1988). Hawai'i courts interpreting this

rule, and federal courts interpreting the federal counterpart, construe this provision very liberally.

Crutchfield v. Hart, 2 Haw. App. 250, 252, 630 P.2d 124, 125 (1981). In Crutchfield, the court

stated:

> The purpose of subdivision (f) is to provide an additional safeguard against an
> improvident or premature grant of summary judgment and the rule generally has
> been applied to achieve that objective. Consistent with this purpose, the courts
> have stated that technical rulings have no place under the subdivision and that it
> should be applied with a spirit of liberality.

34694-1

17

Id. (quoting Wright & Miller, Federal Practice and Procedure, § 2740 at 724 (1973)). Moreover, when the non-moving party has not had a fair opportunity to conduct discovery to challenge the motion, the non-moving party has an almost absolute right for a continuance under this rule. Id.

In this case, the Complaint was filed on August 4, 2006. To date, Mr. Paoa has conducted limited discovery, including only a records request to the Defendant and the deposition of the Defendant. Mr. Paoa requested additional documentation and information from the Defendant at her deposition including the name and addresses for all 28 members of Lina'La Sin Casino, and all recipients of the defamatory press release. On January 3, 2007, Mr. Paoa, through his counsel, further requested this information because it had not yet been produced. See Exhibit J. The Defendant responded to this request on January 5, 2007. See Exhibit K. Defendant's response will require further discovery to ascertain the extent of Defendant's actions directed at the forum. For instance, Defendant's response on the identity of Lina'La members was only a hand written list of members and supporters. The response did not identify the residency or address of these members or their contacts with the forum. Additionally, Mr. Paoa intends to conduct further discovery as to the volume and circulation of the defamatory statements in Hawaii. Accordingly, this motion is premature and Mr. Paoa respectfully requests that this Court grant an extension in order to conduct the discovery set forth in the attached Declaration of Michael C. Carroll.

## V.    CONCLUSION

Based on the foregoing, Mr. Paoa respectfully requests that the Court deny Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Alternatively, the Court

should continue this matter for a period of six months to allow Mr. Paoa the opportunity to

conduct discovery as to the Defendant's contacts with the forum.

DATED: Honolulu, Hawaii, January 8, 2007.

BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

34694-1

19

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. 06-1-1358-08 (KSSA) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF HOOLAE PAOA |
| vs. | ) | |
| | ) | |
| JACQUELINE A. MARATI, LINA'LA SIN | ) | |
| CASINO, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF HOOLAE PAOA

I, Hoolae Paoa, hereby declare that:

1.     I am competent to testify as to the matters set forth herein and to make the following statements based upon my personal knowledge and information.

2.     I was born in Hawaii, grew up in Hawaii, and currently reside in Hawaii. My family and close friends are all Hawaii residents. I work and conduct business in Hawaii. I have no contacts with Guam, and have only traveled to Guam for layovers while traveling to other destinations. I do not own any property in Guam, nor do I operate or conduct any business in Guam.

3.     I have had absolutely no involvement in Guam politics or any plan to legalize casino type slot machines. I was never in Guam for the purpose to "assist in organizing the signature collections for the petitions to place Proposal B on the ballot[,]" relating to slot machines at a race track in Guam as the Defendant Jacqueline A. Marati has alleged in her press release.

4.     I do not know the Defendant Jacqueline A. Marati, nor do I know any member of Defendant Lina'La Sin Casino.  The first time I ever heard of either Ms. Marati or Linla'La Sin Casino was when I received the defamatory press release in Hawaii.

5.     On or about January 4, 2006, I was approached by a reporter from the Honolulu Star Bulletin on a completely unrelated business transaction in Hawaii.  The reporter appeared to have read a reproduction of the Defendant's press release and proceeded to ask personal questions concerning the Guam initiative to legalize slot machines and other matters that were published in the defamatory press release.

34694-1

2

I declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, January 8, 2007.

_____

HOOLAE PAOA

3

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | CIVIL NO. 06-1-1358-08 (KSSA) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF MICHAEL C. |
| vs. | ) | CARROLL |
| | ) | |
| JACQUELINE A. MARATI, LINA'LA SIN | ) | |
| CASINO, and DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

DECLARATION OF MICHAEL C. CARROLL

I, Michael C. Carroll, hereby declare that:

1.    I am an associate with the law firm of Bays, Deaver, Lung, Rose & Baba, attorneys for Plaintiff Hoolae Paoa.

2.    I am competent to testify as to the matters set forth herein and to make the following statements based upon my personal knowledge.

3.    Attached hereto as Exhibit A is a true and correct copy of pages 1, 2, 8, 10-18, 26-27, 29, 34, 58, 65, 68-69, 81, 112-114, 116, 119-120, 127-130, 149-151, 167-168, 170-171, and 173-174 of the deposition of Jacqueline A. Marati taken on November 15, 2006.

4.    Attached hereto as Exhibit B is a true and correct copy of an Affidavit of Jacqueline A. Marati in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue dated August 23, 2006.

5.    Attached hereto as Exhibit C is a true and correct copy of an e-mail to L. Webber@guam.gannet.com from "John Baker" dated July 26, 2006, which was produced by Plaintiff and bates-stamped 000168-000170.

6.    Attached hereto as Exhibit D is a true and correct copy of an e-mail to "Jackie A. Marati from "Rizk Saad" dated July 27, 2006, which was produced by Plaintiff and bates-stamped 000220-000222.

7.    Attached as Exhibit E is a true and correct copy of Lina'la Sin Casino Release dated July 31, 2006, which was Plaintiff's Exhibit 11 attached to the deposition of Jacqueline A. Marati taken on November 15, 2006.

8.    Attached as Exhibit F is a true and correct copy of a newspaper article from the Mariana Variety dated August 1, 2006 entitled "Greyhound backers named".

9.    Attached as Exhibit G is a true and correct copy of an e-mail article by Clynt Ridgell, KUAM News dated July 31, 2006, entitled "Slot machine backers' history questioned", which was obtained from http://www.kuam.com.

10.    On or about January 4, 2007, I contacted the circulation department for the Pacific Daily News. I was informed that the University of Hawaii, Chaminade University, and Hawaii Pacific University all receive subscriptions to the Pacific Daily News. Electronic copies of the Pacific Daily News are available at Hamilton Library at the University of Hawaii Richardson Library. Attached hereto as Exhibit H is a true and correct copy of a catalog search result from the Hamilton Library for the Pacific Daily News. The Marianas Variety is also available at the University of Hawaii Hamilton Library. Attached hereto as Exhibit I is a true and correct copy of a catalog search result from the Hamilton Library for the Marianas Variety.

11.    Attached as Exhibit J is a true and correct copy of a letter from Bruce D. Voss to Anita P. Arriola requesting that the Defendant respond to requests for information that were made at the deposition of the Defendant on November 15, 2006. The Defendant indicated that she would respond to most of these requests within one week.

34694-1

2

12.    Attached hereto as Exhibit K is a true and correct copy of a letter from Anita P. Arriola to Bruce D. Voss dated January 5, 2007.

11.    Mr. Paoa intends to conduct additional discovery to provide by affidavit or otherwise the extent of the Defendant's contacts with the forum. Within the next six months, Mr. Paoa intends to conduct additional discovery, including (1) obtaining additional information as to the recipients of the Defendant's defamatory statements; (2) the identity of the recipients of the defamatory statement; and (3) the extent of the circulation in Hawaii of the various publications to which the Defendant transmitted the defamatory press release. Given that discovery has just commenced on this matter, the Defendant's requested relief is premature, and Mr. Paoa respectfully requests a continuance under HRCP Rule 56(f) to conduct further discovery.

I declare under penalty of law that the foregoing is true and correct.

DATED:  Honolulu, Hawaii, January 8, 2007.

_____
MICHAEL C. CARROLL