87 F.Supp.2d 1060, 28 Media L. Rep. 1875
**(Cite as: 87 F.Supp.2d 1060)**

inquiry was "to determine whether or not it was foreseeable that a risk of injury by defamation would arise in the forum state." *Id.* at 897-898. After analyzing the relevant contacts, the court concluded that it was not foreseeable that articles at issue would cause an injury in California. Although the *Adams* court noted that it would not subject the publisher to "personal jurisdiction solely because an insignificant number of copies of their newspapers were circulated in the forum state,"*id.* at 897, the court based its conclusion regarding foreseeability on the fact that the articles did not target the plaintiff. *See Gordy,* 95 F.3d at 834 (interpreting *Adams* ). Specifically, the *Adams* court determined that it was not foreseeable that the plaintiff would be injured in California because the articles at issue were not directed against the plaintiff-the California Church of Scientology-but instead were directed against the Scientology movement everywhere. On this point, the court stated that "there [was] serious doubt that the articles refer to the appellant." *Id.* at 899. In the instant case, in contrast, the article at issue clearly refers to Plaintiff. In particular, the article discusses the background of Plaintiff, her claim to be the daughter of Marilyn Monroe, and the allegation that Plaintiff collected social security *1068 benefits as the daughter of Marilyn Monroe. *Adams* is therefore inapposite.

*Demaris* similarly does not support Defendants' argument. In that case, a California plaintiff sought to sue the Las Vegas Sun and its publisher in California for defamation. The newspaper circulated 447 weekly and 935 Sunday papers in California. *See Demaris,* 712 F.2d at 434. The *Demaris* court determined that the *Adams* foreseeability test was not met, and that jurisdiction over the defendant was therefore not proper. *Id.* In making this determination, though, the *Demaris* court pointed out that the primary impact of the story was in Nevada, not California. Specifically, the alleged libel concerned the plaintiff in his capacity as writer of exposes of criminal activities in certain cities; two of his books focused on Las Vegas, Nevada. *Id.* The primary impact of the story and the libel were in Nevada, not California. *See Gordy,* 95 F.3d at 834 (distinguishing *Demaris* based on this fact).[FN5] Here, in contrast, the alleged libel concerned the forum at issue-Hawaii. The article at issue states that Plaintiff lived in Hawaii, and at least some copies of the Post were circulated in Hawaii. *Demaris* does not support Defendants' argument.

> FN5. In *Demaris* the Ninth Circuit stated that, "we are not disposed to carry the jurisdiction beyond the area of the paper's primary circulation." *Demaris,* 712 F.2d at 434. *Gordy* all but extinguished the precedential value of this statement when it stated, "[t]o the extent that this statement is to be read as an inflexible rule, we think that its force has been modified by the subsequent Supreme Court decisions of *Keeton...* and *Calder....*"*Gordy,* 95 F.3d at 834.

Plaintiff has demonstrated that she resides in the state of Hawaii, that the Post distributed at least two subscriptions to Hawaii, and that the article at issue discussed alleged criminal activities committed by Plaintiff. Plaintiff has also alleged that she was harmed in the state of Hawaii. These contacts, although few, are sufficient under *Gordy* and *Calder* to establish that Defendants should reasonably anticipate being required to go to court in the state of Hawaii. *See Gordy,* 95 F.3d at 832. The Court determines that Defendants have purposefully availed themselves of the forum of the state of Hawaii.

### B. *Defendants' Forum Related Activities*

The second requirement of specific personal jurisdiction is that the claim must be one which arises out of or results from the defendant's forum-related activities. *See Gordy,* 95 F.3d at 831. Defendants do not dispute that, because the libel claim "arose out of" the publication of the article, this requirement is met in this action. (Defendants' Mtn. to Dismiss at 8 n. 3.)

### C. *Reasonableness*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Even if the first two requirements are met, in order to satisfy the due process clause, the exercise of personal jurisdiction must be reasonable. *See Panavision,* 141 F.3d at 1322. For jurisdiction to be reasonable, it must comport with "fair play and substantial justice." *See Burger King,* 471 U.S. at 476, 105 S.Ct. 2174. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1487 (9th Cir.1993) (citing *Burger King,* 471 U.S. at 476-477, 105 S.Ct. 2174).

As set forth above, Defendants purposefully availed themselves of the forum of Hawaii. This placed the burden on Defendants to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

[6] In addressing the question of reasonableness, the Court must consider the following seven factors: 1) the extent of a defendant's purposeful interjection; 2) the burden on the defendant in defending in the forum; 3) the extent of conflict with the sovereignty of the defendant's state; 4) the forum state's interest in adjudicating **\*1069** the dispute; 5) the most efficient judicial resolution of the controversy; 6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum. *See Core-Vent,* 11 F.3d at 1487-1488. No one factor is dispositive; a court must balance all seven. *Id.* at 1488.

Here, an analysis of each factor demonstrates that Defendants have failed to present a compelling case that jurisdiction is unreasonable. The balance of the *Core-Vent* factors tips in favor of the exercise of personal jurisdiction.

### i. *Purposeful Interjection*

The Court must first consider the degree of Defendants' interjection into the forum state. In discussing this factor, the *Core-Vent* court stated, "[e]ven if there is sufficient interjection into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong." *Core-Vent,* 11 F.3d at 1488 (internal quotations and citations omitted).

Here, Defendants' contacts with Hawaii were attenuated. As set forth above, Defendants circulated two newspaper subscriptions in the state of Hawaii, and the article at issue discussed Plaintiff, a Hawaii resident. Because Defendants' contacts were few, this factor weighs in their favor-against the exercise of personal jurisdiction. This factor, however, does not weigh heavily in their favor given the fact that the contacts were sufficient to meet the purposeful availment prong. *See id.* at 1488 (determining that attenuated contacts weighed only slightly in the defendant's favor because the contacts, although slight, were sufficient to meet the purposeful availment prong).

### ii. *Defendants' Burden in Litigating*

A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness. The Ninth Circuit has stated, however, that "unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'"
*Panavision,* 141 F.3d at 1323 (quoting *Caruth v. International Psychoanalytical Ass'n,* 59 F.3d 126, 128-129 (9th Cir.1995)).

[7] Defendants in this action contend that they will face significant expenses if they have to travel to Hawaii to defend the case. In particular, Defendants list a number of potential witnesses, including Adams, the author of the article, who would have to travel to Hawaii for the lawsuit. (Affidavit of Marc Kalech, August 19, 1999, ¶ 8.) Although Defendants may face a burden if this case remains in Hawaii, the Court determines that the inconvenience is not so great as to deprive Defendants of due process. As the *Panavision* court stated, "in this era of fax machines and discount air travel requiring [the defendant] to

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

litigate in [a foreign jurisdiction] is not constitutionally unreasonable." *Panavision,* 141 F.3d at 1323 (internal quotations omitted); *see also Sinatra v. National Enquirer,* 854 F.2d 1191, 1199 (9th Cir.1988) (holding that "modern advances in communications and transportation have significantly reduced the burden of litigating in another country."). Due to the ease of travel described in *Panavision* and *Sinatra,* this factor weighs only slightly in favor of Defendants.[FN6]

> FN6. *Core-Vent* notes that the Ninth Circuit's cases could be seen as inconsistent in determining whether the corresponding burden on a plaintiff in bringing the claims against the defendant in an alternate forum should lessen the impact of this factor on the overall reasonableness determination. *Compare, e.g., Pacific Atlantic Trading Co. v. M/V Main Exp.,* 758 F.2d 1325 (9th Cir.1985)("the burden on the defendant is the primary concern" and thus the possible burden on the plaintiff does not dilute the strength of this factor), with *Sinatra,* 854 F.2d at 1199 ("the burden on the defendant must be examined in light of the corresponding burden on the plaintiff.") *Core-Vent* did not reconcile these standards. *See Core-Vent,* 11 F.3d at 1489. Although the Court will not strive to explicitly reconcile these standards today, the Court's preliminary analysis leads it to believe that the sixth factor-convenient relief for Plaintiff-adequately takes into account the burden on Plaintiff for the purposes of the Court's reasonableness analysis.

*1070 iii. *Sovereignty*

The next factor concerns the extent to which the exercise of jurisdiction in Hawaii would conflict with the sovereignty of Defendants' state-New York. *See Panavision,* 141 F.3d at 1323. The Court determines that there would be a slight conflict with New York's sovereignty in this case.

The state of New York has shown that it has a strong interest in assuring that its citizens' freedom of speech is protected. The New York Court of Appeals has repeatedly held that Article I, Section 8 of the New York State Constitution provides broader protection for free speech than the First Amendment to the United States Constitution. *See Immuno, AG. v. Moor-Jankowski,* 77 N.Y.2d 235, 566 N.Y.S.2d 906, 567 N.E.2d 1270 (N.Y.1991); *O'Neill v. Oakgrove Construction, Inc.,* 71 N.Y.2d 521, 528 N.Y.S.2d 1, 523 N.E.2d 277 (N.Y.1988). This broad protection to libel defendants is evidenced, in part, by the fact that New York requires a private figure plaintiff in a libel case to demonstrate that a defendant published the allegedly defamatory statements with gross irresponsibility. *See, e.g., Chapadeau v. Utica Observer-Dispatch, Inc.,* 38 N.Y.2d 196, 199-200, 379 N.Y.S.2d 61, 341 N.E.2d 569 (N.Y.1975). Hawaii courts, in contrast, require a plaintiff to demonstrate only that the defendant did not exercise reasonable care. *See, e.g., Cahill v. Hawaiian Paradise Park Corp.* 56 Haw. 522, 532-533, 543 P.2d 1356 (Haw.1975). New York's interest in providing strong free speech protection to its residents suggests that New York's sovereign interests could be harmed if Defendants are forced to defend this action in a state with a more lenient standard for libel, such as Hawaii.

This factor weighs in favor of Defendants.

iv. *Forum State's Interest*

The Court next considers the state of Hawaii's interest in adjudicating the suit. The Court determines that Hawaii maintains a strong interest in providing an effective means of redress for its residents who are tortiously injured. *See Sinatra,* 854 F.2d at 1200 (finding that the interest of the forum state is strong when plaintiff is a resident); *Panavision,* 141 F.3d at 1323 (same); *cf. Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County,* 480 U.S. 102, 118-119, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (determining that there was a weak state interest because plaintiff was a non-resident of the forum state at issue). Due to Hawaii's interest in adjudicating this suit, this factor weighs strongly in Plaintiff's favor.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

### v. *Efficient Resolution*

This factor focuses on the location of the evidence and witnesses. *See Panavision,* 141 F.3d at 1323; *Core-Vent,* 11 F.3d at 1489. This factor is no longer weighed heavily given the modern advances in communication and transportation. *See Panavision,* 141 F.3d at 1323 (citing *Caruth,* 59 F.3d at 129).

Defendants, as discussed above, contend that a number of potential witnesses, including Adams, the author of the article, would have to travel to Hawaii for the lawsuit. (Affidavit of Marc Kalech, August 19, 1999, ¶ 8.) Defendants also argue that the documentary evidence relating to the article would be located in either New York or Florida. (Defendants' Motion at 26-28.) Plaintiff, in contrast, has attested that she has identified five witnesses who live in Hawaii and who would have to travel to another jurisdiction if the action is not heard in Hawaii. (Affidavit of Nancy Miracle, October 13, 1999, ¶ 8.)

Based on the evidence presented at this juncture, it appears to the Court that more of the witnesses and evidence in this case will be located in New York. (Affidavit of Cindy Adams, August 19, 1999, ¶¶ 3-6, 9; Affidavit of Marc Kalech, August 19, 1999, ¶¶ 2, 7-9; Affidavit of Ernie Rota, August *1071 19, 1999, ¶¶ 1-2; Affidavit of Slade R. Metcalf, August 13, 1999, ¶ 3; Exh. C to Defendants' Motion.) This factor therefore tips in favor of Defendants. The Court, however, places little weight on this factor in the Court's overall analysis of reasonableness. *See Panavision,* 141 F.3d at 1323.

### vi. *Convenient and Effective Relief for Plaintiff*

In analyzing this factor, little weight is given to the Plaintiff's inconvenience. *See Roth v. Garcia Marquez,* 942 F.2d 617, 624 (9th Cir.1991)(noting that "no doctorate in astrophysics is required to deduce that trying a case where one lives is almost always a plaintiff's preference."). A court should place greater significance on the possibility for effective relief. *See Core-Vent* 11 F.3d at 1489.

Here, Plaintiff has attested that she will also face a significant burden if she has to bring the action in another jurisdiction. Specifically, Plaintiff states that she has identified five witnesses who live in Hawaii and who would have to travel to another jurisdiction if the action is not heard in Hawaii. (Affidavit of Nancy Miracle, October 13, 1999, ¶ 8.) The Court considers this inconvenience, but does not give it a great deal of weight.

Of more significance is the fact that Plaintiff has demonstrated that she will not be able to obtain effective relief in New York.[FN7] Plaintiff has demonstrated that under New York law she would be precluded by a one-year statute of limitations on libel cases from bringing the action. (Exh. 2 to Plaintiff's Opp. to Defendants' Motion.) Defendants state that Plaintiff should have realized there was a one-year statute of limitations in New York. (Defendants' Reply at 12.) Defendants do not, however, argue with Plaintiff's assertion that she would be barred by the applicable statute of limitations.

   FN7. Defendants suggest in this case that the United States District Court for the District of New York is the proper forum.

Due to the fact that Plaintiff will suffer an inconvenience if she has to litigate outside of Hawaii, and the fact that she would be barred from bringing this action in New York, this factor weighs in Plaintiff's favor.

### vii. *Alternative Forum*

The plaintiff bears the burden of proving the unavailability of an alternative forum. *See Core-Vent,* 11 F.3d at 1490. Here, Plaintiff has met that burden. As discussed above, Plaintiff has demonstrated that under New York law Plaintiff would be precluded by a one-year statute of limitations from bringing the action. Defendants do not argue with Plaintiff's assertion that she would be barred by the statute of limitations. Due to the fact that Plaintiff would be barred from bringing this action in New York, this factor weighs in

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiff's favor.

[8] A review of the seven factors demonstrates that this is a close case. On balance, though, the Court determines that the exercise of personal jurisdiction is reasonable. The Court acknowledges that it has determined that four of the seven factors weighed in Defendants' favor. Three of these four factors, however, tipped only slightly in Defendants' favor. Also, as discussed above, two of those four factors-Defendants' burden in litigating and efficient resolution-are no longer accorded a great deal of weight due to modern advances in travel and communications. In short, although this is a close case, Defendants have not met their burden to " present[ ] a *compelling case* that the exercise of jurisdiction would not comport with fair play and substantial justice." FN8 *Core-Vent,* 11 F.3d at 1490 (emphasis added).

> FN8. The Court notes that in *Gordy,* the Ninth Circuit essentially collapsed the purposeful availment inquiry and reasonableness inquiry into a single analysis. The *Gordy* court stated, "[w]e recognize that these considerations of reasonableness duplicate to a large degree the analysis that led us to conclude that the California contacts of Rush and the Daily News were sufficient. Such duplication is inevitable ... because the contacts with the forum are sufficient if they are such that he should reasonably anticipate being haled into court there. Considerations of reasonableness thus infuse the inquiry concerning sufficiency of contacts. Perhaps that is why the Supreme Court simply considered reasonableness and sufficiency of contacts together in *Calder,* rather than trying to analyze them as separate prongs of a test." *Gordy,* 95 F.3d at 836 n. 6 (internal citations and quotations omitted). The *Gordy* court's unitary approach supports the Court's conclusion that both the purposeful availment and reasonableness prongs have been satisfied.

*1072 D. *Conclusion*

The three elements of personal jurisdiction have been met in this case. First, Defendants have purposefully availed themselves of the forum of the state of Hawaii. Second, Plaintiff's claim arose from Defendants' forum-related activities. Third, the exercise of personal jurisdiction is reasonable. The Court, accordingly, determines it proper to exercise in personam jurisdiction over Defendants. The Court DENIES Defendants' motion to dismiss for lack of personal jurisdiction.

II. *Venue*

Defendants argue that venue in this district is improper. In the alternative, Defendants urge the Court to transfer venue to the United States District Court for the Southern District of New York. For the reasons set forth below, the Court is not persuaded by Defendants' arguments.

A. *Venue in the District of Hawaii is proper*

Defendants argue that venue in the District of Hawaii is improper pursuant to 28 U.S.C. § 1391(a). The Court disagrees.

[9][10] 28 U.S.C. § 1391(a) provides:
(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, venue is proper under 28 U.S.C. § 1391(a)(2). Defendants do not dispute that the Post circulated newspaper subscriptions in Hawaii, where Plaintiff resides. In addition, according to Plaintiff, the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

harm she experienced as a result of the article occurred in Hawaii. (Affidavit of Nancy Miracle, October 13, 1999, ¶ 4). The Court has already determined that these contacts are sufficient to establish personal jurisdiction in this action because they are sufficient such that the maintenance of the suit in Hawaii "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)(internal quotations and citation omitted). The Court likewise determines that, due to the contacts with Hawaii, and particularly due to the fact that Plaintiff experienced the alleged harm in Hawaii, venue is proper under 28 U.S.C. § 1391.FN9 *See, e.g., Keeton,* 465 U.S. at 780, 104 S.Ct. 1473 ("The victim of a libel, like the victim of any other tort, may choose to bring suit in any forum with which the defendant has 'certain minimum contacts ... such that the *1073 maintenance of the suit does not offend traditional notions of fair play and substantial justice.' "); *see also Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 841-842 (9th Cir.1986)(upholding district court's determination that venue in Montana was proper under 28 U.S.C. § 1391(a) because the plaintiff was a resident of Montana and the claim arose in Montana).

> FN9. In the alternative, venue is proper under 28 U.S.C. § 1391(a)(3), which provides that venue is appropriate in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Here, both requirements are met. First, as set forth in Section I of this Order, the Court has personal jurisdiction over Defendants. Second, it appears that there is no other district in which Plaintiff may bring this action. As set forth in Section I, C of this Order, Plaintiff may not bring this action in the Southern District of New York, Defendants' jurisdiction of choice, due to the statute of limitations on libel cases. Defendants have not demonstrated that jurisdiction would be proper in any other district. As the requirements of 28 U.S.C. § 1391(a)(3) are met, venue is proper under that subsection as well as under § 1391(a)(2).

B. *Transfer of venue*

In the alternative, Defendants request that the Court transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).FN10 The Court declines to transfer this case.

> FN10. Defendants have conceded, both in their Motion to Transfer Venue and at oral argument, that transfer of the case pursuant to 28 U.S.C. § 1404(a) will solve Plaintiff's statute of limitations problem because when a case is transferred pursuant to § 1404(a), the substantive law of the transferor state applies. *See Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Here, if Hawaii law applies, Plaintiff is not barred by the statute of limitations from bringing this suit.

28 U.S.C. § 1404(a) provides:
For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

This statute partially displaces the common law doctrine of forum non conveniens. *See Decker Coal Company,* 805 F.2d at 843 (citing *Miskow v. Boeing Co.,* 664 F.2d 205, 207 (9th Cir.1981)). Even so, forum non conveniens considerations are helpful in deciding a § 1404 transfer motion. *Decker,* 805 F.2d at 843. In a forum non conveniens case, a court must balance the preference accorded a plaintiff's choice of forum with the burden of litigating in an inconvenient forum. *See id.* The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Id.*

[11] Here, Defendants have not made the requisite strong showing of inconvenience. Defendants

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

argue that the Southern District of New York is the most appropriate venue because the most relevant witnesses are located either in that district, Plaintiff is the only witness that is located in Hawaii, the primary distribution of the Post is in New York, and because it would be difficult and expensive for Defendants' travel to Hawaii for depositions and for a trial.

The Court is not persuaded by Defendants' arguments. Defendants do not dispute that Plaintiff resides in Hawaii.[FN11] Although Defendants contend that all of the witnesses except Plaintiff are located outside of Hawaii, Plaintiff has stated that she has identified five witnesses, other than herself, who are residents of Hawaii who would have to travel to New York were the action transferred.[FN12] (Affidavit of Nancy Miracle, October 13, 1999, ¶ 8.) Defendants, in addition, have failed to demonstrate that it would be prohibitively expensive or difficult for Defendants to travel to Hawaii to litigate this action. As the Ninth Circuit has noted on more than one occasion, "in this era of fax machines and discount air travel," it is not unreasonable to require a party to litigate in a distant forum. *Panavision,* 141 F.3d at 1323; *see also Core-Vent,* 11 F.3d at 1489; *Sher v. Johnson,* 911 F.2d 1357, 1365 (9th Cir.1990). The Post is a large corporation that could more easily travel to Hawaii to litigate than could Plaintiff travel to New York. *See Core-Vent,* 11 F.3d at 1489 (determining that a large corporation could more easily travel for litigation than could individuals who were parties to the action). Defendants' assertions regarding monetary*1074 expense and difficulty alone do not persuade the Court that this case should be transferred.

> FN11. Defendants do state that "it appears that even Plaintiff has not resided in Hawaii for that long." (Defendants' Motion at 26.) Plaintiff, however, has attested that she has lived in Hawaii for over thirteen years. (Affidavit of Nancy Miracle, October 13, 1999, ¶ 3.)
>
> FN12. It appears that witnesses who reside in Hawaii will be an integral part of Plaintiff's case, as they will allegedly testify regarding the effects that the article at issue had on Plaintiff and her reputation.

Defendants, in short, have not made "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker,* 805 F.2d at 843. Based on a consideration of the evidence presented at this stage, the Court determines that the convenience of the parties and the witnesses, and the interests of justice, do not require the Court transfer this case. The Court, accordingly, DENIES Defendants' motion to transfer this action to the United States District Court for the Southern District of New York.

The Court concludes as follows:

1. The Court has personal jurisdiction over Defendants in this action.

2. Venue in the United States District Court for the District of Hawaii is proper pursuant to 28 U.S.C. § 1391(a).

3. The Court declines, pursuant to 28 U.S.C. § 1404(a), transfer this action to the United States District Court for the Southern District of New York.

The Court, accordingly, DENIES Defendants' Motion to Dismiss the Complaint. The Court also DENIES Defendants' Motion to Transfer Venue.

IT IS SO ORDERED.

D.Hawai'i,2000.
Miracle v. N.Y.P. Holdings, Inc.
87 F.Supp.2d 1060, 28 Media L. Rep. 1875

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | CIVIL NO. CV07 00370 JSM-LEK |
| Plaintiff, | (Other Non-Vehicle Tort) |
| vs. | CERTIFICATE OF SERVICE |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | |
| Defendants. | |

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, a true and correct copy of the foregoing document was served on the parties listed below at their respective addresses by U.S. Mail, first-class postage prepaid:

LESLIE R. KOP, ESQ.
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Attorneys for Defendant
JACQUELINE A. MARATI

ANITA P. ARRIOLA, ESQ.
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagatna, Guam 96910
Attorney for Defendant, *Pro Hac Vice #061075*
JACQUELINE A. MARATI

MICHAEL F. PHILLIPS, ESQ.
410 W. O'Brien Drive, Suite 102
Hagatna, Guam 96910
Attorney for Defendant
LINA'LA SIN CASINO

DATED: Honolulu, Hawaii, November 9, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA