Of Counsel:
FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP            4794
KATHLEEN M. DOUGLAS   5036
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-4300
Facsimile: (808) 531-7585
Email:    lrk@fmhc-law.com
          kmd@fmhc-law.com


Attorneys for Defendant
JACQUELINE A. MARATI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HOOLAE PAOA, | ) | Civil No. CV 07-00370 JMS LEK |
|---|---|---|
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT JACQUELINE A. |
| | ) | MARATI'S REPLY TO PLAINTIFF |
| JACQUELINE A. MARATI, | ) | HOOLAE PAOA'S |
| LINA'LA SIN CASINO, and DOES | ) | MEMORANDUM IN OPPOSITION |
| 1-10, | ) | TO DEFENDANT JACQUELINE A. |
| | ) | MARATI'S MOTION FOR |
| Defendants. | ) | TRANSFER OF VENUE; |
| | ) | DECLARATION OF LESLIE R. |
| | ) | KOP; EXHIBIT "E"; CERTIFICATE |
| | ) | OF SERVICE |
| | ) | |

G:\Paoa\Paoa PLEAD\Reply for Change of Venue.wpd

DEFENDANT JACQUELINE A. MARATI'S REPLY TO
PLAINTIFF HOOLAE PAOA'S MEMORANDUM IN OPPOSITION TO
DEFENDANT JACQUELINE A. MARATI'S
<u>MOTION FOR TRANSFER OF VENUE</u>

I.   <u>INTRODUCTION</u>

Plaintiff Hoolae Paoa ("Plaintiff") raises two issues in opposition to Defendant Jacqueline A. Marati's ("Defendant") Motion for Transfer of Venue. First, Plaintiff argues that Defendant's Motion to Change Venue brought pursuant to 28 U.S.C. §1404 should be denied because Defendant previously sought dismissal of the action for improper venue pursuant to Rule 12(b)(3) of the Rules of the Circuit Court of the State of Hawaii. <u>See</u> Plaintiff's Memo in Opp at 6-7. Plaintiff misconceives the nature of Defendant's Motion. Defendant does not seek dismissal for improper venue pursuant to 28 U.S.C. §1406(a). Defendant's motion invokes 28 U.S.C. §1404(a) which authorizes a district court to transfer a case of the convenience of parties and witnesses and in the interests of justice.

Plaintiff's second argument is that venue is proper in Hawaii based on 28 U.S.C. §1391(a) and cites to various cases in support. <u>See</u> Plaintiff's Memo in Opp at 7-11. Again, Plaintiff misunderstands the fundamentals of a change of venue motion. The Plaintiff's discussion and citations focus solely on whether venue is proper not whether a change of venue is appropriate.

Defendant is not disputing whether venue is proper or improper because that issue was previously decided by the Circuit Court of the First Circuit of the State of Hawaii.¹ The question before this Court is whether a change of venue is warranted under 28 U.S.C. §1404. Plaintiff has failed to address the factors to be considered in a motion for change of venue pursuant to 28 U.S.C. §1404. Instead, Plaintiff's discussion and citation to case law is limited to whether venue is proper in Hawaii under 28 U.S.C. §1391(a), an issue that is not before this court.

II.   DISCUSSION

      A.  The Order of the Circuit Court of the First Circuit of the State of Hawaii Does Not "Estop" Defendant from Seeking a Change of Venue Pursuant to 28 U.S.C. §1404.

Plaintiff vehemently argues that Defendant's motion is "an attempt to circumvent a prior ruling", a move to "re-litigate an issue", "a second bite at the apple" where a court has "previously ruled that venue is proper in Hawaii". See Plaintiff's Memo in Opp at 2, 6. Despite Plaintiff's inflated rhetoric, Defendant's motion does not ask this Court to find that venue is improper under 28 U.S.C.

---

¹ Defendant retains her right to appeal the Order denying Defendant's Motion for Dismiss for Lack of Personal Jurisdiction and Improper Venue entered by the Circuit Court of the First Circuit of the State of Hawaii on January 26, 2007 . See Exhibit "E", Order Denying Defendant Jacqueline Marati's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue dated January 26, 2007.

§1406 nor does it ask this Court to reconsider the Order issued by the First Circuit Court. As Plaintiff so verbosely states, the issue of whether venue was proper was decided by the Circuit Court of the First Circuit. <u>See</u> Exhibit "E". Defendant makes no attempt to "re-litigate" the issue of whether venue is proper.

As plainly stated in Defendant's moving papers, Defendant asks this Court to "change venue" pursuant to 28 U.S.C. §1404(a). The United States District Court for the District of Hawaii has recognized the clear distinction between a motion to dismiss for improper venue and a motion to change venue. In <u>Berry v. Deutsche Bank Trust Company</u>, 2007 WL 2363366 *1 (D. Hawaii 2007), defendant asked the court to change venue to the District of New York under 28 U.S.C. §1404(a). Plaintiff opposed the motion arguing that "venue is proper in this district and defendant waived an objection to venue". <u>Id</u>. at *1. The court noted at the outset that there is a fundamental difference between the invocation of 28 U.S.C. §1404, to transfer a case for the convenience of the parties, as opposed to §1406, the dismissal or removal of a case for improper venue.

> A defendant may raise the defense of 'improper venue' by invoking 28 U.S.C. §1406(a) and seek dismissal of the case in a motion brought under Rule 12(b)(3). Such a motion would invoke 28 U.S.C. §1406(a), which requires a district court "in which is filed a case laying venue in the wrong division" to dismiss or transfer the case. 28 U.S.C. §1406(a). **In the alternative, when venue is not alleged to be "wrong" or "improper" a defendant may bring a motion for discretionary transfer, invoking 28**

> U.S.C. §1404(a), which authorizes a district court to transfer a case for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. §1404(a).

Id. at *4 (emphasis added). Noting that the movant's motion does "not argue that venue is 'improper' at all", the court found that defendant was not barred from raising its request to transfer the case under §1404(a). Id. at *5. The court stated that the Ninth Circuit has acknowledged "the long approved practice of permitting a court to transfer a case...so long as the parties are first given the opportunity to present their views on the issue". Id.

In this case, Defendant invokes this Court's discretionary authority to transfer this case, pursuant to 28 U.S.C. §1404, to a venue which is convenient for the parties and the witnesses and is in the interest of justice. Defendant's request to transfer venue is not a second bite at the apple since the issue of change of venue has never been before either the state or the federal court. Further, the Hawaii federal district court in Berry acknowledged the clear distinction between a motion to dismiss for improper venue and a motion to change venue. As in Berry, the issue before this Court is not whether venue is proper or improper but whether pursuant to §1404 transfer of venue is in the best interests of parties, witnesses, and justice. Plaintiff cites to no cases to the contrary and its tangential argument regarding the re-litigation of proper venue must be rejected.

B.  Weighing Of Relevant Factors Compels Transfer
Of This Case To The District Court Of Guam.

Under 28 U.S.C. §1404(a), a "motion to transfer venue under section 1404(a) requires the Court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case". Berry, 2007 WL 2363366 at *6. These factors include 1) the convenience of the parties, 2) convenience of the witnesses, 3) location where relevant claims occurred, 4) state most familiar with governing law, 5) plaintiff's choice of forum, 6) parties contacts with the forum, 7) costs of litigation, 8) ability to compel unwilling witnesses, 9) access to sources of proof, and 10) local interest in resolving the dispute. Id. at *8.

The Hawaii federal district court in Berry evaluated each of the above factors and found that where 1) both parties were located outside of Hawaii, 2) principal witnesses with direct involvement were located in New York, 3) the defendants' and witnesses costs of travel to Hawaii from New York were costly, 4) the location of the events giving rise to the claim were in New York, and 5) evidence was located in New York, the case was properly transferred to New York, a forum more convenient for the parties and the witnesses. Id. at 9. " Every party resides outside of Hawaii[2] transferring this case to the Southern District of

---

[2] The court found that the plaintiff no longer lived in Hawaii. Id. at *8.

New York, where Defendants are located, is appropriate and will serve the interests of justice". Id. at 9.

Plaintiff's Memo in Opposition only circumspectly discusses the above factors. Plaintiff argues that Plaintiff was from Hawaii at the time of the alleged defamation. See Plaintiff's Memo in Opp at 10. However, the residence of the Plaintiff at the time of the claim is not a factor in determining a transfer of venue. As the court in Berry pointed out, where every party now resides outside of Hawaii, plaintiff's prior connection to Hawaii is at best a neutral factor in considering a motion to transfer venue . Id. at 9. Further, Plaintiff fails to address how Plaintiff's admitted residence in Saipan makes Hawaii the more convenient forum for the parties. To the contrary, where the Defendant resides in Guam and Plaintiff now resides in Saipan, the convenience of the parties as well as the costs of litigation are best served by a transfer of venue.

Plaintiff in a footnote points out that some of Plaintiff's "potential witnesses" are residents of Hawaii. See Plaintiff's Memo in Opp at 10 fn. 3. However, Plaintiff provides no affidavits or declarations verifying the residence of these "potential witnesses" and in fact states that John Baldwin[3] is a resident of

---

[3] Also of note is the fact that John Baldwin is the plaintiff in two related actions **filed in Guam**. Clearly, Mr. Baldwin selected Guam as the convenient forum for his pursuit of those two actions. See Guam Greyhound and John Baldwin v. Jacqueline A.

Saipan and that Shawn Scott is a foreign resident. <u>See</u> Plaintiff's Memo in Opp at 10 fn. 3.

Other than the cursory reference to the convenience of Plaintiff's witnesses, Plaintiff fails to address the other factors relevant to a transfer of venue including 1) the costs of flying witnesses and parties to Hawaii for the litigation, 2) the inability of the Hawaii District Court to compel the presence of unwilling witnesses to appear in Hawaii, 3) how Hawaii has any interest in resolving a controversy involving attempts to legalize gambling in Guam, 4) the availability of evidence located in Guam. Neither has Plaintiff addressed the policy considerations of imposing jury duty on the Hawaii community which has no relationship to this litigation nor the administrative difficulties inherent in litigating this case in Hawaii.

Rather than discussing the factors relevant to a change of venue, Plaintiff insists on citing to cases addressing whether venue is proper under §1406 not whether venue should be transferred under §1404.[4] Consequently, Plaintiff's

---

Marati, Civil No. 0959-06 (Superior Court of Guam) and <u>Guam Greyhound and John Baldwin v. Dorothy Brizill</u>, Civil No. 0960-06 (Superior Court of Guam) referenced in the declaration of Defendant Jacqueline A. Marati attached to the Motion for Transfer of Venue filed October 17, 2007.

[4] Each of the case citations by Plaintiff in the Memo in Opp relates to whether venue was proper under §1406 or whether personal jurisdiction was proper not whether a change of venue under §1404 was appropriate. <u>Flowers Industries v. Federal Trade</u>

arguments addressing "venue is to be determined at the time the complaint is filed" "venue is proper where the Plaintiff's injury occurs", and "Hawaii has a compelling interest in providing an effective means of redress for its residents" have no relevance to the change of venue issue before this Court. See Plaintiff's Memo in Opp at 7-8.

Plaintiff makes much of the case Miracle v. N.Y.O. Holdings, Inc., 87 F. Supp. 2d 1060 (D. Hawaii 2000) stating the case "reviewed a virtually identical fact pattern". See Plaintiff's Memo in Opp at 8. However, Plaintiff's reliance on Miracle is largely misplaced since Plaintiff repeatedly cites to those portions of the case considering defendant's motion to dismiss for improper venue not its request to transfer the case. See Plaintiff's Memo in Opp at 9. Further, Plaintiff's citation

---

Commission, 835 F.2d. 775, 778 (11th Cir. 1987) ("We believe that **venue was improper** in this case. The parties have not briefed the issues of whether the interests of justice would indicate a transfer under 28 U.S.C. §1406(a) to a district where venue would be proper"); Sidco Indus. Inc. v. Wimar Tahoe Corp., 768 F.Supp. 1343, 1347 (1991) ("The matter before this court is the motion...to dismiss this action pursuant to Fed. R. Civ. P. 12(b) on the **grounds of improper venue**, lack of jurisdiction"); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986) (the determinative **factors for venue** is residence of the parties or situs of the claim, an argument for convenience alone is more appropriate in a §1404 change of venue motion); Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1192 (9th Cir. 1988) ("The question on appeal involves whether statements made by employees of a Swiss clinic to a Florida corporation's reporter about a California resident, which are the foundation for an article published in a nationally circulated magazine, are sufficient minimum contacts to establish **personal jurisdiction** in California").

Case 1:08-cv-00002   Document 29-34   Filed 01/02/2008   Page 9 of 16

to Sidco, 768 F. Supp at 1346 in support of the assertion "venue is to be determined as of the time the complaint was filed" has no bearing on the transfer of venue issue before this Court. The court in Sidco was considering whether to dismiss the case for improper venue not whether transfer of venue was proper. Similarly, Plaintiff's reliance on Sinatra, 854 F.2d at 1200 for the proposition that "the State of Hawaii also has a compelling interest in providing an effective means of redress for its residents" has no bearing on the change of venue issue since Sinatra was evaluating whether personal jurisdiction in California was proper. The court in Sinatra did not consider or address any request to transfer venue under §1404.

  Plaintiff has presented no cogent reason why this case should remain in Hawaii. In order to prevent the waste of time, energy, and money and to protect the litigants, witnesses, and the public from unnecessary inconvenience and expense, it is incumbent on this Court to order a change of venue to the United States District Court for the District of Guam.

III.   CONCLUSION

  Based on the foregoing discussion and case law as well as the reasons discussed in Defendant Jacqueline A. Marati's Motion for Transfer of Venue, memorandum, declarations, and exhibits in support, Defendant Marati respectfully

requests that this Honorable Court grant her motion and order that venue be transferred to the United States District Court for the District of Guam.

DATED: Honolulu, Hawaii, _____NOV 16 2007_____.

>   /s/ Leslie R. Kop
> LESLIE R. KOP
> KATHLEEN M. DOUGLAS
> Attorneys for Defendant
> JACQUELINE A. MARATI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>       Plaintiff,<br>vs.<br><br>JACQUELINE A. MARATI,<br>LINA'LA SIN CASINO, and DOES 1-10,<br><br>       Defendants. | Civil No. CV 07-00370 JMS LEK<br>(Other Non-Vehicle Tort)<br><br>DECLARATION OF LESLIE R. KOP |

## DECLARATION OF LESLIE R. KOP

I, Leslie R. Kop do hereby declare as follows:

1. I am an attorney licensed to practice law in all the courts of the State of Hawaii and the United States District Court for the District of Hawaii. I am a member in good standing in all of the aforementioned courts.

2. I am one of the attorneys representing Defendant Jacqueline A. Marati ("Defendant Marati") in the above entitled action and am competent to testify as to the matters stated herein and make this declaration based upon personal knowledge.

3. Attached hereto as Exhibit "E" is a true and correct copy of Order Denying Defendant Jacqueline Marati's Motion to Dismiss for Lack of

G:\Paoa\Paoa PLEAD\Reply for Change of Venue.wpd

Personal Jurisdiction and Improper Venue dated January 26, 2007 filed in the Circuit Court of the First Circuit, State of Hawaii.

I, Leslie R. Kop declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, NOV 16 2007 _____.

/s/ Leslie R. Kop
LESLIE R. KOP

**ORIGINAL**

Of Counsel:

BAYS, DEAVER, LUNG,
ROSE & BABA

BRUCE D. VOSS        6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL   7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, HI 96813
Telephone: (808) 523-9000

Attorneys for Plaintiff
HOOLAE PAOA

1ST CIRCUIT COURT
STATE OF HAWAII
FILED
2007 JAN 26 AM 10: ５７

E. ALAGA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| HOOLAE PAOA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 06-1-1358-08 (KSSA)<br>(Other Non-Vehicle Tort)<br><br>ORDER DENYING DEFENDANT JACQUELINE MARATI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE<br><br>Hearing:<br>Date: January 16, 2007<br>Time: 10:00 a.m.<br>Judge: Honorable Karen S.S. Ahn<br><br>No trial date set. |

ORDER DENYING DEFENDANT JACQUELINE MARATI'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant Jacqueline Marati's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, filed herein on September 5, 2006, ("Marati's Motion") came on for hearing on January 16, 2007 at 10:00 a.m. before the Honorable Karen S.S. Ahn.

EXHIBIT "E"

Rustam A. Barbee and Anita P. Arriola appeared on behalf of Defendant Jacqueline A. Marati, and Michael C. Carroll appeared on behalf of Plaintiff Hoolae Paoa.

Having considered the memoranda, declarations, and exhibits submitted in support of and in opposition to Marati's Motion, the files herein, and the arguments of counsel at the hearings of Marati's Motion, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that,

Marati's Motion is hereby denied.

DATED: Honolulu, Hawaii, _____JAN 2 5 2007_____.

_____
Judge of the above-entitled Court

APPROVED AS TO FORM:

_____
RUSTAM A. BARBEE
ANITA P. ARRIOLA

Attorneys for Defendant
JACQUELINE A. MARATI

34907-1

2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | Civil No. 07-00370 JMS-LEK |
| | (Other Non-Vehicle Tort) |
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | |
| Defendants. | |

CERTIFICATE OF SERVICE

I hereby certify that, on ____NOV 16 2007____ and by the methods of service noted below, a true and correct copy of the foregoing was duly served on the following persons at their last known addresses.

Served Electronically through CM/ECF:

BRUCE D. VOSS, ESQ.   bvoss@legalhawaii.com

MICHAEL C. CARROLL, ESQ.   mcarroll@legalhawaii.com

Attorneys for Plaintiff

DATED: Honolulu, Hawaii, ____NOV 16 2007____.

/s/ Leslie R. Kop
LESLIE R. KOP
KATHLEEN M. DOUGLAS
Attorneys for Defendant
JACQUELINE A. MARATI

G:\Paoa\Paoa PLEAD\Reply for Change of Venue.wpd