Of Counsel:

BAYS DEAVER LUNG
ROSE & HOLMA

BRUCE D. VOSS                6532-0
Attorney at Law
A Law Corporation
MICHAEL C. CARROLL           7583-0
Alii Place, 16th Floor
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 523-9000
Facsimile: (808) 533-4184

Attorneys for Plaintiff
HOOLAE PAOA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| HOOLAE PAOA, | ) | CIVIL NO. CV07 00370 JSM-LEK |
|---|---|---|
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF HOOLAI PAOA'S |
| vs. | ) | WRITTEN OBJECTIONS TO |
| | ) | MAGISTRATE JUDGE LESLIE E. |
| JACQUELINE A. MARATI, | ) | KOBAYASHI'S FINDINGS AND |
| LINA'LA SIN CASINO, and DOES | ) | RECOMMENDATION TO GRANT |
| 1-10, | ) | DEFENDANT JACQUELINE A. |
| | ) | MARATI'S MOTION FOR |
| Defendants. | ) | TRANSFER OF VENUE FILED ON |
| | ) | NOVEMBER 27, 2007; |
| | ) | CERTIFICATE OF SERVICE |

42130_1

PLAINTIFF HOOLAI PAOA'S WRITTEN OBJECTIONS TO MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT JACQUELINE A. MARATI'S MOTION FOR TRANSFER OF VENUE FILED ON NOVEMBER 27, 2007

Pursuant to Rule LR 74.2 of the Local Rules of the United States District Court for the District of Hawaii, Plaintiff Hoolai Paoa ("Plaintiff") hereby submits his written objections to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation to Grant Defendant's Motion for Transfer of Venue filed on November 27, 2007 in Civil No. 07-00370 (JMS-LEK) ("Findings").

First, the Magistrate erred in finding that Defendant Jacqueline A. Marati ("Defendant") made a "strong showing" of inconvenience to warrant upsetting Plaintiff's choice of forum by incorrectly concluding that four of the eight factors favor removal. Specifically, the Magistrate erred in concluding: (1) that Guam was most familiar with the governing law as there was no showing that Guam law applied; (2) that the respective parties' contacts with Guam were more significant than with Hawaii where Plaintiff had no significant contacts with Guam, and the Court has already ruled that Defendant has significant contacts with Hawaii to support personal jurisdiction; (3) that the cost of litigating this case in Hawaii is "prohibitively expensive" as compared to Guam where witnesses are from both Hawaii and Guam; and (4) that compulsory process was more

convenient in Guam where witnesses are from both Hawaii and Guam, and the majority of the Guam witnesses are affiliated with Defendant and are not material to the issues in the case.

Second, the Magistrate erred in finding that <u>Miracle v. N.Y.P. Holdings, Inc.</u>, 87 F. Supp. 2d 1060 (D. Hawai`i 2000) is not applicable to this case. <u>Miracle</u> is factually identical to the present case, involved both an organization and a private person, and the Court in <u>Miracle</u> ruled under virtually identical facts that removal was not warranted and the defendants failed to make a strong showing for removal.

Third, the Magistrate erred in failing to consider the State of Hawaii's interest in adjudicating this case, the State's interest in protecting its residents, and the Plaintiff's right to have this case decided by a Hawaii jury.

Accordingly, Plaintiff objects to the Magistrate's recommendation that Defendant's Motion for Transfer be granted and respectfully requests that this Court deny Defendant's Motion for Transfer.

I.  DEFENDANT FAILED TO MAKE A "STRONG SHOWING" OF INCONVENIENCE TO WARRANT UPSETTING THE PLAINTIFF'S CHOICE OF FORUM

In order to transfer a case pursuant to 28 U.S.C. § 1404(a), there is a preference for the Plaintiff's choice of forum, and "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of

3

42130_1

forum." See Decker v. Commonwealth Edison Company, 805 F.2d 834, 843 (9th Cir. 1986). In evaluating whether the Defendant has presented a "strong showing" of inconvenience, the Ninth Circuit considers the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

In this case, the Magistrate correctly concluded that factor (1), the location of the relevant agreement, and factor (5), the contacts relating to Plaintiff's cause of action, were neutral, and that factor (3), Plaintiff's choice of forum, and factor (8), the ease of access to Plaintiff's source of proof, favored Plaintiff's choice of forum. See Findings at 11. The Magistrate, however, incorrectly concluded that Plaintiff made a "strong showing" that the four remaining factors were sufficient to upset the Plaintiff's choice of forum. Id.

### A.   Hawaii is Most Familiar With the Governing Law

Factor (2), the state that is most familiar with the governing law, does not favor removal. The Magistrate, in relying upon Defendant's assertion that the law of Guam may have to be applied, erred in concluding that "Guam is the district

that is most familiar with the governing law." See id. Defendant failed to present any evidence or analysis supporting the conclusion that Guam law governs this case. Defendant merely stated that, "although not yet decided, Hawaii may ultimately end up applying Guam law to determine the outcome of this matter." See Defendant Jacqueline A. Marati's Motion for Transfer of Venue ("Motion"), p. 11 (emphasis added). Thus, by Defendant's own admission, there has been no determination that Guam law governs the instant case. In fact, the factors regarding choice of law favor the application of Hawaii law, specifically, the press release was directed and received in Hawaii, the majority of Plaintiff's damage occurred in Hawaii, and Plaintiff was domiciled in Hawaii at the time of the press release. See Hanley v. Tribune Pub. Co., 527 F.2d 68, 70 (9th Cir. 1975) ("In cases of defamation, these factors normally would call for application of the law of the plaintiff's domicile."). The proper law to be applied to this dispute is Hawaii law, and it was therefore incorrect to accept Defendant's argument without support and conclude that this factor favors removal.

   B.   The Parties' Contacts With the Forum Weigh Against Removal

Factor (4), the respective parties' contacts with the forum, does not favor removal. The Magistrate erred in concluding that "the respective parties' contacts with the District of Guam are substantially more than any contacts with the District of Hawaii." See Findings, p. 11. In this case, the Court has previously

5

42130_1

ruled that Defendant had "significant contacts" with Hawaii to warrant personal jurisdiction. See Order Denying Defendant Jacqueline Marati's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (filed January 27, 2007). Thus, it is not unfair or unjust for Defendant to be hailed into Court in Hawaii. Conversely, Plaintiff has no contacts with Guam, Guam would not have personal jurisdiction over him, and it would be inequitable to compel Plaintiff to litigate this case in Guam. Specifically, Plaintiff has "no contacts with Guam", has only traveled to Guam for "layovers," and had no involvement in "Guam politics or any plan to legalize casino type slot machines[,]" the basis for Defendant's press release. See Declaration of Hoolae Paoa, attached to Plaintiff Hoolae Paoa's Memorandum in Opposition to Defendant Jacqueline Marati's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (filed January 8, 2007). Plaintiff's damages stem from Defendant's actions in directing her press release toward Hawaii, an issue that has already been litigated and decided on dispositive motion. As Plaintiff has no significant contacts with Guam, and Defendant has significant contacts with Hawaii, this factor weighs in favor of denying a change of venue.

C.  The Cost of Litigation in the Two Forums Are Not Significant To Support Removal

Factor (6), the differences in the costs of litigation in the two forums, does not favor removal. The Magistrate erred in concluding that Defendant successfully demonstrated that litigating in Hawaii would be significantly more expensive than in Guam to support removal. See Findings, p. 11. Clearly, litigating in either forum will inconvenience at least one of the parties, but the inconvenience must be so great as to "constitute a deprivation of due process" in order to overcome clear justifications for the exercise of jurisdiction, Miracle, 87 F. Supp. 2d at 1069, and for purposes of removal, must be "prohibitively expensive or difficult" for the defendant to litigate in the forum. Id. at 1073.

In her Motion, Defendant contends that it would be more convenient, cost efficient, and expeditious to litigate the case in Guam. See Motion, pp. 7, 12. Defendant, however, bears the burden of demonstrating that the inconvenience is so great that it would be "prohibitively expensive" to litigate in the forum. See Miracle, 87 F. Supp. 2d at 1073. Defendant has not done so. Thus far, Defendant has successfully retained counsel in both Guam and Hawaii, and has vigorously defended this action in Hawaii while simultaneously residing in Guam. As evidenced by Defendant's actions, neither cost nor undue burden seems to have

7

42130_1

precluded or in any way hindered Defendant from vigorously defending this action in Hawaii. Accordingly, this factor does not favor removal in this case.

    D.    Compulsory Process Would Not Be Better Served By Removing The Case To Guam

Factor (7), the availability of compulsory process to compel attendance of unwilling non-party witnesses, is neutral at best. In this case, the majority of the witnesses regarding the actual press release are Guam witnesses, and the majority of the witnesses on damages are Hawaii witnesses. With respect to the Guam witnesses, these witnesses are generally affiliated with Defendant, and the issues that they would likely testify generally are not in dispute. It is not disputed that Defendant issued a press release, published it to various news organizations and individuals that reached Hawaii. The main issues that Defendant is challenging in this case are whether the press release was false and defamatory, and the extent of Plaintiff's damages. Other than the defendants in this case, these witnesses either are from Hawaii or would not be burdened to appear in Hawaii for trial. Accordingly, it would be more of an undue burden for compulsory process for this case to be removed to Guam than where it was initially brought.

II.    THIS COURT SHOULD APPLY *MIRACLE* TO THE PRESENT CASE

The Magistrate erred in concluding that Miracle is not applicable to the present case. See Findings, p. 12. In Miracle, a Hawaii resident brought a state

42130_1

8

court defamation action against a New York columnist and newspaper based on an article published in the New York Post. 87 F. Supp. 2d 1060. The article was widely disseminated in New York, with two copies being distributed by subscription in Hawaii. Id. at 1063. The case was removed to the United States District Court for the District of Hawaii based on diversity of citizenship. Id. at 1062. The defendants subsequently filed a motion to dismiss for lack of personal jurisdiction or in the alternative, a Section 1404(a) motion for transfer of venue. Id. The Court, in rejecting the defendants' motion for transfer of venue, noted that the defendants did not make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. Id. at 1074.

      The fact pattern in this case is virtually identical with that of Miracle. Here, Plaintiff brought a state court defamation action against Defendant and Defendant's affiliated entity, Lina'la Sin Casino, for a defamatory press release published and received in Hawaii. Defendant subsequently removed this case to this Court based on diversity of citizenship and presently seeks a transfer of venue pursuant to Section 1404(a). Defendant, however, failed to make a strong showing of inconvenience to warrant upsetting Plaintiff's choice of forum.

      Notwithstanding Defendant's failure, the Magistrate incorrectly concluded that Defendant, unlike the defendant in Miracle, "is not a large corporation that is better able to bear the burden of litigating in a distant forum,"

9

and that for an individual like Defendant, litigating in Hawaii would be cost prohibitive. See Findings, p. 12. The Magistrate did not address the fact that there were two defendants in Miracle, one of which was a private individual, and that no distinction was made between these two defendants. See Miracle, 87 F. Supp. 2d at 1069.

It is true that Defendant is not a large corporation, but neither is Plaintiff. Where both parties are individuals, it should make little difference that the moving party is not a large corporation. The relevant inquiry is whether Defendant made a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum. Defendant, similar to the defendant in Miracle, failed to do so. Miracle is therefore applicable to the extent that a Section 1404(a) motion for transfer of venue should not be granted where, as in this case, the moving party fails to make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum. Accordingly, the Magistrate erred in finding that Miracle is distinguishable on the basis that Defendant is not a large corporation.

III. THE STATE OF HAWAII HAS A STRONG INTEREST IN THIS CASE

To the extent that the Magistrate did not address the State of Hawaii's interest in adjudicating this case, the Magistrate erred in failing to consider Hawaii's strong interest. The State of Hawaii has a compelling interest in providing an effective means of redress for its residents who are tortiously injured.

42130_1

10

Miracle, 87 F. Supp. 2d at 1070. Here, Plaintiff, a resident of Hawaii, suffered injury as a result of Defendant's defamatory press release. Hawaii therefore has a compelling interest in adjudicating this case, a factor which weighs strongly against removal. The Magistrate further failed to consider Plaintiff's rights to have this matter decided by a Hawaii jury. Plaintiff is seeking in this case redress for Defendant's actions in directing his press release towards Hawaii. Plaintiff is entitled to have this case decided by a Hawaii jury who would be familiar with local custom, and the effects of Defendant's actions. By removing this case to Guam, the Court is denying Plaintiff of his right to have a Hawaii jury decide this case.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully objects to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation to Grant Defendant's Motion for Transfer of Venue filed on November 27, 2007, and respectfully requests that the Court deny this Motion.

DATED: Honolulu, Hawaii, December 11, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

42130_1

11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. CV07 00370 JSM-LEK |
| | ) (Other Non-Vehicle Tort) |
| Plaintiff, | ) |
| | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| | ) |
| JACQUELINE A. MARATI, LINA'LA SIN CASINO, and DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically through CM/ECF or U.S. Mail, postage prepaid, on December 11, 2007, to the following:

LESLIE R. KOP, ESQ.            (CM/ECF)
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant
JACQUELINE A. MARATI

42130_1

ANITA P. ARRIOLA, ESQ.        (U.S. Mail)
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street, Suite 201
Hagatna, Guam 96910

Attorney for Defendant, *Pro Hac Vice #061075*
JACQUELINE A. MARATI

MICHAEL F. PHILLIPS, ESQ.    (U.S. Mail)
410 W. O'Brien Drive, Suite 102
Hagatna, Guam 96910

Attorney for Defendant
LINA'LA SIN CASINO

DATED: Honolulu, Hawaii, December 11, 2007.

_____
BRUCE D. VOSS
MICHAEL C. CARROLL

Attorneys for Plaintiff
HOOLAE PAOA

2

42130_1