Of Counsel:

FUKUNAGA MATAYOSHI HERSHEY & CHING, LLP

LESLIE R. KOP            4794
KATHLEEN M. DOUGLAS    5036
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone: (808) 533-4300
Facsimile:  (808) 531-7585
Email:      lrk@fmhc-law.com
            kmd@fmhc-law.com


Attorneys for Defendant
JACQUELINE A. MARATI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. CV 07-00370 JMS LEK |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | DEFENDANT JACQUELINE A. |
| | ) | MARATI'S RESPONSE TO |
| JACQUELINE A. MARATI, | ) | PLAINTIFF HOOLAE PAOA'S |
| LINA'LA SIN CASINO, and DOES | ) | WRITTEN OBJECTIONS TO |
| 1-10, | ) | MAGISTRATE JUDGE LESLIE E. |
| | ) | KOBAYASHI'S FINDINGS AND |
| Defendants. | ) | RECOMMENDATION TO GRANT |
| | ) | DEFENDANT JACQUELINE A. |
| | ) | MARATI'S MOTION FOR |
| | ) | TRANSFER OF VENUE; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| _____ | ) | |

Response to Objection to Change of Venue.wpd

DEFENDANT JACQUELINE A. MARATI'S RESPONSE TO
PLAINTIFF HOOLAE PAOA'S WRITTEN OBJECTIONS TO
MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S
FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
JACQUELINE A. MARATI'S MOTION FOR TRANSFER OF VENUE

I.    INTRODUCTION

On November 27, 2007, Magistrate Judge Leslie E. Kobayashi issued a twelve page Findings and Recommendation to Grant Defendant's Motion for Transfer of Venue. The Magistrate Judge weighed multiple factors in considering the motion for change of venue and found that Defendant Jacqueline A. Marati ("Defendant") made a strong showing of inconvenience to warrant transfer of venue to the United States District Court for the District of Guam. See Findings and Recommendation to Grant Defendant's Motion for Transfer of Venue ("Findings and Recommendation") filed November 27, 2007 at 12.

Plaintiff's Objections to the Magistrate Judge's Findings and Recommendation fail to raise any cogent basis for rejecting the Magistrate Judge's recommendation to transfer venue to the District of Guam. In the Findings and Recommendation, the Magistrate Judge determined that since "the witnesses are predominately from Guam or Saipan", transfer to Guam weighed in favor of Defendants. See Findings and Recommendation at 11. The Magistrate Judge noted that Plaintiff had failed to present affidavits or declarations supporting

Response to Objection to Change of Venue.wpd                2

Plaintiff's argument that "some of his potential witnesses reside in Hawaii".  <u>See</u>

Findings and Recommendation at 10.  In his Objections,  Plaintiff has not cured

the absence of any "affidavits or declarations" in support of his oft repeated

assertion regarding the locale of "potential witnesses" and Plaintiff's objections on

this point should be rejected.  <u>See</u> Findings and Recommendation at 10.   Further,

as noted by the Magistrate Judge in the Findings and Recommendation, Plaintiff's

opposition to the Motion to Transfer Venue was ineffective since Plaintiff

"devote[d] the majority of his memorandum to arguments regarding the propriety

of venue in Hawai'i", an issue that was <u>not</u> before the court.  <u>See</u> Findings and

Recommendation at 8.  After finding that Plaintiff failed to provide evidentiary

support regarding the location of witnesses, the Magistrate Judge noted that

"Plaintiff did not address the other factors relevant to a transfer of venue."  <u>See</u>

Findings and Recommendation at 10.

     Plaintiff's failure to present meaningful opposition to Defendant's

Motion to Transfer Venue before the Magistrate Judge is not an excuse to now use

Local Rule 74.2 to present entirely new arguments.  Local Rule 74.2 does not

allow a party to transform written objections to the magistrate judge's order into a

Local Rule 60.1 Motion for Reconsideration.  <u>See</u> Local Rule 74.2.  In any event

and as will be discussed, Plaintiff's present objections do little to rectify his failure

to present compelling opposition to Defendant's Motion to Transfer Venue.

As found by the Magistrate Judge, in the interests of justice and based on the balance of all factors, the evidence compels a transfer of venue to the United States District Court for the District of Guam.

II.    <u>DISCUSSION</u>

A.    Choice of Law Lies With Guam Based On Governmental Interests, The Protection Of Justified Expectations, And Guam's Concern For Predictability.

In Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Plaintiff failed to even mention the choice of law factor.  <u>See</u> Plaintiff's Memorandum in Opposition to Motion for Transfer of Venue ("Memo in Opp"). However, in Plaintiff's Objections, Plaintiff now argues that "the proper law to be applied to this dispute is Hawaii law".  <u>See</u> Objections at 5.  The basis for Plaintiff's assertion is the unsupported, unsubstantiated statement that "the press release was directed and received in Hawaii, the majority of Plaintiff's damage occurred in Hawaii, and Plaintiff was domiciled in Hawaii at the time of the press release."  <u>See</u> Objections at 5.  Even if Plaintiff's statements were confirmed, these statements do not result in application of Hawaii law.

In the area of torts, Hawaii has rejected the traditional choice of law rule of *lex loci delicti*, which emphasized the place of impact, and has adopted in

its place a more modern approach emphasizing governmental interests, dominant

contacts, and policy factors. <u>See</u> Peters v. Peters, 63 Haw. 653, 660-64, 634 P.2d

586, 591-93 (1981); <u>see also</u> <u>DeRoburt v. Gannett</u>, 83 F.R.D. 574, 576-79

(D.Hawaii 1979) (anticipating Hawaii's adoption of modern approach).  Important

governmental interests include the needs of the international system, the policies

of the forum and the other interested states, the protection of justified

expectations, and a concern for predictability. <u>See</u> Restatement (Second) of

Conflict of Laws § 6 (1971).  The Restatement provides that in the absence of a

state statute, the factors relevant to the choice of applicable law include:

> (a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of
> those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws§ 6(2) (1971).  Further, in defamation

actions, the choice of law is guided by the state with the significant relationship to

the issue or the parties.  Standing alone, the plaintiff's residence is not enough to

determine the choice of law in a defamation case.  <u>See</u> Arochem Intern., Inc. v.

Buirkle, 767 F. Supp. 1243 (S.D. N.Y. 1991), aff'd, 968 F.2d 266 (2d Cir. 1992).

In this case, the instant action clearly arises out of a press release authored by Defendant Marati and published in Guam on July 31, 2006. <u>See</u> Plaintiff's Complaint filed on August 4, 2006. Further, the contents of the press release discussed the background and history of the new owners of the Guam Greyhound and the proponents of the gambling initiative, including Plaintiff, and concerned Plaintiff's participation "in a fraudulent or unlawful scheme to legalize gambling in Guam." <u>See</u> Complaint at ¶6. In defamation cases, strong policy reasons exist for deciding issues according to the rules of the jurisdiction where the conduct that gives rise to liability takes place, especially when that conduct may be protected speech. There is no dispute that the alleged press release was published in Guam and was exclusively related to issues pertinent to the citizens of Guam, ie. legalizing gambling in Guam. Guam law is the appropriate choice of law and this factor weighs in favor of transfer of venue to the District of Guam.

    B.    <u>The Parties Contacts With Guam Weigh In Favor Of Removal To The District Of Guam.</u>

In Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Plaintiff failed to discuss the factor relating to "the respective parties contacts with the forum". <u>See</u> Plaintiff's Memo in Opp. Plaintiff for the first time now argues that "the parties contacts with the forum weigh against removal". <u>See</u> Objections

Response to Objection to Change of Venue.wpd    6

at 5.  However, Plaintiff ignores the fact that the factor considers *both parties*

contact with the forum and, that in this case, Defendant's contacts strongly weight

in favor of removal to Guam.  Defendant is a resident of Guam and admits that she

wrote the press release that is the subject of this action, that the press release was

published in Guam, and that the press release related to issues pertinent to the

citizens of Guam.  See Defendant's Answer to Complaint filed on March 19, 2007

at ¶3, 6.  Further, Defendant admits that she is the spokesperson for Lina' la Sin

Casino, the co-defendant entity formed and organized under the laws of Guam.

See Defendant's Answer to Complaint filed on March 19, 2007 at ¶4.

          While Plaintiff makes the self serving statement that he "has no

contacts with Guam" and "no involvement in 'Guam politics or any plan to

legalize casino type slot machines", evidence to the contrary is included in the

record.  Declarations previously submitted to the court state that Plaintiff was

present at a meeting in Guam with the purpose of recruiting Guam residents to

promote an initiative to legalize slot machine gaming at Guam Greyhound Park.

Further, the meeting in which Plaintiff participated discussed plans to collect

signatures of Guam residents in support of the gaming initiative and to have the

initiative placed on the Guam ballot.  See Declaration of Lourdes Aguaon-Schulte

in Support of Jacqueline A. Marati's Reply Memorandum in Support of Motion to

Dismiss for Lack of Personal Jurisdiction and for Improper Venue filed January 16, 2007.

Further, Plaintiff neither resides in Hawaii nor is his business, Tumon Partners, LLC, located in Hawaii.  Plaintiff admits that he resides in Saipan and that he is the manager of Tumon Partners, LLC with its' principal place of business in Saipan and with business transactions in Guam.  See Exhibit "B", Plaintiff's Responses to Defendant Jacqueline Marati's Request for Answers to Interrogatories and the Declaration of Jacqueline A. Marati attached to Defendant Jacqueline A. Marati's Motion for Transfer of Venue.

Both parties contacts with Guam weigh in favor of removal and this Court should affirm the Magistrate Judge's finding that "the respective parties' contacts with the District of Guam are substantially more than any contacts with the District of Hawaii."  See Findings and Recommendation at 11.

C.    The Cost Of Litigation In Hawaii Will Be Prohibitive

In Plaintiff's Opposition to Defendant's Motion to Transfer Venue, Plaintiff failed to discuss the factor relating to "the differences in the costs of litigation in the two forums".  See Plaintiff's Memo in Opp.  Plaintiff now argues that the costs of litigation in the two forums "is not significant".  See Objections at 7.

As previously discussed by Defendant, the Hawaii federal district court in <u>Berry v. Deutsche Bank Trust Company</u>, 2007 WL 2363366 *1 (D. Hawaii 2007) considered whether the costs of litigation weighed in favor of transfer of venue. The <u>Berry</u> court found that where 1) both parties were located outside of Hawaii, 2) principal witnesses with direct involvement were located in New York, 3) the defendants' and witnesses costs of travel to Hawaii from New York were costly, 4) the location of the events giving rise to the claim were in New York, and 5) evidence was located in New York, the case was properly transferred to a forum more convenient for the parties and the witnesses. <u>Id</u>. at 9. " Every party resides outside of Hawaii[1] transferring this case to the Southern District of New York, where Defendants are located, is appropriate and will serve the interests of justice". <u>Id</u>. at 9. In the present case, as in <u>Berry</u>, both parties are located outside of Hawaii in Guam and Saipan, the principal witnesses are located in Guam and Saipan, the costs of travel from Guam and Saipan to Hawaii are costly, and the events giving rise to the claim are set in Guam. Despite Plaintiff's protests to the contrary, the costs of litigation in the District of Hawaii would be prohibitively expensive.

---

[1]  As in the present case, the court in <u>Berry</u> found that the plaintiff no longer lived in Hawaii. <u>Id</u>. at *8.

Plaintiff makes no attempt to show error in the Magistrate Judge's finding that "the cost of litigation in the two forums" weighs in favor of transfer.[2] Instead, Plaintiff argues that Defendant has "successfully retained counsel in both Guam and Hawaii, and has vigorously defended this action in Hawaii while simultaneously residing in Guam." See Objections at 7.  The fact that Defendant has hired attorneys in Hawaii to participate in her defense is not persuasive.  To the contrary, Defendant, as an individual, has been severely burdened by the costs associated with retaining counsel in both Hawaii and Guam to defend against Plaintiff's claims.  Further, Plaintiff again fails to address how Plaintiff's admitted residence in Saipan makes Hawaii the more convenient forum for the parties. Where the Defendant resides in Guam and Plaintiff resides in Saipan, the convenience of the parties as well as the costs of litigation are best served by a transfer of venue.

Further, Plaintiff fails to address the Magistrate Judge's finding that "witnesses are predominately from Guam or Saipan" such that transfer of venue is appropriate.  By failing to dispute the Magistrate Judge's finding, Plaintiff concedes that the convenience of the witnesses who are predominately located in

---

[2]  The Magistrate Judge noted that "a round-trip flight between Guam and Saipan is one hour and costs $229.40.  A round-trip between Guam and Hawaii takes fifteen hours and thirty minutes and costs $1,450.00". See Findings and Recommendation at 6.

either Guam or Saipan and the costs of transporting those Guam witnesses to and

from Hawaii favors removal to Guam.

> D.    Compulsory Process To Compel Attendance Of Unwilling Non
> Party Witnesses Weighs In Favor Of Transfer Of Venue.

In Plaintiff's Opposition to Defendant's Motion to Transfer Venue,

Plaintiff failed to discuss the factor relating to "the availability of compulsory

process to compel attendance of unwilling non-party witnesses".  See Plaintiff's

Memo in Opp.  Plaintiff for the first time argues that even though "the majority of

the witnesses regarding the actual press release are Guam witnesses", the factor

regarding compulsory process favors Plaintiff.  See Objections at 8.  Plaintiff's

acknowledgment that "the majority of the witnesses regarding the actual press

release are Guam witnesses" actually weighs in favor of transfer to Guam.  By

Plaintiff's own admission, if venue remains in the District of Hawaii, the majority

of the fact witnesses are beyond the subpoenaing power of the Hawaii district

court.

While Plaintiff continues to assert that witnesses relating to damages

are "Hawaii witnesses", Plaintiff offers no affidavits or declarations verifying the

residence of these "potential witnesses".[3]  The Magistrate Judge had previously

---

[3]  Plaintiff has admitted that John Baldwin is a resident of Saipan and that Shawn Scott is
a foreign resident.  See Plaintiff's Memo in Opp at 10 fn. 3.   Further, John Baldwin is the

noted that "although Plaintiff asserts that some of his potential witnesses reside in

Hawaii, he provides no affidavits or declarations to this effect."  See Findings and

Recommendation at 10.  By failing to provide addresses for witnesses in

Plaintiff's pretrial statement and by failing to provide affidavits identifying the

addresses of these alleged "Hawaii witnesses" to both the Magistrate Judge and to

this Court, Plaintiff has waived any argument regarding the location and

convenience of these witnesses.

        This Court should affirm the Magistrate Judge's finding that since

"the lack of available compulsory process to compel many (if not most) of the

witnesses' attendance if the trial was held in the District of Hawaii" weighs in

favor of transfer of venue to the District of Guam.  See Findings and

Recommendation at 11.

        E.    The Hawaii District Court's Decision In Miracle Is
              Distinguished From The Present Case Since Miracle
              Found That A Large Corporation Was Not Inconvenienced
              By Traveling To Hawaii To Defend Its Case.

        The Magistrate Judge based the recommendation to change venue on

the fact that it would be "expensive and difficult" for Defendant, as an individual,

---

plaintiff in two related actions **filed in Guam**.  Mr. Baldwin selected Guam as the convenient
forum for his pursuit of those two actions.  See Guam Greyhound and John Baldwin v.
Jacqueline A. Marati, Civil No. 0959-06 (Superior Court of Guam) and Guam Greyhound and
John Baldwin v. Dorothy Brizill, Civil No. 0960-06 (Superior Court of Guam) referenced in the
Motion for Transfer of Venue filed October 17, 2007.

Response to Objection to Change of Venue.wpd            12

to litigate in Hawaii. See Findings and Recommendation at 12.  The Magistrate Judge specifically distinguished Miracle v. N.Y.O. Holdings, Inc., 87 F. Supp. 2d 1060 (D. Hawaii 2000) finding that "unlike the defendant in Miracle, Marati is not a large corporation that is better able to bear the burden of litigating in a distant forum". See Findings and Recommendation at 12.

      Plaintiff argues that the Magistrate Judge's distinction was erroneous. See Objections at 8.   However a reading of Miracle shows that the Hawaii district court declined to transfer a case to New York because the defendant was a large corporation that could more easily absorb the costs associated with travel to Hawaii than could the plaintiff who was an individual.   "The Post is a large corporation that could more easily travel to Hawaii to litigate than could Plaintiff travel to New York" citing to Core Vent Corp. v. Nobel Industries, 11 F.3d 1482, 1489 (9th Cir. 1993) (determining that a large corporation could more easily travel for litigation than could individuals who were parties to the action).  The court in Miracle did not address the question of the appropriate forum where both plaintiff and defendant were individuals, the issue which is before this Court.  There is no error in the Magistrate Judge's distinction of Miracle.

      Plaintiff concedes that "Defendant is not a corporation" but still attempts to argue that Hawaii is the most affordable venue.  See Objections at 10.

Response to Objection to Change of Venue.wpd

13

Plaintiff continues to ignore the fact that not only is Defendant located on Guam, but Plaintiff is located in Saipan, not Hawaii.  The Magistrate Judge noted that a round trip flight between Guam and Saipan takes one hour and costs $229.40 and a round trip between Guam and Hawaii takes fifteen and a half hours and costs $1,450.00. See Findings and Recommendation at 6.  Plaintiff's insistence that the costs of travel favor Hawaii as a venue where the Defendant is in Guam, the Plaintiff is in Saipan, and "the witnesses are predominately from Guam or Saipan" is nonsensical and should be rejected.

III.    CONCLUSION

Based on the foregoing as well as the reasons discussed in Defendant Jacqueline A. Marati's Motion for Transfer of Venue, Defendant Jacqueline A. Marati's Reply to Plaintiff Hoolae Paoa's Memorandum in Opposition to Defendant Jacqueline A. Marati's Motion for Transfer of Venue, and the memorandum, declarations, and exhibits in support, Defendant Marati respectfully requests that this Honorable Court affirm the Findings and Recommendation to Grant Defendant's Motion for Transfer of Venue and order that venue be transferred to the United States District Court for the District of Guam.

DATED:  Honolulu, Hawaii, December 14, 2007.

/s/ Leslie R. Kop
LESLIE R. KOP
KATHLEEN M. DOUGLAS
Attorneys for Defendant
JACQUELINE A. MARATI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HOOLAE PAOA, | ) | Civil No. 07-00370 JMS-LEK |
| | ) | (Other Non-Vehicle Tort) |
|     Plaintiff, | ) | |
|     vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JACQUELINE A. MARATI, | ) | |
| LINA'LA SIN CASINO, and DOES | ) | |
| 1-10, | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

       I hereby certify that on December 14, 2007 and by the methods of service noted below, a true and correct copy of the foregoing was duly served on the following persons at their last known addresses.

Served Electronically through CM/ECF:

BRUCE D. VOSS, ESQ.   bvoss@legalhawaii.com

MICHAEL C. CARROLL, ESQ.   mcarroll@legalhawaii.com

Attorneys for Plaintiff

       DATED:  Honolulu, Hawaii, December 14, 2007.

                     /s/ Leslie R. Kop_____
                     LESLIE R. KOP
                     KATHLEEN M. DOUGLAS
                     Attorneys for Defendant
                     JACQUELINE A. MARATI

Response to Objection to Change of Venue.wpd