IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOOLAE PAOA, | ) CIVIL NO. 07-00370 JMS/LEK |
| | ) |
| Plaintiff, | ) ORDER ADOPTING MAGISTRATE |
| | ) JUDGE LESLIE E. KOBAYASHI'S |
| vs. | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| JACQUELINE A. MARATI, | ) DEFENDANT JACQUELINE A. |
| LINA'LA SIN CASINO, and DOES | ) MARATI'S MOTION FOR |
| 1-10, | ) TRANSFER OF VENUE FILED ON |
| | ) NOVEMBER 27, 2007 |
| Defendants. | ) |
| | ) |
| _____ | ) |

**ORDER ADOPTING MAGISTRATE JUDGE LESLIE E. KOBAYASHI'S
FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
JACQUELINE A. MARATI'S MOTION FOR TRANSFER OF VENUE
FILED ON NOVEMBER 27, 2007**

On December 11, 2007, Plaintiff Hoolae Paoa ("Plaintiff") filed

Written Objections to Magistrate Judge Kobayashi's November 27, 2007 Findings

and Recommendation to Grant Defendant's Motion for Transfer of Venue

("Written Objections").  After considering the Written Objections and Defendant

Jacqueline Marati's ("Defendant")[1] Response, reviewing the entire record, and

applying a clearly erroneous standard of review, the court ADOPTS Magistrate

Judge Kobayashi's November 27, 2007 Findings and Recommendation to Grant

---

[1] Default judgment was entered against Defendant Lina'la Sin Casino on July 3, 2007.

Defendant's Motion for Transfer of Venue ("November 27, 2007 F&R").

## I. <u>BACKGROUND</u>

Plaintiff asserts claims of defamation, invasion of privacy, and intentional infliction of emotional distress stemming from a press release drafted by Defendant. *See* Def.'s Ex. A.[2]

In July 2006, a petition drive was held in Guam to certify an initiative for the November 2006 election to legalize the operation of slot machines in a facility known as the Guam Greyhound. Marati Decl. ¶ 6. Defendant drafted an article regarding the proponents of this initiative titled "Greyhound Backers Part of Group Fined $622,820 in DC Signature Buying Scheme for Slot Legalization[;] Group Denied or Failed to Obtain Gambling Licenses in <u>5 States</u> Due to Financial Irregularities." Def.'s Ex. 1, attached to Marati Decl. In the article, Defendant identified Plaintiff as one of the initiative's proponents, and described him as "a convicted felon with a history of convictions since 1978. Offenses include thefts, domestic violence and assault, criminal contempt of court." *Id.*

Plaintiff filed this action in Hawaii state court on August 4, 2006, and was subsequently removed to this court on July 11, 2007. On October 17, 2007, Defendant filed a Motion for Transfer of Venue. On November 9, 2007, Plaintiff

---

[2] All exhibits and declarations cited herein were submitted by the parties in support of or opposition to Defendant's Motion for Transfer of Venue.

2

filed an Opposition, and on November 16, 2007, Defendant filed a Reply.  In her

November 27, 2007 F&R, Magistrate Judge Kobayashi found that transfer to

Guam is appropriate.  Plaintiff filed his Written Objections on December 11, 2007,

and Defendant responded on December 14, 2007.

## II.  <u>STANDARD OF REVIEW</u>

Neither party addresses the proper standard of review for the

November 27, 2007 F&R.  The court determines that it must review of November

27, 2007 F&R for clear error.

Generally, 28 U.S.C. § 636(b)(1)(A) allows the court to designate a

magistrate judge to determine any pretrial matter except for certain dispositive

motions.  A party may appeal a magistrate judge's determination of a pretrial

nondispositive matter to the district court, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(a); Local Rule ("L.R.") 74.1, and the district court "shall set aside any

portion of the magistrate judge's order found to be clearly erroneous or contrary to

law." L.R. 74.1.  A district court may also designate a magistrate judge to hear

those dispositive motions excluded from 28 U.S.C. § 636(b)(1)(A) and submit

proposed findings of fact and recommendations.  28 U.S.C. § 636(b)(1)(B); *see*

*also* L.R. 74.2.  A magistrate judge's findings pursuant to 28 U.S.C. § 636(b)(1)(B)

are subject to de novo review by the court.  L.R. 74.2.

Transfers of venue are not one of the named exceptions in 28 U.S.C. § 636(b)(1)(A). Further, an order transferring venue does not address the merits of the parties' claims. *See* Fed. R. Civ. P. 41(b) (stating that an involuntary dismissal "except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits"). Granting a motion to transfer venue does not terminate a case within the federal court system. Instead, it simply results in a transfer to another district court. Accordingly, the court can reject the November 27, 2007 F&R only if it is clearly erroneous or contrary to law. Several courts agree. *See Williams Advanced Materials, Inc. v. Target Tech. Co.*, 2007 WL 2245886, at *3 (W.D.N.Y. Aug. 1, 2007) ("An order to change venue is a non-dispositive order that is reviewed under a 'clearly erroneous or contrary to law' standard."); *Goel v. Patni Computer Sys., Inc.*, 2007 WL 1725287, at *2 (C.D. Ill. June 13, 2007) ("Like discovery motions, a motion to transfer venue is a non-dispositive pre-trial matter which is reviewed under the 'clearly erroneous' standard."); *Leath v. Florida*, 2007 WL 656542, at *1 (N.D. Fla. Feb. 28, 2007) ("Transfers of venue in a case are not one of the named exceptions in the statute or the local rule. Thus, because a transfer of venue does not address the merits of the case but merely changes the forum of an action, it is a non-dispositive matter that is within the province of a magistrate judge's authority." (citation

4

omitted)); *Silong v. United States*, 2006 WL 948048, at *1 n.1 (M.D. Fla. Apr. 12, 2006) ("A motion to transfer venue involves a non-dispositive pretrial matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Shenker v. Murasky*, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996) ("An order issued by a magistrate judge transferring venue under 28 U.S.C. § 1404(a) is non-dispositive."); *Holmes v. TV-3, Inc*., 141 F.R.D. 697, 697 (W.D. La. 1991) ("Since [a Motion to Transfer Venue] is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court.").

The threshold of the "clearly erroneous" test is high. *See Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (citation and quotation signals omitted)); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (stating that the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed" (citation and quotation signals omitted)); *accord*

5

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed.").

## III.  DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).[3]  In determining whether the convenience of parties and the interest of justice requires transfer of venue, the Ninth Circuit has articulated several factors that the district court may consider, including:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums,

---

[3]  Even though Plaintiff largely devoted his Opposition to Defendant's Motion for Transfer of Venue to arguing that venue is proper in Hawaii, that is not the relevant issue. Rather, the question presented in Defendant's Motion and on appeal here is whether the convenience of the parties and the interest of justice requires transfer of venue to the District of Guam.

6

(7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Further, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Id.* at 499.

"Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *see also Jones*, 211 F.3d at 498 ("[T]he district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." (quotations omitted)). A motion to transfer venue should be granted where the defendant "make[s] a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Based on the evidence presented to her, Magistrate Judge Kobayashi weighed the relevant factors to determine that Defendant's Motion for Transfer of Venue should be granted. Specifically, Magistrate Judge Kobayashi found that:

> [Defendant's] arguments that the witnesses are predominately from Guam or Saipan, the events giving rise to the claims in the instant action took place in Guam, and that the substantive law of Guam may have to be applied support finding in

7

> [Defendant's] favor on four of the eight factors; namely, that
> Guam is the district that is most familiar with the governing
> law, the respective parties' contacts with the District of Guam
> are substantively more than any contacts with the District of
> Hawai'i, the lack of available compulsory process to compel
> many (if not most) of the witnesses' attendance if the trial was
> held in the District of Hawai'i, and the differences in the cost of
> litigation in the two forums.

Nov. 27, 2007 F&R 11.  Magistrate Judge Kobayashi found only two factors --

Plaintiff's choice of forum, and the ease of access for Plaintiff to sources of    proof

-- weighed in favor of Plaintiff; the remaining factors were, at best, neutral.  *Id.*

Plaintiff argues that the November 27, 2007 F&R was in error

because: (1) none of the factors support a "strong showing" in favor of transfer; (2)

the court should apply *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060 (D.

Haw. 2000) to deny transfer of venue; and (3) Hawaii has a strong interest in this

case.  The court addresses each of these arguments to find that the November 27,

2007 F&R was not clearly erroneous or contrary to law.

First, the November 27, 2007 F&R was not clearly erroneous in

finding that Defendant made a strong showing in favor of transfer.  In determining

that Guam is the district that is most familiar with the governing law, the

November 27, 2007 F&R found that the law of Guam may have to be applied.

While the November 27, 2007 F&R did not perform a choice of law analysis,

Defendant presented evidence that two related cases are pending in Guam, and may

8

require applying Guam law here.  *See* Def.'s Mot. to Transfer Venue 10.  Based on the arguments and evidence presented,[4] the court cannot find that the November 27, 2007 F&R was clearly erroneous in considering this factor in favor of transfer, and more importantly, finding that *overall* the factors warrant transfer.

   The respective parties' contacts with the District of Guam versus the District of Hawaii weigh in favor of transfer.  Defendant resides in Guam, and the evidence (while disputed) indicates that Plaintiff has contacts in Guam, and resides in Saipan.[5]  Plaintiff's reliance on the fact that Defendant has sufficient contacts to warrant personal jurisdiction in Hawaii unavailing.  Rather, the relevant inquiry is whether *both* parties' contacts *favor* one venue over another.

   Further, the comparative costs of litigating in Hawaii versus Guam favor Guam because most of the witnesses are located in Guam and/or Saipan.  Plaintiff does not dispute this fact, and instead argues that pursuant to *Miracle*,

---

  [4]  Because both parties only briefly addressed the choice of law analysis, the court leaves this issue unresolved.  *See DeRoburt v. Gannett Co.*, 558 F. Supp. 1223, 1226 (D. Haw. 1983) ("The dominant contacts test [adopted in Hawaii] favors the state which has the 'most significant relationship to the occurrence and the parties.'" (*quoting* Restatement (Second) of Conflict of Laws § 145(1)); *Hanley v. Tribune Publ. Co.*, 527 F.2d 68, 70 (9th Cir. 1975) (noting that in a defamation action, the factors under Restatement (Second) of Conflict of Laws § 145 generally call for application of the law of plaintiff's domicile).

  [5]  Plaintiff argues that he "has 'no contacts with Guam[,'] has only traveled to Guam for 'layovers,' and has no involvement in 'Guam politics or any plan to legalize casino type slot machines.'"  Written Obj. 6.  In contrast, Defendant states that Plaintiff participated in a meeting in Guam that recruited Guam residents to promote the legalization of slot machines, and resides in Saipan.  *See* Def.'s Response 7-8.  Given this conflicting evidence, the court cannot say that the November 27, 2007 F&R was clearly erroneous.

Defendant must prove that the cost of litigating in Plaintiff's forum would be "prohibitively expensive."  Written Obj. 7.  *Miracle* does not support Plaintiff's narrow reading.  Rather, *Miracle* found that Defendants "failed to demonstrate that it would be prohibitively expensive *or difficult* for Defendants to travel to Hawaii" where one Defendant is a large corporation that "could more easily travel to Hawaii to litigate than could Plaintiff travel to New York."[6]  *Miracle*, 87 F. Supp. 2d at 1073 (emphasis added).

Finally, the lack of available compulsory process to compel many of the witnesses' attendance if the trial is in Hawaii also weighs in favor of transfer. The court disagrees with Plaintiff's argument that "it would be more of an undue burden for compulsory process for this case to be removed to Guam than [Hawaii]" as unsubstantiated by any evidence.  *See* Written Obj. 8.  Plaintiff submitted no affidavits or declarations to support this statement in his Opposition to Plaintiff's Motion for Transfer of Venue, *see* Nov. 27, 2007 F&R 10, and none with his Written Objections.  Given the factors weighing in favor of transfer, Plaintiff has failed to prove that the November 27, 2007 F&R's balancing of them to determine that Defendant made a strong showing for transfer to Guam was clearly erroneous

_____

[6]  Even if the court accepted Plaintiff's argument, the November 27, 2007 F&R at 12 found that Defendant "has demonstrated that litigating in Hawaii would be expensive and difficult, which for an individual or small business would make it prohibitive."

or contrary to law.

Second, the court rejects Plaintiff's argument that *Miracle* requires that this action stay in Hawaii. The November 27, 2007 F&R properly considered and distinguished *Miracle* on its facts. In *Miracle*, plaintiff brought an action in Hawaii for defamation against the New York Post and columnist Cindy Adams regarding an article which allegedly accused plaintiff of social security fraud. *Miracle*, 87 F. Supp. 2d at 1063. Defendants moved to transfer the action to New York because most of the witnesses were located in that district, the Post is primarily distributed in New York, and it would be expensive for Defendants to travel to Hawaii. The court denied transfer because "assertions regarding monetary expense and difficulty alone" were unpersuasive. *Id.* at 1073-74. The November 27, 2007 F&R properly distinguished *Miracle* on the basis that Defendant is an individual as opposed to a large company such that litigating in Hawaii would be prohibitively expensive. Nov. 27, 2007 F&R 12. Further, unlike *Miracle*, expense and difficulty are not the only factors weighing in favor of transfer here. Rather, the November 27, 2007 F&R found that transfer is appropriate for the additional reasons that Guam law may apply, and lack of available compulsory process in Hawaii. Because each transfer of venue analysis requires an "individualized, case-by-case consideration of convenience and fairness," the court finds no clear

11

error.  *See Jones*, 211 F.3d at 498.

        Third, the court rejects Plaintiff's argument that Hawaii has a strong

interest in this action such that a transfer the action to Guam is inappropriate.  The

November 27, 2007 F&R considered this argument, but nonetheless found that the

factors discussed above each weigh strongly in favor of transfer.  *See* Nov. 27,

2007 F&R 9 (reciting Plaintiff's arguments).  Even if Hawaii does have an interest

in this action,[7] the November 27, 2007 F&R did not err in finding that transfer is

appropriate based on its findings that Guam law may apply, the parties have

substantively more contacts with Guam than Hawaii, Hawaii may be unable to

compel witnesses' attendance, and litigating in Hawaii would be prohibitive.

///

///

///

///

///

///

---

        [7] Hawaii has "a strong interest in providing a means of redress for its residents who are tortiously injured."  *Miracle v. N.Y.P. Holdings, Inc.*, 87 F. Supp. 2d 1060, 1070 (D. Haw. 2000). Plaintiff's residency remains unclear, such that Hawaii may not have a strong interest in this action.  In his Complaint, Plaintiff stated that he resided in Hawaii, but in response to interrogatories, stated that he "is currently a resident of Saipan."  Def.'s Ex. B.

## IV.  <u>CONCLUSION</u>

The court therefore ADOPTS Magistrate Judge Leslie E. Kobayashi's November 27, 2007 F&R.  As a result, this action is ORDERED transferred to the District of Guam.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 28, 2007.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Paoa v. Marati, et al.*, Civ. No. 07-00370 JMS/LEK, Order Adopting Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation to Grant Defendant Jacqueline A. Marati's Motion for Transfer of Venue Filed on November 27, 2007

13